CARRIE OKINAGA, 5958
Corporation Counsel
MAILE R. CHUN, 4906
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 527-5351
Facsimile: (808) 523-4583
Email: mchun@co.honolulu.hi.us

BINGHAM McCUTCHEN LLP
JAMES J. DRAGNA (CA SBN 91492)
NANCY M. WILMS (CA SBN 111837)
BRYAN K. BROWN (CA SBN 192924)
DARSHANN M. TURPIN (CA SBN 209742)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
Email: nancy.wilms@bingham.com

Attorneys for Defendants
City and County of Honolulu and Frank Doyle
Director of the Department of Environmental
Services, in his Official Capacity

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>               Plaintiffs,<br><br>vs. | CIVIL NO. CV04-00463 DAE-BMK<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER FILED SEPTEMBER 30, 2005 REGARDING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY |

|  |  |
|---|---|
| CITY AND COUNTY OF ) | JUDGMENT ON PLAINTIFFS' |
| HONOLULU and FRANK DOYLE, ) | THIRD AND FOURTH CLAIMS; |
| DIRECTOR OF THE DEPARTMENT ) | CERTIFICATE OF SERVICE |
| OF ENVIRONMENTAL SERVICES, ) |  |
| in his official capacity, ) |  |
| ) |  |
| Defendants. ) |  |
| ) |  |
| ) |  |
| ) |  |

LA/40327859.1/2017866-0000309724

TABLE OF CONTENTS

Page

I. BACKGROUND ..................................................................................2
    A. Plaintiffs' Motion For Partial Summary Judgment ............................2
    B. The City's Opposition To Plaintiffs' Motion For Partial Summary Judgment ...................................................................3
    C. The Court's September 30, 2005 Order Denying Plaintiffs' MSJ .......4
    D. Plaintiffs' Current Motion ...............................................................4

II. ARGUMENT .......................................................................................5
    A. Plaintiffs Are Not Entitled To Reconsideration ................................5
        1. Reconsideration Is An Extraordinary Remedy Only Appropriate When The Court Makes A Manifest Error In Law Or Fact That Results In Manifest Injustice ......................5
        2. Plaintiffs Have Failed To Show Any Manifest Error In The Court's September 30 Order ...........................................7
        3. Plaintiffs Improperly Reargue The Exact Same Arguments Raised Previously ..................................................9
        4. There Is No Manifest Injustice ..............................................11
    B. Courts Have Wide Discretion To Deny Summary Judgment ............12

III. CONCLUSION ................................................................................13

LA/40327859.1/2017866-0000309724

## TABLE OF AUTHORITIES

Page

Cases

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) ................................................................................... 12

Bannum, Inc. v. United States,
    59 Fed. Cl. 241 (2003) ................................................................................. 11

Brooker v. Cleghorn,
    907 F. Supp. 1406 (D. Hawaii 1994) ................................................... 5, 6, 11

Carroll v. Nakatani,
    342 F.3d 934 (9th Cir. 2003) ......................................................................... 6

Conroy v. Reebok Int'l, Ltd.,
    14 F.3d 1570 (Fed. Cir. 1994) ..................................................................... 13

Great Hawaiian Financial Corp. v. Aiu,
    116 F.R.D. 612 (D. Hawaii 1987) ................................................................. 5

Hawaii Stevedores, Inc. v. HT&T,
    363 F. Supp. 2d 1253 (D. Hawaii 2005) ............................................ 6, 7, 11

Kona Enter. Inc. v. Estate of Bishop,
    229 F.3d 877 (9th Cir. 2000) ......................................................................... 6

Management Activities, Inc. v. United States,
    21 F. Supp. 2d 1157 (C.D. Cal. 1998) ........................................................ 12

Natural Resources Defense Council v. Southwest Marine, Inc.,
    236 F.3d 985 (9th Cir. 2000) ................................................................ 10, 11

