CARRIE K. S. OKINAGA, 5958
Corporation Counsel
MAILE R. CHUN, 4906
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 527-5351
Facsimile: (808) 523-4583
Email: mchun@co.honolulu.hi.us

BINGHAM McCUTCHEN LLP
JAMES J. DRAGNA (CA SBN 91492)
NANCY M. WILMS (CA SBN 111837)
BRYAN K. BROWN (CA SBN 192924)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
Email: nancy.wilms@bingham.com

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF HONOLULU<br><br>        Defendant. | ) CIVIL NO. CV 04-00463 DAE-BMK<br>)<br>) **DEFENDANT CITY AND**<br>) **COUNTY OF HONOLULU'S EX**<br>) **PARTE APPLICATION TO**<br>) **EXPEDITE HEARING ON**<br>) **DEFENDANT'S MOTION TO**<br>) **STAY, OR ALTERNATIVELY, TO**<br>) **STAY HEARING ON**<br>) **PLAINTIFFS' MOTION FOR**<br>) **PARTIAL SUMMARY**<br>) **JUDGMENT UNTIL AFTER**<br>) **DEFENDANT'S MOTION TO** |

)  **STAY IS RULED UPON;**
)  **MEMORANDUM OF POINTS**
)  **AND AUTHORITIES IN**
)  **SUPPORT OF SAME**
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DEFENDANT CITY AND COUNTY OF HONOLULU'S EX PARTE APPLICATION TO EXPEDITE THE HEARING ON DEFENDANT'S MOTION TO STAY, OR ALTERNATIVELY, TO STAY THE HEARING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT UNTIL AFTER DEFENDANT'S MOTION TO STAY IS RULED UPON**

Defendant THE CITY AND COUNTY OF HONOLULU, by and through its attorneys, hereby files this ex parte application to expedite the hearing on Defendant's concurrently-filed Motion to Stay to on or before September 4, 2007, or alternatively, to stay the hearing on Plaintiffs' Motion for Partial Summary Judgment, which is currently set for October 9, 2007, as well as the deadline for the filing of Defendant's opposition thereto, currently due on September 21, 2007, until a date to be determined after Defendant's Motion to Stay is ruled upon by this Court.

This Application is based on the attached Memorandum of Points and Authorities, the attached Declaration of Maile R. Chun, and the records and files herein.

DATED:  Honolulu, Hawaii, August 14, 2007.

CARRIE K.S. OKINAGA
Corporation Counsel


/s/ Maile R. Chun
Maile R. Chun
Attorneys for Defendant
City and County of Honolulu

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

As set forth herein, good cause exists to expedite the hearing on the City and County of Honolulu's ("CCH") concurrently-filed Motion to Stay. CCH, the United States Environmental Protection Agency ("EPA") and the State of Hawaii Department of Health ("DOH") (collectively, EPA and DOH are referred to herein as the "Governments") are pursuing global settlement on all outstanding issues relating to CCH's wastewater collection system, and have entered into an agreement providing for the pursuit of settlement outside of the distractions of litigation. Plaintiffs Sierra Club, Hawai'i Chapter, Hawai'i's Thousand Friends, and Our Children's Earth Foundation (collectively, "plaintiffs") have sought to undermine settlement efforts through pressing ahead with litigation, including a July 26, 2007 Motion for Partial Summary Judgment, despite imminent settlement negotiations. CCH's opposition to the Motion for Partial Summary Judgment is due on September 21, 2007 ("Opposition Date"). Accordingly, concurrently with this ex parte application, CCH has filed a Motion to Stay this lawsuit, including litigation relating to the Motion for Partial Summary Judgment, pending settlement negotiations with the Governments. Good cause exists to expedite the hearing on the Motion to Stay to on or before September 4, 2007, or alternatively, to stay the hearing on the Motion for Partial Summary Judgment, as well as CCH's opposition thereto, until a date to be determined after the Motion to Stay is ruled upon by this

1

Court to avoid the significant costs associated with opposing the Motion for Partial Summary Judgment, which would be unnecessary if the Motion to Stay is granted.[1] If the Court does not grant this Ex Parte Application, CCH respectfully requests that the Court allow CCH to re-file its Motion to Stay under the normal notice procedure under Local Rule 7.2.

