CARRIE K. S. OKINAGA, 5958
Corporation Counsel
MAILE R. CHUN, 4906
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 527-5351
Facsimile: (808) 523-4583
Email: mchun@co.honolulu.hi.us

BINGHAM McCUTCHEN LLP
JAMES J. DRAGNA (CA SBN 91492)
NANCY M. WILMS (CA SBN 111837)
BRYAN K. BROWN (CA SBN 192924)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
Email: nancy.wilms@bingham.com

Attorneys for Defendant
   CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>          Plaintiffs,<br><br>      v.<br><br>CITY AND COUNTY OF HONOLULU<br><br>          Defendant. | CIVIL NO. CV 04-00463 DAE-BMK<br><br>**DECLARATION OF MAILE R. CHUN IN SUPPORT OF DEFENDANT CITY AND COUNTY OF HONOLULU'S (1) EX PARTE APPLICATION TO EXPEDITE HEARING ON MOTION TO STAY, OR ALTERNATIVELY, TO STAY HEARING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT UNTIL AFTER DEFENDANT'S MOTION TO STAY IS HEARD AND (2) MOTION TO STAY** |

# DECLARATION OF MAILE R. CHUN

I, MAILE R. CHUN, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of Hawaii and before this Court.

2. I am Deputy Corporation Counsel for the City and County of Honolulu ("CCH").

3. I have personal knowledge of and am competent to make this Declaration concerning the matters set forth herein.

4. The United States Environmental Protection Agency ("EPA") and the State of Hawaii Department of Health ("DOH") initiated a lawsuit on October 3, 1994 against CCH involving, among other things, spills from CCH's wastewater collection and treatment system (the "Government Lawsuit").

5. CCH, EPA, and DOH entered into a Consent Decree in the Government Lawsuit on May 15, 1995, proscribing a twenty-five year, $910,000,000 comprehensive injunctive relief program under EPA's direction to address spills from CCH's collection system ("1995 Consent Decree").

6. This Court retained jurisdiction over the Government Lawsuit pending completion of the work proscribed under the 1995 Consent Decree.

7. Plaintiffs Sierra Club, Hawai'i Chapter, Hawai'i's Thousand Friends, and Our Children's Earth Foundation (collectively, "plaintiffs") initiated

the instant lawsuit on July 29, 2004 under the citizen suit provision of the Clean Water Act ("CWA"). Plaintiffs filed a First Amended Complaint on October 1, 2004 and a Second Amended Complaint was filed on January 10, 2005. Plaintiffs' Complaint included, among other things, claims based on alleged spills from the collection system, as well as alleged violations of the Sand Island and Honouliuli NPDES Permits relating to treatment plant issues and alleged violations of two EPA administrative orders against CCH.

8. CCH moved to dismiss plaintiffs' First and Second claims under CWA section 505(b)(1)(B) and the doctrine of *res judicata*.

9. The Court dismissed plaintiffs' First and Second claims with prejudice based on the doctrine of *res judicata* on September 30, 2005. The Court also dismissed Plaintiffs' Ninth, Eleventh, and Twelfth claims. A true and correct copy of this Order is attached hereto as **Exhibit A**.

10. On January 6, 2005, plaintiffs filed a Motion for Partial Summary Judgment on claims Three, Four, and Eight in this lawsuit.

11. The Court denied plaintiffs' Motion for Partial Summary Judgment on September 30, 2005.

12. Plaintiffs filed a Motion for Reconsideration regarding their Motion for Partial Summary Judgment on October 14, 2005.

ACTIVE/72148256.2/2017866-0000309724

13. Seven of plaintiffs' original claims remain in this lawsuit. Each claim is related to treatment plant issues at Sand Island or Honouliuli or alleged violations of prior EPA enforcement orders: alleged violations of effluent limitations at the Sand Island WWTP (third claim); alleged violations of compliance schedules (fourth claim); alleged violations of "proper operation and maintenance requirements for Sand Island WWTP imposed by NPDES permit conditions" (fifth claim), alleged violations of "grease program/pretreatment requirements imposed by Sand Island NPDES permit conditions" (sixth claim), alleged violations of "1999 EPA Sand Island Order" (seventh claim), alleged violations of "2002 EPA Sand Island Order" (eighth claim), and alleged violations of "proper operation and maintenance and monitoring requirements for Honouliuli WWTP imposed by NPDES permit conditions" (tenth claim).

