# EXHIBIT D

**TOLLING AGREEMENT BETWEEN PLAINTIFFS (UNITED STATES AND STATE OF HAWAII) AND THE CITY AND COUNTY OF HONOLULU FOR CLAIMS UNDER SECTION 309 OF THE CLEAN WATER ACT, 33 U.S.C. § 1319, AND HAWAII REVISED STATUTES § 342D-50**

The United States, on behalf of the United States Environmental Protection Agency, contends that it has one or more civil causes of action pursuant to Section 309 of the Federal Water Pollution Control Act, as amended by the Clean Water Act of 1997 and the Water Quality Act of 1987 ("Act"), 33 U.S.C. § 1319, and the State of Hawaii, on behalf of the Hawaii Department of Health (the "State"), contends that it has one or more civil causes of action, pursuant to Haw. Rev. Stat. § 342D-50, against the City and County of Honolulu ("Defendant") for, *inter alia*, violations of federal and State law in relation to Defendant's wastewater collection, conveyance and treatment systems (the "Tolled Claims").

A. The United States and the State (collectively, the "Plaintiffs") and Defendant (collectively, the "Parties") enter into this Tolling Agreement to facilitate additional settlement negotiations among the Parties within the time period provided by this Agreement, without thereby altering the claims or defenses available to any Party hereto, except as specifically provided herein. During the period of the Tolling Period, the Parties intend to negotiate in good faith a comprehensive remedy with respect to the Defendant's wastewater system.

B. The United States and the State will file a complaint in the United States District Court for the District of Hawaii, concurrent with the lodging of a Stipulated Order, addressing certain claims under the Act and State law, and signed by the Parties to this Agreement.

In consideration of the Parties' mutual forbearance from filing additional civil claims (and counterclaims) they may have, in light of their mutual interest in pursuing settlement negotiations, and in consideration of the covenants set out herein, the Parties agree as follows

1. Subject to the provisions of Paragraphs 6 and 7, the period commencing on the Effective Date of this Agreement and ending one year from the date of entry of the Stipulated Order or July 31, 2008, whichever is earlier, inclusive (the "Tolling Period"), shall not be included in computing the running of any statute of limitations potentially applicable to any action brought by the Plaintiffs on the Tolled Claims.

2. Any defenses of laches, estoppel, or waiver, or other similar equitable defenses based upon the running or expiration of any time period shall not include the Tolling Period for the Tolled Claims.

3. Defendant shall not assert, plead, or raise against the Plaintiffs in any

Page 1 of 6

**EXHIBIT D**

fashion, whether by answer, motion or otherwise, any defense of laches, estoppel, or waiver, or other similar equitable defense based on the running of any statute of limitations or the passage of time during the Tolling Period in any action brought on the Tolled Claims.

4.    This Tolling Agreement does not constitute any admission or acknowledgment of any fact, conclusion of law, or liability by any Party to this Tolling Agreement. Nor does this Tolling Agreement constitute any admission or acknowledgment on the part of the Plaintiffs that any statute of limitations, or similar defense concerning the timeliness of commencing a civil action, is applicable to the Tolled Claims. The Plaintiffs reserve the right to assert that no statute of limitations applies to any of the Tolled Claims and that no other defense based upon the timeliness of commencing a civil action is applicable.

5.    This Tolling Agreement may not be modified except in a writing signed by all the Parties. The Parties acknowledge that this Tolling Agreement may be extended for such period of time as the Parties agree to in writing.

6.    The Plaintiffs shall forbear filing suit on the Tolled Claims, and Defendant shall forbear filing any claims relating to the Tolled Claims for 120 days from the Effective Date of this Agreement. Commencing 120 days after the Effective Date of this Agreement, any party shall be entitled to give 30 day written notice, by certified mail, of the termination of negotiations, whereupon any Party may file any claims relating to the Tolled Claims. Notwithstanding any notice of the termination of negotiations pursuant to this Paragraph, the Tolling Period shall continue for the duration set forth in Paragraph 1.

7.    Notwithstanding Paragraph 6, if the United States District Court for the District of Hawaii rejects the Stipulated Order, the Plaintiffs may at any time after the Effective Date of this Agreement give 30 day written notice, by certified mail, of the termination of negotiations, whereupon any Party may file any claims relating to the Tolled Claims. Notwithstanding any notice of the termination of negotiations pursuant to this Paragraph, the Tolling Period shall continue for the duration set forth in Paragraph 1.

8.    This Tolling Agreement does not limit in any way the nature or scope of any claims that could be brought by the Plaintiffs in a complaint against Defendant or the date on which the United States may file such a complaint, except as expressly stated herein. Notwithstanding any other provision of this Agreement, the Plaintiffs reserve all rights against Defendant, and may file any claim without advance notice or limitation, with respect to:

a.    criminal liability;

b.    any action in response to an imminent and substantial endangerment to human health or welfare; and/or

c.    enforcement of the Stipulated Order.

Page 2 of 6

9.      This Tolling Agreement in no way limits the Plaintiffs, or their representatives, from undertaking inspections or requesting information, as otherwise authorized by statute.

10.     This Agreement is not intended to affect any claims by or against third parties.

11.     Defendant shall preserve and maintain, during the pendency of the Tolling Period, and for a minimum of 90 days after termination of the Tolling Period, at least one legible copy of all documents and other materials subject to discovery under the Federal Rules of Civil Procedure and relating to the Tolled Claims, regardless of any corporate or document retention policy to the contrary.

12.     The Effective Date of this Tolling Agreement shall be upon signature by all the Parties, without the requirement of filing with the Court.  The Tolling Agreement may be signed in counterparts.

13.     This Tolling Agreement contains the entire agreement between the Parties, and no statement, promise, or inducement made by any Party to this Tolling Agreement that is not set forth in this Tolling Agreement shall be valid or binding, nor shall it be used in construing the terms of this Tolling Agreement as set forth herein.

14.     The undersigned representative of each of the Parties certifies that he or she is fully authorized to enter into the terms and conditions of this Tolling Agreement and to legally bind such party to all terms and conditions of this document.  This Agreement shall be binding upon the United States, acting on behalf of the United States Environmental Protection Agency, the State of Hawaii, acting on behalf of the Hawaii Department of Health, and upon Defendant and its successors.

SIGNATURES

The United States, on behalf of the United States Environmental Protection Agency, consents to the terms and conditions of this Tolling Agreement by its duly authorized representatives on this 10th day of May, 2007.

HENRY FRIEDMAN
Assistant Section Chief
Environmental Enforcement Section
Environment and Natural Resources
 Division
United States Department of Justice

ROBERT D. MULLANEY
J. THOMAS BOER
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources
 Division
United States Department of Justice

## SIGNATURES

The State of Hawaii, on behalf of the Hawaii Department of Health, consents to the terms and conditions of this Tolling Agreement by its duly authorized representatives on this ___7th___ day of May, 2007.

_____
MARK J. BENNETT
Attorney General, State of Hawaii

425 Queen Street
Honolulu, Hawaii  96813

The City and County of Honolulu consents to the terms and conditions of this Tolling Agreement by its duly authorized representative on this _7th_ day of May, 2007.


CARRIE K.S. OKINAGA
Corporation Counsel
Department of the Corporation Counsel
City and County of Honolulu