# EXHIBIT J

# BINGHAM

LEGAL INSIGHT. BUSINESS INSTINCT.

Bryan K. Brown
Direct Phone: (213) 680-6628
Direct Fax:    (213) 680-6499
bryan.brown@bingham.com

August 10, 2007

**Via Email**

Christopher A. Sproul, Esq.
Environmental Advocates
5135 Anza Street
San Francisco, CA 94121

Re: **Sierra Club, et al. v. City and County of Honolulu**

Dear Chris:

As you know, the City and County of Honolulu ("CCH") intends to commence settlement negotiations with the United States Environmental Protection Agency and the Hawaii Department of Health (the "Governments") regarding global issues relating to CCH's wastewater collection system. The global negotiations will include, but not be limited to, the alleged permit and administrative order violations set forth in plaintiffs' complaint in the above-captioned lawsuit. The commencement of these settlement negotiations has been delayed due to plaintiffs intervention in the Beachwalk Lawsuit and anticipated challenged to the Stipulated Order, and the resulting delay in the Court's consideration of the Beachwalk Stipulated Order. However, CCH fully intends to pursue global settlement and hopes to resolve all outstanding issues once the Court's makes a final decision on the Stipulated Order.

To avoid a wasteful duplication of effort through the litigation and negotiation of the same issues, CCH requests that plaintiffs stipulate to a stay of all litigation in the above-captioned lawsuit, including but not limited to plaintiffs' July 27, 2007 Motion for Partial Summary Judgment, pending the commencement and completion of CCH's negotiations with the Governments. Magistrate Chang has acknowledged that such a stay of litigation is appropriate when the parties are pursuing settlement. For example, in his May 4, 2007 Findings and Recommendation, Magistrate Chang recommended that "any party may file a motion to stay the litigation for a reasonable period of time to allow the parties to further engage in settlement discussions," and offered his assistance to the parties to facilitate settlement. Moreover, Magistrate Chang recognized at the April 17, 2007 hearing that plaintiffs, themselves, have volunteered to stay litigation "to allow for settlement negotiations." A stay is necessary now given the pending Motion for Partial Summary Judgment, the opposition to which will require a significant commitment or time and resources by CCH.

If plaintiffs do not stipulate to a stay of the litigation, CCH will move the Court for an order staying the action pending the global settlement negotiations. Because such motion should be heard prior to CCH preparing its opposition to the Motion for Partial Summary

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Suite 4400
355 South Grand Avenue
Los Angeles, CA
90071-3106

T 213.680.6400
F 213.680.6499
bingham.com

**EXHIBIT J**

Christopher A. Sproul
August 10, 2007
Page 2

Judgment (CCH's opposition is currently due on September 21, 2007), at the very least we request that plaintiffs stipulate to continue the hearing on the Motion for Partial Summary Judgment until a date at least 28 days after the Court rules on CCH's Motion to Stay. If plaintiffs refuse to so stipulate, CCH will move the Court for an ex parte order expediting the hearing on the Motion to Stay to on or before September 4, 2007, or alternatively, stay the hearing on the Motion for Partial Summary Judgment, as well as the deadline for CCH's opposition thereto, until a date to be determined after the Motion to Stay is ruled upon by this Court.

Although no ex parte notice or meet and confer is required under the Local Rules, we have provided notice of our intentions as a courtesy and in attempt to resolve these issues informally. Given the current briefing schedule on the pending Motion for Partial Summary Judgment, we request your response to this letter by the end of business on August 13, 2007. We look forward to your cooperation.

Sincerely yours,

Bryan K. Brown

cc:   Maile R. Chun, Esq.