IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SIERRA CLUB, HAWAII CHAPTER; HAWAII'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION, | ) ) ) ) ) ) | CV NO 04-00463 DAE-BMK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| CITY AND COUNTY OF HONOLULU and FRANK DOYLE, DIRECTOR OF THE DEPARTMENT OF ENVIRONMENTAL SERVICES, in his official capacity, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 3 0 2005

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST, SECOND, NINTH, ELEVENTH, AND TWELFTH CLAIMS FOR
RELIEF; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS
CLAIMS THAT ARE TIME-BARRED; GRANTING DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT AS TO FRANK DOYLE;
GRANTING DEFENDANTS' MOTION FOR A MORE DEFINITE
STATEMENT; DENYING DEFENDANTS' MOTION TO STAY THE ACTION;
DENYING PLAINTIFFS' COUNTER MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' TWELFTH CLAIM; AND DENYING PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' THIRD,
FOURTH, EIGHTH, AND TWELFTH CLAIMS

# EXHIBIT A

The Court heard Plaintiffs' and Defendants' Motions on April 4, 2005. Christopher Sproul, Esq., appeared at the hearing on behalf of Plaintiffs; Maile Chun, Esq., and James Dragna, Esq., appeared at the hearing on behalf of Defendants. After reviewing the motions and the supporting and opposing memoranda, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' First, Second, Ninth, Eleventh, and Twelfth Claims for Relief; DENIES AS MOOT Defendants' Motion to Dismiss Claims that are Time-Barred; GRANTS Defendants' Motion to Dismiss Amended Complaint as to Frank Doyle; GRANTS Defendants' Motion for a More Definite Statement; DENIES Defendants' Motion to Stay the Action; DENIES Plaintiffs' Counter-Motion for Summary Judgment on Plaintiffs' Twelfth Claim; and DENIES Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Third, Fourth, Eighth, and Twelfth Claims.

## BACKGROUND

A.  **Defendants' Motions (1) to Dismiss Plaintiff's First, Second, Ninth, Eleventh and Twelfth Claims for Relief, (2) to Dismiss Claims that are Time-Barred, (3) to Dismiss the Amended Complaint as to Defendant Frank Doyle, (4) for a More Definite Statement, and (5) to Stay the Action**

Sierra Club, Hawaii's Thousand Friends, and Our Children's Earth Foundation (collectively "Plaintiffs") have brought this action against City and County of Honolulu ("CCH") and Frank Doyle (collectively "Defendants") under

2

the citizen suit provision of the Clean Water Act ("CWA").  Defendants claim that this action, which is based on alleged violations associated with CCH's wastewater treatment and collection system, is entirely duplicative of prior CWA enforcement actions against CCH brought by the Environmental Protection Agency ("EPA") and the State of Hawaii Department of Health ("DOH").  See U.S. v. City and County of Honolulu, CV. NO. 94-00765 DAE (1995) (hereinafter referred to as U.S. v. CCH).  Based on the ongoing enforcement actions, and other jurisdictional and legal barriers to the prosecution of Plaintiffs' claims, CCH and Frank Doyle seek to dismiss Plaintiffs' first, second, ninth, eleventh, and twelfth claims pursuant to Federal Rules 12(b)(1) and/or 12(b)(6).  Defendants additionally request that the remaining claims should be stayed for a limited period to allow CCH the opportunity to update Plaintiffs regarding their apparent substantial efforts and positive direction of their programs and to seek informal resolution of the claims.

This lawsuit involves CCH's wastewater collection and treatment system, comprised of eight wastewater treatment plants ("WWTPs").  Each of CCH's WWTPs has a separate National Pollutant Discharge Elimination System ("NPDES") Permit issued pursuant to CWA.  When Plaintiffs' Complaint was filed, EPA and DOH had already initiated and were allegedly diligently

3

prosecuting a similar lawsuit filed in this Court on October 3, 1994 ("EPA Lawsuit"). As a result of the EPA Lawsuit, CCH is currently undertaking a twenty-year, $910,000,000 injunctive relief program specifically designed to address spills from the Collection System under the direction of EPA and the continuing jurisdiction of this Court. Defendants assert that EPA assured this Court that it would be vigilant in enforcing the Consent Decree entered into by the parties in the previous matter and contend they have done so. Plaintiffs dispute that any effective enforcement of the Consent Decree has taken place.

