IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>and )<br>)<br>)<br>STATE OF HAWAI`I, by )<br>Margery S. Bronster, Its )<br>Attorney General, and )<br>LAWRENCE MIIKE, M.D., )<br>Director of Health, State )<br>of Hawai`i, )<br>)<br>          Plaintiffs, )<br>)<br>     vs. )<br>)<br>)<br>CITY AND COUNTY OF )<br>HONOLULU, et al., )<br>)<br>)<br>          Defendants. )<br>_____ ) | CIV. NO. 07-00235 DAE-KSC<br><br>FINDINGS AND<br>RECOMMENDATION TO GRANT<br>SIERRA CLUB, HAWAI`I<br>CHAPTER, HAWAI`I'S<br>THOUSAND FRIENDS AND OUR<br>CHILDREN'S EARTH<br>FOUNDATION'S AMENDED<br>MOTION TO INTERVENE |

FINDINGS AND RECOMMENDATION TO GRANT SIERRA CLUB,
HAWAI`I CHAPTER, HAWAI`I'S THOUSAND FRIENDS AND OUR
CHILDREN'S EARTH FOUNDATION'S AMENDED
<u>MOTION TO INTERVENE</u>

On May 26, 2007, Sierra Club, Hawai`i Chapter, Hawai`i's Thousand Friends and Our Children's Earth Foundation ("Applicants") filed an Amended Motion to Intervene ("Motion"). On June 8, 2007, Defendant City and County of Honolulu ("Defendant") filed its

**EXHIBIT D**

Opposition.  On June 8, 2007, Plaintiff United States of America ("United States") filed a Statement of Conditional Non-Opposition and Plaintiff State of Hawaii ("the State") filed a Joinder to the Statement of Conditional Non-Opposition on the same date.  On June 15, 2007, Applicants filed their Reply to Defendant's Opposition and their Reply to the United States' Statement of Conditional Non-Opposition.

The matter came on for hearing on June 28, 2007.  Attorney Christopher Sproul appeared by phone on behalf of Applicants; Attorney William Tam appeared on behalf of Applicants; Attorney Edward Bohlen appeared on behalf of the State; Attorney Robert Mullaney appeared by phone on behalf of the United States; Attorneys Maile R. Chun and Carrie K.S. Okinaga appeared on behalf of Defendant; Attorney James J. Dragna appeared by phone on behalf of Defendant.

Applicants maintain that they have an unconditional statutory right to intervene pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a)(1) and

2

Section 505(b)(1)(B), 33 U.S.C. 1365(b) as amended, of the Clean Water Act ("CWA").

FRCP 24(a) allows for non-parties to intervene as a matter of right and provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).

The CWA, 33 U.S.C. § 1365(b)(formerly Section 505(b)) provides in pertinent part that no action may be commenced "if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court

of the United States any citizen may intervene as a matter of right." 33 U.S.C. § 1365(b)(1)(B).

Significantly, Plaintiffs and Defendant do not oppose Applicants' request to intervene in this action. Rather, the parties and Applicants disagree as to what, if any, conditions should be imposed upon Applicants' intervention. The parties place great emphasis upon the fact that a Stipulated Order was lodged in this action on May 8, 2007, and argue in part that Applicants should not be permitted to challenge or modify the Stipulated Order if it is adopted by the Court. Applicants maintain that they are entitled to unconditional intervention.

This Court has previously determined that § 1365(b)(1)(B) of the CWA provides Applicants with a statutory right to intervene in ongoing actions being prosecuted by the Environmental Protection Agency ("EPA"). See Civ. No. 94-765 DAE-KSC; Findings and Recommendation to Grant Sierra Club, Hawai`i Chapter, Hawai`i's Thousand Friends and Our Children's Earth

4

Foundation's Motion to Intervene filed on May 4, 2007 and Order Adopting Findings and Recommendation filed on May 24, 2007. Based on the foregoing, and there being no opposition to Applicants' proposed intervention, the Court FINDS and RECOMMENDS that Applicants should be allowed to intervene in this case. The remaining issue before the Court is what, if any, conditions should be imposed upon Applicants' intervention.

Under the plain language of FRCP 24(a)(1), Applicants have an unconditional right to intervene in this action. In <u>League of United Latin American Citizens v. Wilson</u>, 131 F.3d 1297 (9th Cir. 1997), the Ninth Circuit stated that "[a]s a general rule, intervenors are permitted to litigate fully once admitted to suit." However, the Advisory Committee note to the 1966 Amendment to FRCP 24 provides that "[a]n intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."

On June 26, 2007, United States District Judge David Alan Ezra issued a Order Staying Decision on Stipulated Order. Judge Ezra stayed his decision "until resolution of the Motion to Intervene to give the Sierra Club an opportunity to challenge or to concur in the Stipulated Order, if its Motion is granted. In the event that intervention is allowed, Sierra Club shall have a reasonable time not to exceed 30 days within which to file an opposition or a concurrence to the Stipulated Order." Order Staying Decision on Stipulated Order at 2.

The Court finds that it presently has an insufficient record to determine what conditions, if any, should be imposed upon Applicants' intervention in this case. The Court further finds that the imposition of conditions upon Applicants' intervention at the present time would be premature. For example, in order to properly address the issue of what conditions, if any, should be imposed on intervention, the Court should know Applicants' position with regard to the

6

Stipulated Order lodged by the parties on May 8, 2007, and/or whether this Stipulated Order is approved or rejected by Judge Ezra. The subject matter of this action appears to be related to Civil No. 94-765 DAE-KSC, and the imposition of certain conditions may be appropriate and necessary to promote and coordinate the efficient conduct of the proceedings in one or more cases.

Based on the foregoing, the Court FINDS and RECOMMENDS the following. First, the Court FINDS and RECOMMENDS that Applicants' Motion be GRANTED. Pursuant to Judge Ezra's Order Staying Decision on Stipulated Order, Applicants shall have 30 days in which to file an opposition or a concurrence to the Stipulated Order. Second, following Judge Ezra's approval or decision on the Stipulated Order, the Court RECOMMENDS that this matter be referred back to this Court to determine what, if any, conditions on Applicants' intervention are necessary in order to

promote the efficient conduct of the proceeding and the orderly administration of justice.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 28, 2007.




Kevin S.C. Chang
United States Magistrate Judge

CV 07-00235 DAE-KSC; <u>United States of America, et al. v. City and County of Honolulu, et al.</u>, FINDINGS AND RECOMMENDATION TO GRANT SIERRA CLUB, HAWAI'I CHAPTER, HAWAI'I'S THOUSAND FRIENDS AND OUR CHILDREN'S EARTH FOUNDATION'S AMENDED MOTION TO INTERVENE