IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>       Plaintiffs,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU and FRANK DOYLE, DIRECTOR OF THE DEPARTMENT OF ENVIRONMENTAL SERVICES, in his official capacity,<br><br>       Defendants. | CIVIL NO. CV04-00463 DAE-BMK<br><br>**DECLARATION OF MAILE R. CHUN** |

**DECLARATION OF MAILE R. CHUN**

I, MAILE R. CHUN, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of Hawaii and before this Court. I am Deputy Corporation Counsel for the City and County of Honolulu ("CCH"). I have personal knowledge of and am competent to make this Declaration concerning the matters set forth herein.

2. On October 1, 2007, CCH, the United States Environmental Protection Agency ("EPA"), and the State of Hawaii Department of Health

1

("DOH") (EPA and DOH are collectively referred to herein as the "Governments") will commence settlement on the Global Issues (i.e., potential additional enforcement related to (1) treatment system issues, (2) additional collection system issues not addressed in the 1995 Consent Decree, and (3) alleged violations of the 1995 Consent Decree).  In an e-mail dated August 31, 2007, CCH once again invited plaintiffs to the settlement table:  The August 31 e-mail is attached hereto as Exhibit A.

       3.     CCH's position on litigation stays during ongoing settlement talks has been consistent; litigation must be put on hold to avoid wasteful practice.

       4.     The Beachwalk Stipulated Order was the result of approximately a year of diligent negotiations, as set forth in the chart attached hereto as Exhibit B.  The Stipulated Order set a very aggressive schedule for addressing many of CCH's most pressing collection system needs at an estimated cost in excess of $300,000,000.  CCH is moving forward with the important programs under the Beachwalk Stipulated Order because it believes action on these projects will protect its citizens.  Further, based on my experience in this and other similar matters, at just over 12 months from start to finish, the successful Beachwalk results were achieved more efficiently than had the Beachwalk claim been litigated in Court.  Plaintiffs have requested that EPA remove the Beachwalk

ACTIVE/72195629.1/2017866-0000309724

settlement from consideration and restart the process under global settlement talks -- despite all the work expended to achieve the settlement.

5. On September 30, 2005, Judge Ezra denied CCH's prior request for a stay, which was brought in response to the complaint and well before serious settlement talks were in consideration. However, Judge Ezra also stated in the September 30 Order that "Should a stay become prudent at a later date, the Court will consider it at that time."

6. On one occasion, CCH inadvertently used the wrong email for plaintiffs' counsel in transmitting a settlement letter.

7. CCH and the Governments intend to move forward with global settlement negotiations, regardless of the outcome of the Motion to Stay.

I, Maile R. Chun, do declare under penalty of law under the laws of the United States that the foregoing is true and correct.

DATED: Honolulu, Hawaii, September 5, 2007.

By: /s/ Maile R. Chun
    MAILE R. CHUN