Reliance Insurance Co. v. The Doctors Co.,
    299 F. Supp. 2d 1131 (D. Hawaii 2003) .................................................. 9, 10

LA/40327859.1/2017866-0000309724

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER FILED SEPTEMBER 30, 2005 REGARDING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' THIRD AND FOURTH CLAIMS**

Plaintiffs Sierra Club, Hawai'i's Thousand Friends, and Our Children's Earth Foundation (collectively, "plaintiffs") ask this Court to reconsider its September 30, 2005 denial of plaintiffs' partial motion for summary judgment on their third and fourth claims. Plaintiffs' motion for reconsideration is based on nothing more than their dissatisfaction with this Court's September 30 ruling and their desire for another bite at the apple. Reconsideration is an extraordinary remedy appropriate only when the Court makes a manifest error in law or fact resulting in a manifest injustice. Here, plaintiffs show no manifest error, but instead repeat the *same arguments* made in their moving papers. Further, plaintiffs cannot show manifest injustice because they have not lost their day in Court -- the Court merely reserved the third and fourth claims for trial. Plaintiffs have already had ample opportunity to have their motion for partial summary judgment heard, and the Court has considered their arguments. Because reconsideration is not appropriate or justified under the circumstances, plaintiffs' request for reconsideration is nothing more than a rehash of their prior motion, and consequently, should be denied by this Court.

I.  BACKGROUND

    A.  Plaintiffs' Motion For Partial Summary Judgment

On January 6, 2005, plaintiffs brought a motion for partial summary judgment ("MSJ") on their third, fourth, eighth and twelfth claims. Based on the MSJ, plaintiffs sought to impose against defendant City and County of Honolulu (the "City") a total of 13,916 violations of the Clean Water Act ("CWA") under their third, fourth and eighth claims if the Court granted summary judgment on their twelfth claim, or alternatively, 14,205 violations of the CWA under their third, fourth and eighth claims if the Court denied summary judgment on their twelfth claim.[1] MSJ at 39. On March 18, 2005, in response to the February 28,

---

[1] Plaintiffs' third, fourth and eighth claims are based on alleged violations of the City's National Pollution Discharge Elimination System ("NPDES") Permit for its Sand Island Wastewater Treatment Plant ("WWTP"). Specifically, the third claim is based on alleged violations of effluent limitations in the Permit, the fourth claim is based on alleged violations of Permit deadlines, and the eighth claim is based on unspecified operational and maintenance violations (the City sought a motion for a more definite statement regarding the eighth claim, and the Court granted this motion in its September 30 Order).

Unlike the third, fourth and eighth claims, plaintiffs' twelfth claim is not based on alleged violations of the Permit, but rather on plaintiffs' assertion that the Sand Island Permit has expired on its face and therefore is no longer valid. MSJ at 36-37. Under plaintiffs' theory as set forth in their MSJ, if the Court granted their MSJ as to the twelfth claim (thereby holding that the Sand Island Permit was no longer valid), the Court should find 13,916 violations of the third, fourth and eighth claims. MSJ at 38. On the other hand, if the Court denied plaintiffs' MSJ as to the twelfth claim, plaintiffs asked the Court to find 14,205 violations under their third, fourth and eighth claims. MSJ at 39. Of these 14,205 alleged violations, plaintiffs sought 8,613 violations under their third claim and 900

2005 opposition to the MSJ filed by the City, plaintiffs filed a reply in support of their MSJ ("Reply"), arguing, among other things, that there was no question of fact regarding the number of CWA violations plaintiffs asserted, and the Court was therefore presented with a purely legal question. Reply at 6.

    B.    <u>The City's Opposition To Plaintiffs' Motion For Partial Summary Judgment</u>

On February 28, 2005, the City filed its opposition to plaintiffs' MSJ ("Opposition"). Although the City acknowledged in its Opposition some violations under the third and fourth claims, the City argued that there are significant disputes of material fact and law as to the number and extent of CWA violations under these claims depending on how the violations are counted and whether the Court could factually assume that a violation occurred on any particular day.[2] Opp'n at 6. Because the City disagreed with plaintiffs that there

---

violations under their fourth claim. Reply at 20-21.