I.    BACKGROUND

    A.    The Government Lawsuit

        On October 3, 1994, the Governments initiated a lawsuit in this Court against CCH involving, among other things, spills from CCH's wastewater collection and treatment system ("Government Lawsuit").  Declaration of Maile R. Chun in Support of Ex Parte Application and Motion to Stay ("Chun Decl."), ¶ 4. As a result of the lawsuit, CCH and the Governments entered into a Consent Decree that proscribed a 25-year, comprehensive injunctive relief program under the direction of EPA designed to address spills ("1995 Consent Decree").  Id., ¶ 5. This Court retained jurisdiction over the Government Lawsuit pending the completion of the work proscribed in the 1995 Consent Decree.  Id., ¶ 6.

    B.    Plaintiffs' Lawsuit

        Nearly ten years later, plaintiffs brought this action on July 29, 2004, under the citizen suit provision of the Clean Water Act ("CWA"), alleging, among

---

[1] Of course, if the Court grants the Motion to Stay, the hearing on the Motion for Partial Summary Judgment need not be rescheduled until after the stay is lifted.

2

other things, alleged violations of the Sand Island Wastewater Treatment Plant

("WWTP") NPDES Permits (including claims Three and Four) and a 2002 Sand

Island administrative order (claim Eight) ("Plaintiffs' Lawsuit") . Chun Decl., ¶ 7.

On January 6, 2005, plaintiffs filed a Motion for Partial Summary Judgment on

claims Three, Four and Eight, which this Court denied on September 30, 2005. Id.,

¶¶ 10, 11. Plaintiffs filed a Motion for Reconsideration regarding this Motion for

Partial Summary Judgment on October 14, 2005. Id., ¶ 12.

      C.    Stay Of The Lawsuits And Settlement Discussions

      Meanwhile, in late 2005 and early 2006, the Governments informed

CCH of potential additional enforcement regarding (1) treatment system issues, (2)

additional collection system issues not addressed in the 1995 Consent Decree, and

(3) alleged violations of the 1995 Consent Decree and other enforcement orders

(collectively, the "Global Issues"). Chun Decl., ¶ 14. CCH agreed to allow

plaintiffs to participate in settlement discussions regarding these issues on the

condition that plaintiffs agree to stay this lawsuit "to avoid the expense of

additional litigation during these negotiations." Id., ¶ 15. On April 11, 2006, the

Court entered a Joint Stipulation Re Stay of Litigation, attached to the Chun Decl.

as Exhibit B, providing for the stay of this lawsuit and any new claims by plaintiffs

until "at least" September 29, 2006. Id., ¶ 16. As a result, plaintiffs took their

Motion for Reconsideration (as well as a pending Motion to Intervene in the

3

Government Lawsuit) off-calendar.  Id., ¶ 17.

Prior to the commencement of these settlement talks, on March 24, 2006, CCH experienced a failure of its Beachwalk Force Main.  Chun Decl., ¶ 18. The Beachwalk spill highlighted urgent needs with regard to certain of CCH's collection system force mains.  Id., ¶ 19.  As a result, CCH, the Governments and plaintiffs chose to focus their initial settlement discussions on these critical issues before pursuing broader settlement on the Global Issues.  Id.  Discussions on these interim issues proceeded throughout 2006 and into 2007.  Id., ¶ 20.  Plaintiffs, however, unilaterally walked away from these negotiations in August 2006 and again in February 2007.  Id.  Despite plaintiffs' refusal to participate in settlement negotiations, CCH and the Governments ultimately were successful in coming to an agreement, and on May 8, 2007, EPA lodged a Beachwalk Complaint and "Stipulated Order," setting forth the terms of this interim force main settlement (the "Beachwalk Lawsuit").  Id., ¶ 21.  At nearly the same time, because CCH and the Governments recognized that, "following **entry**" of the Stipulated Order by the Court, CCH and the Governments "intend to negotiate in good faith a comprehensive remedy addressing all compliance issues associated with CCH's wastewater system," CCH and the Governments also entered into a Tolling Agreement providing that the Governments shall forbear from filing any claims under state or federal law in relation to CCH's "collection, conveyance and