14. In late 2005 and early 2006, EPA and DOH informed CCH of potential additional enforcement regarding (1) treatment system issues, (2) additional collection system issues not addressed in the 1995 Consent Decree, and (3) alleged violation of the 1995 Consent Decree and other enforcement orders (collectively, the "Global Issues"). CCH, EPA and DOH decided to enter settlement negotiations regarding these issues.

15. CCH agreed to allow plaintiffs to participate in settlement discussions regarding the Global Issues on the condition that plaintiffs agree to

3

stay this lawsuit to avoid the expense of additional litigation during the negotiations.

16. The Court entered a Joint Stipulation Re Stay of Litigation ("Joint Stipulation") on April 11, 2006, providing for the stay of plaintiffs' lawsuit and any new claims by plaintiffs until at least September 29, 2006. A true and correct copy of the Joint Stipulation is attached hereto as **Exhibit B**.

17. Plaintiffs took their Motion for Reconsideration and a pending Motion to Intervene in the Government Lawsuit off-calendar as a result of the Joint Stipulation.

18. Prior to settlement talks on the Global Issues, CCH experienced a failure of its Beachwalk Force Main on March 24, 2006, resulting in a spill of approximately 48 million gallons from the collection system.

19. The Beachwalk spill highlighted urgent needs with regard to certain of CCH's collection system force mains. EPA, DOH, CCH and plaintiffs thus chose to focus their initial settlement discussions on these critical issues before pursuing broader settlement on the Global Issues.

20. Discussions on these interim force main issues proceeded throughout 2006 and into 2007. Plaintiffs unilaterally walked away from these negotiations in August 2006. They returned to the settlement table after a September 28, 2006 status conference before Magistrate Chang. Plaintiffs again

unilaterally walked away from negotiations in February 2007, and instead pursued litigation at that time.

21.     Despite plaintiffs' withdrawal from the negotiations, CCH, EPA, and DOH continued to pursue settlement, and EPA lodged a Beachwalk Complaint and "Stipulated Order" setting forth the terms of an interim force main settlement on or about May 8, 2007 (the "Beachwalk Lawsuit").  A true and correct copy of the Stipulated Order is attached hereto as **Exhibit C**.

22.     CCH, EPA, and DOH entered into a Tolling Agreement on May 10, 2007, providing that EPA and DOH would forebear from filing claims in relation to CCH's collection, conveyance and treatment systems until at least September 7, 2007 in order to pursue settlement.  After that date, any party must provide 30 days written notice of termination of the settlement negotiations.  The Tolling Agreement expires one year from the date the Court enters the Stipulated Order or July 31, 2008, whichever is earlier.  CCH, EPA, and DOH entered into the Tolling Agreement because they recognized that they would seek to negotiate the Global Issues following entry of the Stipulated Order, and wished to do so outside the distraction and expense of litigation.  A true and correct copy of the Tolling Agreement is attached hereto as **Exhibit D**.

23.     Plaintiffs re-filed their Motion for Reconsideration on March 2, 2007.

24. Plaintiffs re-filed their Motion to Intervene in the Government Lawsuit on March 6, 2007.

25. The Court granted plaintiffs' Motion for Reconsideration on April 16, 2007. A true and correct copy of this Order is attached hereto as **Exhibit E**.