B.    Plaintiffs' First, Second, Ninth, and Eleventh Claims

Defendants claim that the Plaintiffs cannot meet their burden of establishing that this Court has jurisdiction over their first, second, ninth, and eleventh claims and, therefore, that these claims should be dismissed. Plaintiffs' first and second claims involve spills from the CCH Collection System. Defendants assert that the government has been diligently prosecuting these claims as a result of the previous EPA lawsuit and therefore Plaintiffs attempted citizen suit for identical allegations is barred by the CWA. Defendants also assert that Plaintiffs' second claim included any spill including those that never enter waters of the United States. Defendants originally argued that Plaintiffs do not have the ability to enforce any permit regulating such spills under the citizen suit provision

4

of the CWA, and furthermore, that the Court lacks jurisdiction to hear such argument in any case. This argument was subsequently withdrawn and resolved by the Stipulation Regarding Plaintiffs' Second Amended Complaint filed December 29, 2004, and therefore will not be addressed in this order.

Defendants allege that Plaintiffs lack standing to challenge Claim Nine, which involves contained spills and discharge of "R-1" water (water that has been treated to tertiary levels). Defendants assert that Plaintiffs cannot possibly allege a sufficient injury to their recreational activities as a result of these contained spills.

Finally, Defendants originally asserted in their motion that Plaintiffs' Eleventh Claim is moot because the Court cannot provide effective relief. Defendants aver that there is no live controversy regarding the status of CCH's Storm Water Pollution Control Plan because one has already been issued and therefore is no longer an issue as it is a wholly past violation that is unlikely to recur. Plaintiffs subsequently stipulated to withdraw this claim and therefore it is no longer at issue before this Court. See Stipulation to Dismiss Eleventh Claim for Relief in Second Amended Complaint and Order filed March 21, 2005.

C.    <u>Failure to State a Claim for First, Second, Ninth and Twelfth Claims</u>

Defendants assert that the First and Second Claims are precluded by *res judicata* because the EPA and the DOH were acting on all citizens' behalf, including Plaintiffs in the EPA lawsuit and both lawsuits allege identical claims. Defendants further assert that Plaintiffs' Second Claim fails to cite any permit provision that expressly prohibits spills from the system, and therefore have failed to meet their burden of demonstrating that spill prevention is enforceable through CCH's Permits. Defendants assert, likewise, that Plaintiffs' Ninth Claim is based on their mistaken assumption that modifying internal treatment operations is the same as introducing additional materials from outside the system. Because of this mistaken assumption, Defendants argue that it fails to state a claim and must be dismissed.

Finally, Defendants point out that in their Twelfth Claim, Plaintiffs allege that CCH is in violation of CWA because CCH's NPDES permits for various of its WWTP's have each expired on its face, and therefore CCH is discharging pollutants from these WWTP's without a valid permit. Plaintiffs base this assertion on their claim that administrative extensions of NPDES permits are *ultra vires*. Furthermore, Plaintiffs claim that EPA has not extended the permits

6

for two of the facilities. Defendants assert that these claims are groundless and Plaintiffs cannot prove any set of facts entitling them to relief.

D.    Claims Based on Alleged Violations Prior to May 30, 1999

Defendants originally asserted in their Motion to Dismiss that Plaintiffs improperly base their suit on alleged violations that occurred since January 30, 1997. Defendants aver that these earlier claims are time-barred based on the 5-year federal statute of limitations that applied to CWA and therefore must be dismissed. This issue was subsequently resolved by stipulation and therefore is no longer before this Court. See Stipulation Regarding Plaintiffs' Second Amended Complaint filed December 29, 2004.

E.    Defendant Frank Doyle

Defendants assert that Frank Doyle is not a proper Defendant in this case because he is not a permittee and cannot be held liable under any of Plaintiffs' theories. Defendants argue that naming Frank Doyle, who has only been Director since early 2003, as a Defendant in this case is not only improper and gratuitously punitive, but also unnecessary because the claims are completely identical and redundant to those against CCH.

F.   Motion for Stay and Motion for a More Definite Statement

Defendants request the Court to stay all remaining claims in the case that are not subject to the Motion to Dismiss because these claims duplicate to the letter existing and ongoing EPA enforcement actions requiring specific compliance measures. Defendants assert that this would allow CCH to continue to work with EPA to address the alleged violations without having to simultaneously litigate the same claims with a third party. In the alternative, Defendants request the Court to order a more limited stay of the entire action to allow the parties to discuss the progress of CCH's programs in light of EPA's enforcement, and to determine whether they can resolve the claims informally.