[2] For example, under the third claim, the City demonstrated that because of the many open questions of fact and law, there is significant disagreement among the parties as to the number of violations thereunder. Opp'n at 13-26. Plaintiffs sought 8,613 violations under this claim largely based on an assumption that violations had occurred on every day within a given time period. Reply at 12. The City argued that violations of the CWA cannot be assumed, there are material factual disputes about whether any particular violation occurred on any particular day, and a violation could only be counted when there was, at the very least, data documenting said violation. Opp'n at 24-26. Similarly, under the fourth claim, the City argued that the Sand Island NPDES Permit was ambiguous in terms of whether EPA intended to impose penalties for each day beyond the initial violation of the construction schedule. Opp'n at 29. The City further argued that the

3

are no outstanding issues of material fact, the City did not bring a cross-motion for summary judgment and instead asked the Court to deny plaintiffs' MSJ.

    C.    <u>The Court's September 30, 2005 Order Denying Plaintiffs' MSJ</u>

On September 30, 2005, the Court issued an Order that, among other things, denied plaintiffs' MSJ in its entirety.[3] In so holding, the Court agreed that summary judgment was not appropriate at this time and specifically found "that there are *material factual disputes* that cannot be resolved [at] this juncture in the case regarding *the number of times and the extent* to which the CWA has been violated in relation to the Sand Island NPDES Permit." Order at 22 (emphasis added).

    D.    <u>Plaintiffs' Current Motion</u>

On October 4, 2005, plaintiffs filed the current motion asking the Court to reconsider its Order denying plaintiffs' MSJ as to their third and fourth claims ("Motion for Reconsideration"). Plaintiffs' Motion for Reconsideration is not based on any new law or fact, but merely *repeats the very same arguments raised previously in their MSJ*, and seeks the *same number of CWA violations for*

---

interpretation of ambiguous NPDES permit terms is analogous to a court's review of a contract, and that where the parties dispute material facts necessary to interpret the terms of the contract, summary judgment is not appropriate. Opp'n at 29.

[3] The Court's Order also set forth the its holdings as to the City's concurrent motion to dismiss under Rule 12(b), motion to stay, and motion for a more definite statement as to the eighth claim.

*their third and fourth claims* as sought in the MSJ.[4] As described above, the Court already has considered these arguments, and determined that material facts exist as to the number and extent of the violations.

II.   ARGUMENT

    A.   Plaintiffs Are Not Entitled To Reconsideration

Plaintiffs have failed to demonstrate they are entitled to reconsideration, and have brought the current motion only to rehash their previously raised arguments. Plaintiffs have had their MSJ heard, and are not entitled to another bite at the apple.

        1.   Reconsideration Is An Extraordinary Remedy Only Appropriate When The Court Makes A Manifest Error In Law Or Fact That Results In Manifest Injustice

In order to be entitled to reconsideration, the moving party must show (1) a reason why the court should reconsider its original decision and (2) "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Brooker v. Cleghorn, 907 F. Supp. 1406, 1408 (D. Hawaii 1994) (citing Great Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Hawaii 1987),

---

[4] Plaintiffs sought 14,205 violations if the Court denied their MSJ as to the twelfth claim, including 9,513 violations under the third and fourth claims. Reply at 20-21. Here, plaintiffs ask the Court to impose the same 9,513 violations under their third and fourth claims. Motion for Reconsideration at 6.

5

*rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988) (citations omitted)).  Courts recognize three circumstances that may warrant reconsideration:

(1) an intervening change in controlling law;

(2) discovery of new evidence not available when the motion was presented to the court; and

(3) the need to correct a *manifest error in law or fact to prevent manifest injustice*.[5]

Brooker, 907 F. Supp. at 1408.