4

treatment systems" until at least October 7, 2007.  Chun Decl., ¶ 22.

>    D.    Despite Settlement Negotiations, Plaintiffs Recommenced Litigation
>          And Seek To Undermine The Beachwalk Settlement

After plaintiffs unilaterally withdrew from the settlement negotiations, plaintiffs almost immediately recommenced litigation activities by re-filing their Motion for Reconsideration on March 2, 2007 and their Motion to Intervene in the Government Lawsuit on March 6, 2007.  Id., ¶¶ 23, 24.  On April 16, 2007, the Court granted their Motion for Reconsideration in this lawsuit.  Id., ¶ 25.  On May 4, 2007, Magistrate Chang conditionally granted Plaintiffs' Motion to Intervene in the Government Lawsuit.  Chun Decl., ¶ 26.  Because Magistrate Chang understood that CCH and the Governments were on the verge of comprehensive settlement talks, a topic discussed at great length at the April 17, 2007 hearing on the Motion to Intervene, Magistrate Chang specifically noted that "any party may file a motion to stay the litigation for a reasonable period of time to allow the parties to further engage in settlement discussions" and the Court also offered to "facilitate" settlement through periodic telephonic conferences.  Id.

However, global settlement negotiations have not recommenced under the Tolling Agreement due to plaintiffs' efforts to derail the Stipulated Order. Specifically, on May 24, 2007, plaintiffs filed a Motion to Intervene in the Beachwalk Lawsuit seeking to expand the issues in that lawsuit and to discard the

5

terms of the settlement.  Chun Decl., ¶ 27.  Plaintiffs' motivation was revealed by their June 13, 2007 public comments to the Stipulated Order, which asks EPA to set aside the Stipulated Order despite the critical nature of the issues and the year's worth of arm's length negotiations that resulted in the EPA-approved settlement. Id., ¶ 28.  On June 26, 2007, this Court issued an Order staying its decision on the Stipulated Order pending plaintiffs' submission to the Court of a "challenge" or "concurrence" to the Stipulated Order.  Id., ¶ 29.  Plaintiffs' submission is due by August 24, 2007 (id.), and there is little doubt that they will seek to expand litigation even further by challenging in Court the settlement achieved between CCH and the Governments.

      As a result of plaintiffs' efforts to undermine the Stipulated Order and delay its entry, CCH and the Governments have not recommenced settlement negotiations as the parties wait until the fate of the Beachwalk Stipulated Order has been determined.  Chun Decl., ¶ 30.

      E.    Plaintiffs Continue To Pursue Litigation

      Plaintiffs' efforts to pursue litigation is continuing.  On July 26, 2007, plaintiffs filed a new Motion for Partial Summary Judgment on their Third, Fourth, and Eighth claims, which alleges 17,595 violations of the Clean Water Act.  Chun Decl., ¶ 31.  Plaintiffs set a hearing date on this Motion for October 9, 2007, making CCH's opposition due by September 21, 2007 ("Opposition Date").  Id., ¶

6

¶¶ 32, 33.