26. Magistrate Chang conditionally granted Plaintiffs' Motion to Intervene in a May 4, 2007 Findings and Recommendation. Recognizing that CCH, EPA, and DOH were on the verge of comprehensive settlement negotiations, Magistrate Chang noted that "any party may file a motion to stay the litigation for a reasonable period of time to allow the parties to further engage in settlement discussions" and offered to "facilitate" settlement through periodic telephonic conferences. At the April 17, 2007 hearing on this Motion, Magistrate Chang also noted that plaintiffs "voluntarily agreed to . . . a stay of litigation for four months to allow for settlement negotiations." True and correct copies of Magistrate Chang's Findings and Recommendation and the transcript from the April 17, 2007 hearing are attached hereto as **Exhibits F and G**.

27. Plaintiffs filed a Motion to Intervene in the Beachwalk Lawsuit on May 24, 2007. Through this Motion, plaintiffs seek to expand the issues in the Beachwalk Lawsuit and to discard the terms of the settlement.

28. Plaintiffs requested EPA set aside the Stipulated Order in their June 13, 2007 public comments to the Stipulated Order. A true and correct copy of plaintiffs' Public Comments is attached hereto as **Exhibit H**.

29. On June 26, 2007, the Court issued an Order staying its decision on the Stipulated Order pending plaintiffs' submission of a challenge or concurrence to that Order. Plaintiffs' submission is due by August 24, 2007. A true and correct copy of the June 26, 2007 Order is attached hereto as **Exhibit I**.

30. CCH, EPA, and DOH have not recommended settlement negotiations because they are waiting to see whether the Court will enter the Stipulated Order. CCH plans to diligently pursue negotiations with EPA and DOH once the Court enters the Stipulated Order.

31. Plaintiffs filed a new Motion for Partial Summary Judgment on their Third, Fourth, and Eighth Claims, alleging 17,595 violations of CWA, on July 26, 2007.

32. A hearing on the Motion for Partial Summary Judgment is currently scheduled on October 9, 2007.

33. CCH's Opposition to plaintiffs' Motion for Partial Summary Judgment is currently due September 21, 2007. CCH's Opposition will require a significant commitment of time and resources by CCH, its attorneys and its

ACTIVE/72148256.2/2017866-0000309724

consultants. Those consultants intend to show that questions of fact exist as to many of the alleged violations.

34. CCH telephoned the Court's clerk on July 26, 2007 and was informed that the earliest date available for a noticed hearing for its Motion to Stay was in October 2007.

35. In an August 10, 2007 letter, CCH requested that plaintiffs stipulate to a stay of their lawsuit pending settlement negotiations or, alternatively, stipulate to continue the hearing on their Motion for Partial Summary Judgment until the Court rules on CCH's Motion to Stay. As of end of business on August 13, 2007, plaintiffs did not respond to this request. A true and correct copy of CCH's August 10, 2007 letter is attached hereto as **Exhibit J**.

36. CCH is filing a Motion to Stay, which would stay all litigation activities in this lawsuit pending the completion of CCH's negotiations on the Global Issues with EPA and DOH, subject to a lifting of the stay by the Court upon a showing of good cause by any party.

37. CCH has three reasons for bringing its Motion to Stay: (1) as contemplated by the Tolling Agreement, to allow the parties to concentrate their efforts and limited resources on settlement without the distraction and expense of simultaneous litigation; (2) to prevent litigation of the same issues with plaintiffs that CCH is attempting to resolve with EPA and DOH through settlement; and (3)

8

to prevent plaintiffs from misusing litigation tactics to undermine the settlement efforts. In support of the third concern is the fact that plaintiffs unilaterally withdrew from the Beachwalk settlement talks despite the advanced stage of these discussions and the considerable effort expended by all parties in reaching that point in the negotiations. Immediately thereafter, plaintiffs resumed litigation activities, seeking to undermine the Stipulated Order through intervention in the Beachwalk Lawsuit.

      I, Maile R. Chun, do declare under penalty of law under the laws of the United States that the foregoing is true and correct.

      DATED: Honolulu, Hawaii, August 14, 2007.

> By: /s/ Maile R. Chun
> MAILE R. CHUN

ACTIVE/72148256.2/2017866-0000309724