Finally, Defendants request the Court to order Plaintiffs to provide a more definite statement regarding the substance of their Eighth Claim that CCH violated "various requirements in the 2002 EPA Sand Island Order" by not implementing all remedial measures specified in that order. Plaintiffs request the precise requirements of the 2002 EPA Sand Island Order that Plaintiffs seek to enforce and the factual circumstances surrounding any alleged failure by CCH to comply with the Order. Plaintiffs do not oppose this and have agreed to do so should the Court desire them to do so.

8

G.    <u>Plaintiffs' Motions</u>

Plaintiffs have countered with (1) a Motion for Partial Summary Judgment on Plaintiffs' Third, Fourth, Eighth, and Twelfth Claims and (2) a Counter-Motion for Summary Judgment on Plaintiffs' Twelfth Claim.

1.    <u>Motion for Partial Summary Judgment on Plaintiffs' Third, Fourth, Eighth, and Twelfth Claims</u>

Plaintiffs' Third Claim alleges that CCH has since May 1999 continuously exceeded the maximum level for certain pollutants in its Sand Island Waste Water Treatment Plant NPDES Permit.  Plaintiffs' Fourth Claim alleges that CCH also violated that permit by failing to complete a required capital improvement project.  Plaintiffs' Eighth Claim alleges CCH violated the administrative order issued on September 30, 2002 regarding Sand Island. Plaintiffs' Twelfth Claim alleges that, since November 2003, CCH has been discharging pollutants from the Sand Island WWTP without valid authorization from an NPDES permit issued pursuant to CWA.

Plaintiffs assert that they are not precluded from pursuing a citizen suit regarding these claims and that CCH's compliance with the CWA, in particular in reference to the Sand Island WWTP, has been less than adequate if not nonexistent.  Plaintiffs request partial summary judgment against CCH on these

9

claims as described above. Plaintiffs ask the Court to find, specifically, that CCH lost NPDES permit authorization to discharge from the Sand Island WWTP when the Sand Island Permit expired on November 3, 2003. Plaintiffs request the Court to further declare that CCH has committed a sum total of 13,916 CWA violations as a result of this lost authorization.

2. <u>Counter-Motion for Summary Judgment on Plaintiffs' Twelfth Claim</u>

Plaintiffs' Twelfth Claim alleges that, since November 2003, CCH has been discharging pollutants from the Sand Island WWTP without valid authorization from an NPDES permit issued pursuant to CWA. Plaintiffs claim that they are not precluded from pursuing a citizen suit in this matter because EPA and DOH have not been diligently prosecuting continued spills in accord with the consent decree issued in <u>U.S. v. CCH</u>. Plaintiffs assert that EPA and DOH have failed to remedy the situation and sufficiently enforce the Consent Decree from the previous EPA suit, therefore a citizen suit is most appropriate in this context. Plaintiffs request that the Court deny CCH's Motion to Dismiss and further deny CCH's request to stay the action. In addition, Plaintiffs request the Court to declare that the Honouliuli and Sand Island Permits have expired and are no longer in effect.

10

## STANDARD OF REVIEW

A.    <u>Motion to Dismiss</u>

A motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "[A] complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." <u>Terracom v. Valley Nat'l Bank</u>, 49 F.3d 555, 558 (9th Cir.

1995) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Dismissal for

failure to state a claim is a ruling on a question of law. <u>Parks Sch. of Bus., Inc. v.</u>

<u>Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995). "The issue is not whether plaintiff

will ultimately prevail, but whether he is entitled to offer evidence to support his

claim." <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987). Review

is limited to the contents of the complaint, <u>Clegg v. Cult Awareness Network</u>, 18

F.3d 752, 754 (9th Cir. 1994), including any attached exhibits. <u>Symington</u>, 51 F.3d

at 1484.

Allegations of fact in the complaint must be taken as true and

construed in the light most favorable to the non-moving party. <u>Clegg</u>, 18 F.3d at

754. From the facts alleged, the court must draw all reasonable inferences in favor

of the non-moving party. <u>Usher</u>, 828 F.2d at 561. However, "[C]onclusory

11

allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg, 18 F.3d at 754-55.