The Ninth Circuit has cautioned that a motion for reconsideration is an "extraordinary remedy" (Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003)) that should only be granted in "highly unusual circumstances" (Kona Enter. Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).  "Mere disagreement with a previous order is an insufficient basis for reconsideration" and reconsideration "may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." Hawaii Stevedores, 363 F. Supp. 2d at 1269.

Here, plaintiffs do not contend that there has been an intervening change in the law or that new evidence has come to light since the hearing on their

---

[5] These standards have been codified in District of Hawaii Local Rule 60.1. Hawaii Stevedores, Inc. v. HT&T, 363 F. Supp. 2d 1253, 1269 (D. Hawaii 2005).

6

MSJ, or that there are any highly unusual circumstances that warrant reconsideration of the September 30 Order. Nor do they argue that this Court's ruling will result in manifest injustice. Instead, plaintiffs merely repeat precisely the same arguments raised previously, and seek to impose the same violations under the third and fourth claims as sought in the MSJ. E.g., Motion for Reconsideration at 6-7. Accordingly, there are no grounds for reconsideration, and plaintiffs' Motion for Reconsideration should be denied.

      2.      Plaintiffs Have Failed To Show Any Manifest Error In The Court's September 30 Order

Plaintiffs make an ineffective attempt to find error in the Court's September 30 Order. Plaintiffs baselessly assert the Court erred by "treat[ing] Plaintiffs' Third, Fourth, and Twelfth claims collectively." Motion for Reconsideration at 5. According to plaintiffs, "[b]ecause the Court denied Plaintiffs' Twelfth claim (permit expiration), the Court apparently believed it was compelled to deny Plaintiffs [sic] Third and Fourth claims." Id. This assertion is dead wrong, and belied by the unambiguous language of the Order.

The September 30 Order makes clear that the Court's denial of plaintiffs' third and fourth claims is based on its finding that "there are *material factual disputes* that cannot be resolved [at] this juncture in the case regarding *the number of times and the extent to which* the CWA has been violated in relation to the Sand Island NPDES Permit." Order at 22 (emphasis added). There is no

7

indication in this language that the Court felt compelled to deny the MSJ as to the third and fourth claims because it denied the MSJ as to the twelfth claim.[6] The City questions how the Court could have been any more clear in its holding. Just as the City argued, the Court found that there were material facts at issue regarding the extent and number of violations under the third and fourth claims.

Moreover, plaintiffs' attempt to find "manifest error" defies logic. If the Court had denied plaintiffs' third and fourth claims based only on its dismissal of the twelfth claim, then the Court would have held that there were *no violations* of the third and fourth claims. Instead, the Court found that there are questions of fact concerning the *number* and *extent* of the violations, demonstrating that the

---

[6] Plaintiffs' dubious assertion, as far as the City can surmise, is based on the fact that the paragraph in the Order immediately preceding the one setting forth the Court's holding states, "Plaintiffs request the Court to further declare that [the City] has committed a sum of 13,916 CWA violations as a result of this lost authorization [if plaintiffs prevail on their twelfth claim]." Order at 21. This is a true statement: plaintiffs indeed asked the Court to find 13,916 violations under the third, fourth and eighth claims if the Court granted their MSJ as to the twelfth claim. MSJ at 38-39. This statement is also consistent with the Court's practice throughout the Order of setting forth certain of the parties' respective positions before stating its holdings. E.g., Order at 19 (summarizing the City's position that Frank Doyle is not a permittee and so holding); Order at 19-20 (summarizing the City's argument that a more definite statement is warranted for plaintiffs' eighth claim and so holding). The statement seized upon by plaintiffs, therefore, is not a part of the Court's holding, and in no way evidences a mistake by the Court, certainly not one significant enough to justify the extraordinary remedy of reconsideration.