Meanwhile, in anticipation of resumed settlement negotiations, CCH prepared its Motion to Stay this lawsuit.  On July 26, 2007, the same date that plaintiffs filed their Motion for Partial Summary Judgment, CCH telephoned the clerk of this Court inquiring about a hearing date for its planned Motion to Stay in early September (<u>i.e.</u>, at a time sufficient to avoid most of the unnecessary costs of opposing the Motion for Partial Summary Judgment if the Motion to Stay is granted), but was informed that the earliest date available for a noticed hearing was in October 2007, well after the Opposition Date.  <u>Id.</u>, ¶ 34.  Accordingly, ex parte relief is necessary to have a Motion to Stay heard in sufficient time in advance of the Opposition Date on the Motion for Partial Summary Judgment so that CCH can avoid most of the unnecessary costs of opposing plaintiffs' Motion if the stay is granted.

      F.    <u>Meet And Confer Efforts</u>

In an August 10, 2007 letter to plaintiffs, in an attempt to resolve this issue informally and without the need for ex parte relief, CCH requested that plaintiffs stipulate to a stay of their lawsuit pending settlement negotiations, or at the very least, agree to stipulate to continue the hearing on their Motion for Partial Summary Judgment until CCH's Motion to Stay is ruled upon by this Court.  Chun Decl., ¶ 35.  As of end of business on August 14, 2007, plaintiffs did not respond

to this request.  <u>Id</u>., ¶ 35.

II.    <u>GOOD CAUSE EXISTS TO EXPEDITE THE HEARING ON CCH'S
MOTION TO STAY, OR ALTERNATIVELY, TO STAY THE HEARING
ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
UNTIL AFTER THE MOTION TO STAY IS RULED UPON</u>

This Court, on request and for "good cause" shown, may order that

the time be shortened for notice of a motion.  Fed. R. Civ. P. 6(d); Haw. Dist. Ct.

R. Civ. P. 6(d); L.R. 7.2 (stating that the twenty-eight day notice for hearing period

"may be shortened by order of court upon the submission of an ex parte

application").  Here, although there is sufficient time to bring a noticed motion

prior to the Opposition Date, the Court has indicated that a noticed hearing date is

unavailable until October 2007.  Thus, ex parte relief is necessary to ensure that the

Motion to Stay is resolved in sufficient time prior to the Opposition Date so that

CCH can avoid most of the unnecessary costs associated with opposing the Motion

for Partial Summary Judgment if the stay is granted.

Good cause exists to hear CCH's Motion to Stay on an expedited

schedule.  As set forth in the Tolling Agreement, CCH and the Governments have

expressed their intent to pursue settlement on the Global Issues outside of the

distraction and expense of litigation activities.  Chun Decl., ¶ 22.  CCH is

confident that these discussions currently would be proceeding with full-force but

for plaintiffs' attempts to undermine the Beachwalk Stipulated Order.  <u>Id.</u>, ¶¶ 27,

8

28.  In fact, due to plaintiffs' efforts, the Stipulated Order has not yet been considered by the Court.  CCH intends to diligently pursue these negotiations once the Stipulated Order is entered by the Court.  Chun Decl., ¶ 30.  Such negotiations, and the settlements they lead to, are strongly favored in the Ninth Circuit.  Ahern v. Cent. Pac. Freight Lines, 846 F.2d 47, 48 (9th Cir. 1988) (the Ninth Circuit is "firmly committed to the rule that the law favors and encourages compromise settlements . . . There is an overriding public interest in settling and quieting litigation . . . It is well recognized that settlement agreements are judicially favored as a matter of sound public policy.  Settlement agreements conserve judicial time and limit expensive litigation") (internal quotations and citations omitted).