Dismissal under Fed. R. Civ. P. 12(b)(6) can be based on either lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F2d. 696, 699(9th Cir. 1988)(citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

A motion to dismiss will also be granted where the court lacks jurisdiction over the subject matter of the case. Fed. R. Civ. P. 12(b)(1). In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proof that jurisdiction exists. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

B.    More Definite Statement

Rule 12(e) permits a party to move for a more definite statement prior to filing a responsive pleading when a complaint is so "vague or ambiguous that a

12

party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). The basic principles of pleading practice are governed by Rule 8. Rule 8(b) requires a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 8(e) requires that each "averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(b),(e).

In the event that a district court finds a pleading to be unduly vague, ambiguous or indirect, it may strike the pleading or make such other order it deems necessary. McHenry, 84 F.3d at 1177.

C.    Summary Judgment

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative

13

evidence tending to support its legal theory.  <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party can neither stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial.  <u>T.W. Elec. Serv.</u>, 809 F.2d at 630; Fed. R. Civ. P. 56(e).  In a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party.  <u>State Farm Fire & Cas. Co. v. Martin</u>, 872 F.2d 319, 320 (9th Cir. 1989).

DISCUSSION

A.  <u>Defendants' Motions (1) to Dismiss Plaintiff's First, Second, Ninth, Eleventh and Twelfth Claims for Relief, (2) to Dismiss Claims that are Time-Barred, (3) to Dismiss the Amended Complaint as to Defendant Frank Doyle, (4) for a More Definite Statement, and (5) to Stay the Action</u>

Defendants claim that this action, which is based on alleged violations associated with CCH's wastewater treatment and collection system, is entirely duplicative of prior CWA enforcement actions against CCH brought by EPA and DOH.  See <u>U.S. v. City and County of Honolulu</u>, CV. NO. 94-00765 DAE (1995).  Based on the ongoing enforcement actions, and other jurisdictional and legal barriers to the prosecution of Plaintiffs' claims, CCH and Frank Doyle seek to dismiss Plaintiffs' First, Second, Ninth, Eleventh, and Twelfth Claims pursuant to Federal Rules 12(b)(1) and/or 12(b)(6).  Defendants additionally request that the

14

remaining claims should be stayed for a limited period to allow CCH the

opportunity to update Plaintiffs regarding their apparent substantial efforts and

positive direction of their programs and to seek informal resolution of the claims.

      B.     <u>Plaintiffs Have Failed to State a Claim for Their First, Second, Ninth, and Twelfth Claims</u>

      1.     <u>First and Second Claims</u>

Defendants assert that the First and Second Claims are precluded by

*res judicata* because the EPA and the DOH were acting on all citizens' behalf,

including Plaintiffs in the EPA lawsuit and both lawsuits allege essentially

identical claims.  Defendants further assert that Plaintiffs' Second Claim fails to

cite any permit provision that expressly prohibits spills from the system, and

therefore have failed to meet their burden of demonstrating that spill prevention is

enforceable through CCH's Permits.

When EPA is prosecuting CWA violations, it should be accorded a

"preeminent role" because it is charged with enforcing the CWA on behalf of all

citizens.  <u>U.S.A. v. City of Green Forest</u>, 921 F.2d 1394, 1403-05 (8th Cir. 1991).

Under these circumstances, all citizens are "parties" to the prosecution "within the

meaning of *res judicata*."  <u>Alaska Sport Fishing Assoc. v. Exxon Corp.</u>, 34 F.3d

769, 773 (9th Cir. 1994).  "[F]or *res judicata* to operate, there must also be a

substantial identity between the issues in controversy in both suits." Id. at 773.

Here, the Court finds that the First and Second Claims in the current action, and the

Third Claim in the EPA Lawsuit, are all based on spills from the Collection system

and are substantially identical claims. Therefore, the Court finds that Plaintiffs are

precluded from re-litigating their First and Second Claims based on *res judicata*.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss the First and

Second Claims as precluded by *res judicata*.

       2.   <u>Ninth Claim</u>

      Defendants assert, likewise, that Plaintiffs' Ninth Claim is based on

their mistaken assumption that modifying internal treatment operations is the same

as introducing additional materials from outside the system. Because of this

mistaken assumption, Defendants argue that it fails to state a claim and must be

dismissed. The Court agrees with Defendants in this regard and, therefore,

GRANTS Defendants' Motion to Dismiss Plaintiffs' Ninth Claim.