8

Court's ruling on the third and fourth claims was separate from its ruling on the twelfth claim.[7]  See Order at 22.

Accordingly, plaintiffs have failed to meet their burden of showing a manifest error that warrants reconsideration, and the instant Motion for Reconsideration should be denied.

### 3. Plaintiffs Improperly Reargue The Exact Same Arguments Raised Previously

Plaintiffs' Motion for Reconsideration improperly repeats the very arguments contained in their moving papers.  As this Court has recognized, "[r]eiteration of arguments originally made in support of . . . a motion for summary judgment do [sic] not provide a valid basis for reconsideration."  Reliance Insurance Co. v. The Doctors Co., 299 F. Supp. 2d 1131, 1154 (D. Hawaii 2003).

---

[7] The Court's Order simply found that questions of fact existed, a point raised in the City's Opposition, where the City also argued there were material facts as to the extent of the violations under the third and fourth claims.  Opp'n at 17-18, 22-23, 24, 26, 29-30.  For example, with respect to the dieldrin daily maximum limits, plaintiffs asked the Court to *assume* 93 violations based on evidence showing violations on only three days.  Reply at 12.  As set forth in the City's Opposition, the City argued the Court would improperly have to "infer violations in the absence of data, and based on sampling events that never occurred and were not required" in order to find in plaintiffs' favor on their third claim.  Opp'n at 17 (emphasis deleted).  Regarding plaintiffs' fourth claim, the City argued that a genuine issue of material fact exists based on the parties' dispute over ambiguous NPDES permit terms.  Opp'n at 29-30.

9

For example, one of the thrusts of plaintiffs' Motion for Reconsideration is that the Court must decide now the "purely legal" issue of how to count the violations alleged in their third and fourth claims.  Motion for Reconsideration at 3 ("the only dispute is how to count the violations -- a purely legal issue"); id. at 10 ("The method of counting violations is a purely legal or interpretive question . . ."); id. at 14 regarding alleged violations of dieldrin average annual concentration ("The dispute is purely legal . . ."); id. at 19 ("The question of whether a continuous failure to construct and operate a capital project required under an NPDES permit constitutes a single violation or is a continuous daily violation, is a purely legal question"); id. at 21 ("Again, the issue is purely legal").  *This identical argument was made by plaintiffs previously.*  See e.g., Reply at 6 ("counting CWA violations requires only computations that the Court can do itself as a matter of law"); id. at 6-7 ("the City "only disputes a legal issue: how to count the number of CWA violations").

In addition, plaintiffs spend *14 pages* of their Motion for Reconsideration repeating the same arguments raised in their MSJ regarding how to count the violations under the third and fourth claims.  Compare Motion for Reconsideration at 19-21 regarding the fourth claim (citing Natural Resources Defense Council v. Southwest Marine, Inc., 236 F.3d 985, 1002 (9th Cir. 2000) and arguing that "continuous failure to construct and operate a capital project

10

required under an NPDES permit" results in continuous daily violations) with Reply at 13 regarding the fourth claim (citing Natural Resources Defense Council, 236 F.3d at 1002 and arguing that "CCH failed to meet the deadline and to date, the facility is not operational. Accordingly, CCH has committed a violation on every day since July 21, 2002").

Plaintiffs' disagreement with the Court's ruling does not entitle them to a second bite at the apple. Because plaintiffs simply repeat arguments made in their MSJ, their Motion for Reconsideration is improper and should be denied.[8]

### 4. There Is No Manifest Injustice

As stated above, plaintiffs have the burden of not only demonstrating that the Court made a manifest error in fact or law, they must also show that such error has resulted in a manifest injustice. Brooker, 907 F. Supp. at 1408. Here, plaintiffs make no attempt to argue that the Court's Order has resulted in a manifest injustice. Indeed, they cannot. Their third and fourth claims still survive – the Court merely reserved decision on these claims until trial. Bannum, Inc. v. United States, 59 Fed. Cl. 241, 245-46 (2003) (rejecting plaintiff's argument that

---

[8] Plaintiffs do not attempt to claim new law or evidence exists here. Therefore, even if plaintiffs raise new arguments, reconsideration is inappropriate because such arguments *could have been raised* in the prior motion. Hawaii Stevedores, 363 F. Supp. 2d at 1269 (reconsideration "may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision").