In anticipation of the continuation of settlement talks, CCH has prepared a Motion to Stay, which would stay all litigation activities in this lawsuit pending the completion of CCH's negotiations with the Governments, subject to a lifting of the stay by the Court upon a showing of good cause by any party.  Chun Decl., ¶ 36.  CCH's reasoning for bringing this Motion is three-fold:  first, as contemplated by the Tolling Agreement, to allow the parties to concentrate their efforts and limited resources on settlement without the distraction and expense of simultaneous litigation; second, to prevent litigation of the same issues with plaintiffs that CCH is attempting to resolve with the Governments through settlement; and third, to prevent plaintiffs from misusing litigation tactics to

9

undermine the settlement efforts.  Id.,  ¶¶ 22, 27, 28, 30, 37.  With regard to this latter concern, plaintiffs' track history is undeniable.  First, they unilaterally withdrew from the Beachwalk settlement talks despite the advanced stage of these discussions and the considerable effort expended by all parties in reaching that point in the negotiations.  Id., ¶ 20.  Second, immediately thereafter, plaintiffs resumed litigation activities, and in particular, sought to undermine the Stipulated Order through intervention in the Beachwalk Lawsuit to challenge its terms.  Id., ¶¶ 27, 28.  Indeed, this latter effort was successful in delaying entry of the Stipulated Order and in putting the brakes on global settlement negotiations; as a result, plaintiffs were able to leapfrog the anticipated settlement talks between CCH and the Governments, and instead litigate some of these issues unilaterally.

With this backdrop, plaintiffs filed their Motion for Partial Summary Judgment, which alleges 17,595 violations of the Clean Water Act under plaintiffs' Third, Fourth and Eighth claims, on July 26, 2007.  Chun Decl., ¶ 31.  Given the very serious and expansive nature of these allegations, CCH's opposition to their Motion will require a significant commitment of time and resources by CCH, its attorneys and its technical consultants (the latter of which intend to show that questions of fact exist as to many of the alleged violations).  Id., ¶ 33.  This work would be unnecessary, and the expenses associated therewith avoided, if the Motion to Stay is granted by this Court.

ACTIVE/72148432.2/2017866-0000309724

Accordingly, so that it may focus on pursuing global settlement negotiations on these issues rather than expending valuable time and resources on contentious litigation, CCH respectfully requests this Court expedite the hearing on the Motion to Stay to on or before September 4, 2007, or alternatively, stay the hearing on Plaintiffs' Motion for Partial Summary Judgment, as well as the deadline for CCH's opposition thereto, until a date to be determined after the Motion to Stay is ruled upon by this Court.

III.    <u>PLAINTFFS WILL NOT BE PREJUDICED BY AN ORDER EXPEDITING THE HEARING ON THE MOTION TO STAY OR STAYING THE HEARING ON THE MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

Plaintiffs filed their original Motion for Partial Summary Judgment on the Third, Fourth and Eighth claims on January 6, 2005, nearly three years ago. Chun Decl., ¶ 10. Accordingly, plaintiffs will not be prejudiced by having to wait a short period of additional time while this Court considers CCH's Motion to Stay. Furthermore, any civil penalty available for any violation alleged by plaintiffs in their Motion for Partial Summary Judgment would be paid to the United States Treasury, and not to plaintiffs. <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 173, 120 S.Ct. 693, 700, 145 L.Ed.2d 610, 622 (U.S. 2000).

On the other hand, CCH will be substantially prejudiced if forced to

11

expend significant resources unnecessarily opposing the Motion for Partial

Summary Judgment if this Court determines that CCH's Motion to Stay is well-

founded.

IV.    CONCLUSION

        For the foregoing reasons, CCH respectfully requests that this Court

expedite the hearing on the Motion to Stay to on or before September 4, 2007, or

alternatively, stay the hearing on plaintiffs' Motion for Partial Summary Judgment,

as well as the deadline for CCH's opposition thereto, until a date to be determined

after the Motion to Stay is ruled upon by this Court.  If the Court does not grant

this Ex Parte Application, CCH respectfully requests that the Court allow CCH to

re-file its Motion to Stay under the normal notice procedure under Local Rule 7.2.

DATED:  Honolulu, Hawaii            Respectfully submitted,
        August 14, 2007

                                    CARRIE K. S. OKINAGA
                                    Corporation Counsel


                                    By: /s/ Maile R. Chun
                                        Maile R. Chun
                                        Attorneys for Defendant
                                        City and County of Honolulu

12