      According to Plaintiffs, CCH does not reuse all of the R-1 water

created by its Honouliuli WWTP and instead discharges into the effluent forebay

in violation of ¶¶B.6. and E.14.2. of the Honouliuli WWTP Permit and 40 C.F.R.

§ 125.3(f). Compl., ¶¶61, 125. After careful review, the Court finds that these

provisions do not prohibit such discharges, but rather the improper introduction of

16

substances from outside the facility. In addition, the Honouliuli plant also created brine water as a byproduct of the reverse osmosis process. Plaintiffs claim brine water is discharged into the effluent forebay in violation of CWA §301(a), 33 U.S.C. § 1311(a). Compl., ¶¶61, 126. Again, after careful review, the Court finds that such discharges are not prohibited under the Honouliuli WWTP Permit, and thus do not violate the CWA. For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Ninth Claim.

### 3.    Twelfth Claim

Defendants point out that in their Twelfth Claim, Plaintiffs allege that CCH is in violation of CWA because CCH's NPDES permits for various of its WWTP's have each expired on its face, and therefore CCH is discharging pollutants from these WWTP's without a valid permit. Plaintiffs base this assertion on their claim that administrative extensions of NPDES permits under 40 C.F.R. § 122.6 are *ultra vires*.

Section 122.6 of Part 40 of the Federal Regulations expressly states that "[w]hen EPA is the permit issuing authority, the conditions of an expired permit continue in force under 5 U.S.C. 558(c) until the effective date of a new permit" if a timely, complete application is submitted and the reason for the delay in issuing the new permit does not lie with the permittee. 40 C.F.R.

§122.6(a)(1)-(2).  Under regulations governing the renewal of EPA-issued NPDES permits, expired permits remain in effect if the permittee submits a re-application more than 180 days prior to the expiration date and the re-application is complete under 40 C.F.R. §§122.21(d) and (e).  See 40 C.F.R. §§122.21(d), (e).  A careful review of the record indicates that CCH has met these requirements and has effectively extended its permits for the Sand Island and Honouliuli facilities.

For the reasons set forth above, the Court finds Plaintiffs' argument as to its Twelfth Claim without merit and therefore GRANTS Defendants' Motion to Dismiss Plaintiffs' Twelfth Cause of Action.  For the same reasons, the Court DENIES Plaintiffs' Counter-Motion for Summary Judgment on Plaintiffs' Twelfth Claim.

C.    Claims Based on Alleged Violations Prior to May 30, 1999 are Time-Barred

Defendants originally asserted in their Motion to Dismiss that Plaintiffs improperly base their suit on alleged violations that occurred since January 30, 1997.  Defendants aver that these earlier claims are time-barred based on the 5-year federal statute of limitations that applied to CWA and therefore must be dismissed.  This issue was subsequently resolved by stipulation and therefore is no longer before this Court.  See Stipulation Regarding Plaintiffs' Second

18

Amended Complaint filed December 29, 2004. Therefore, the Court DENIES AS

MOOT Defendants' Motion to Dismiss Based on Time-Barred Claims.

      D.    Defendant Frank Doyle is Not a Permittee and All Claims Against Him Should be Dismissed

      Defendants assert that Frank Doyle is not a proper Defendant in this

case because he is not a permittee and cannot be held liable under any of Plaintiffs'

theories. Defendants argue that naming Frank Doyle, who has only been Director

since early 2003, as a Defendant in this case is not only improper and gratuitously

punitive, but also unnecessary because the claims are completely identical and

redundant to those against CCH. The Court agrees with Defendants that Frank

Doyle is not a permittee and therefore cannot be held liable under any of Plaintiffs'

theories for including him. The permittee and proper defendant in this case is

CCH. Therefore, the Court GRANTS Defendants' Motion to Dismiss the

Complaint as to Frank Doyle in its entirety under Rule 12(b)(6).