11

the denial of summary judgment resulted in manifest injustice because the court's ruling "does not estop [plaintiff] from advancing its claims in due course"). For this reason alone, plaintiffs' Motion for Reconsideration is improper and must be denied.

    B.    <u>Courts Have Wide Discretion To Deny Summary Judgment</u>

As noted above, plaintiffs argue in their Motion for Reconsideration and MSJ that, in their view, the issues are purely legal. Accordingly, plaintiffs assert that the Court is somehow obliged to limit its ruling to plaintiffs' proffered legal arguments. Motion for Reconsideration at 1. The Court disagreed with plaintiffs' position, finding material facts as to the number and extent of violations, and reserving the issue for trial. Order at 22. However, even if the issues were only legal – which they are not[9] – the Court has wide discretion to deny summary judgment and save the issue for trial. <u>Management Activities, Inc. v. United States</u>, 21 F. Supp. 2d 1157, 1162-63 (C.D. Cal. 1998) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986) ("*There is no absolute right to a summary judgment in any case. The court has discretion to deny summary judgment*

---

[9] Plaintiffs' argument that the issues to be decided are "purely legal" is belied by the Declarations of Patricia Nelson in support of the MSJ and Reply. These declarations set forth in detail the complicated, arduous process of counting days, weeks and months to arrive at a given number of violations. <u>E.g.</u>, Declaration of Patricia Neslon in support of Reply at ¶¶ 10-13; <u>see also</u> Tables 1-38.

12

wherever it determines that justice and fairness require a trial on the merits")[10] (emphasis added); see Conroy v. Reebok Int'l, Ltd., 14 F.3d 1570, 1575 (Fed. Cir. 1994) (citation omitted) ("The trial court has the right to exercise its discretion to deny a motion for summary judgment . . . if in the court's opinion, the case would benefit from a full hearing. . . . [A]bsent a finding of abuse, the court's discretion will not be disturbed"). Plaintiffs' unhappiness with the Court's proper exercise of its discretion does not justify their Motion for Reconsideration. Because the Court has wide discretion to deny a motion for summary judgment and save an issue for trial, plaintiffs' Motion for Reconsideration should be denied.

## III.    CONCLUSION

As set forth herein, plaintiffs have not shown a manifest error in fact or law, let alone one that results in a manifest injustice. Therefore, their Motion for Reconsideration is entirely without merit and must be denied.

---

[10] Plaintiffs cite Anderson for the proposition that it is "appropriate" for a court to resolve legal issues on summary judgment. Motion for Reconsideration at 1. Tellingly, plaintiffs leave out the language in Anderson where the Supreme Court states that a court has wide discretion to deny summary judgment and reserve issues for trial. Anderson, 477 U.S. at 255.

13

| | | |
|---|---|---|
| DATED: | Honolulu, Hawaii<br>March 15, 2007 | Respectfully submitted,<br><br>CARRIE K. S. OKINAGA<br>Corporation Counsel |

By: /s/ Maile R. Chun
　　MAILE R. CHUN
　　Deputy Corporation Counsel
　　Attorneys for Defendants
　　The City and County of Honolulu and
　　Frank Doyle, Director of the Department of
　　Environmental Services, in his Official Capacity

CIVIL NO. CV04-00463 DAE-BMK - SIERRA CLUB, ET AL. v. CITY AND COUNTY OF HONOLULU, ET AL. - DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER FILED SEPTEMBER 30, 2005 REGARDING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' THIRD AND FOURTH CLAIMS

14