      E.    Motion for Stay and Motion for a More Definite Statement

      Defendants request the Court to stay all remaining claims in the case

that are not subject to the Motion to Dismiss because these claims duplicate to the

letter existing and ongoing EPA enforcement actions requiring specific compliance

measures. Defendants contend that this would allow CCH to continue to work

with EPA to address the alleged violations without having to simultaneously litigate the same claims with a third party.  In the alternative, Defendants request the Court to order a more limited stay of the entire action to allow the parties to discuss the progress of CCH's programs in light of EPA's enforcement, and to determine whether they can resolve the claims informally.  Plaintiffs oppose Defendants' Motion for Stay, arguing that it is another attempt be Defendants to stall the process once again and leave Plaintiffs without any available remedy.  The Court DENIES Defendants' Motion to Stay the remaining claims in the case.  Should a stay become prudent at a later date, the Court will consider it at that time.

Finally, Defendants request that the Court order Plaintiffs to provide a more definite statement regarding the substance of their Eighth Claim that CCH violated "various requirements in the 2002 EPA Sand Island Order" by not implementing all remedial measures specified in that order.  Defendants request clarification regarding the precise requirements of the 2002 EPA Sand Island Order that Plaintiffs seek to enforce and the factual circumstances surrounding any alleged failure by CCH to comply with the Order.  Plaintiffs do not oppose this Motion and have agreed to clarify Claim Eight, therefore the Court GRANTS Defendants' Motion for a More Definite Statement and orders Plaintiffs to provide a more definite statement as to its Eighth Claim within 45 days.

F.    Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Third, Fourth, Eighth, and Twelfth Claims

Plaintiffs' Third Claim alleges that CCH has since May 1999 continuously exceeded the maximum level for certain pollutants in its Sand Island Waste Water Treatment Plant NPDES Permit. Plaintiffs' Fourth Claim alleges that CCH also violated that permit by failing to complete a required capital improvement project. Plaintiffs' Eighth Claim alleges CCH violated the administrative order issued on September 30, 2002 regarding Sand Island. Plaintiffs' Twelfth Claim alleges that, since November 2003, CCH has been discharging pollutants from the Sand Island WWTP without valid authorization from an NPDES permit issued pursuant to CWA.

Plaintiffs request partial summary judgment against CCH on these claims as described above. Plaintiffs ask the Court to find, specifically, that CCH lost NPDES permit authorization to discharge from the Sand Island WWTP when the Sand Island Permit expired on November 3, 2003. Plaintiffs request the Court to further declare that CCH has committed a sum total of 13,916 CWA violations as a result of this lost authorization.

While CCH acknowledges that, despite its efforts to do so, it has not achieved full compliance with the terms of its Sand Island NPDES Permit, the

21

Court finds that there are material factual disputes that cannot be resolved and this juncture in the case regarding the number of times and the extent to which the CWA has been violated in relation to the Sand Island NPDES Permit.

Accordingly, the Court is precluded from granting Plaintiffs' Motion for Partial Summary Judgment at this time on Plaintiffs' Third, Fourth and Eighth Claims due to genuine issues of material fact. Plaintiffs' Twelfth Claim for relief is dismissed pursuant to this order as further set forth in the discussion of Defendants' Motion to Dismiss above and therefore is no longer at issue. Therefore, Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Third, Fourth, Eighth, and Twelfth Claims is DENIED.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' First, Second, Ninth, Eleventh, and Twelfth Claims for Relief; DENIES AS MOOT Defendants' Motion to Dismiss Claims that are Time-Barred; GRANTS Defendants' Motion to Dismiss Amended Complaint as to Frank Doyle; GRANTS Defendants' Motion for a More Definite Statement; **GRANTS/DENIES** Defendants' Motion to Stay the Action; DENIES Plaintiffs' Counter-Motion for Summary Judgment on Plaintiffs' Twelfth Claim; and

DENIES Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Third, Fourth, Eighth, and Twelfth Claims.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, ___SEP 3 0 2005___.

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

Sierra Club, et al. vs. City and County of Honolulu, et al., CV No. 04-00463 DAE/BMK; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST, SECOND, NINTH, ELEVENTH AND TWELFTH CLAIMS FOR RELIEF; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS CLAIMS THAT ARE TIME-BARRED; GRANTING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT AS TO FRANK DOYLE; GRANTING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT; DENYING DEFENDANTS' MOTION TO STAY THE ACTION; DENYING PLAINTIFFS' COUNTER MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' TWELFTH CLAIM; AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' THIRD, FOURTH, EIGHTH, AND TWELFTH CLAIMS