IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SIERRA CLUB, HAWAII CHAPTER, HAWAII'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION, | ) ) ) ) ) ) | CV. NO. 04-00463 DAE-BMK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| CITY AND COUNTY OF HONOLULU, and FRANK DOYLE, DIRECTOR OF THE DEPARTMENT OF ENVIRONMENTAL SERVICES, in his official capacity, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT CITY AND COUNTY
OF HONOLULU'S MOTION TO STAY WITHOUT PREJUDICE

On September 10, 2007, the Court heard Defendant City and County

of Honolulu's ("CCH") Motion.  Paul Alston, Esq., William Tam, Esq., and

Christopher Sproul, Esq., appeared at the hearing on behalf of Plaintiffs; James J.

Dragna, Esq., and Carrie Okinaga, Deputy Corporation Counsel, appeared at the

hearing on behalf of Defendant.  After reviewing Defendant's motion and the

supporting and opposing memoranda, the Court DENIES Defendant's Motion to Stay WITHOUT PREJUDICE.

BACKGROUND

In October 1994, the United States Environmental Protection Agency ("EPA") and the State of Hawaii Department of Health ("DOH") filed suit against CCH for spills from its wastewater collection and treatment system.  See United States, et al. v. City and County of Honolulu, CV No. 94-00765 DAE/KSC ("2004 Government Lawsuit").  The parities entered into a Consent Decree on May 15, 1995, proscribing a 25-year comprehensive injunctive relief program to address spills from the collection system.  This Court retained jurisdiction over the lawsuit pending completion of the work proscribed by the Consent Decree.  Plaintiffs intervened in the 2004 Government Lawsuit in May 2007.

Plaintiffs filed the instant lawsuit in July 2004, pursuant to the citizen suit provision of the Clean Water Act ("CWA").  This lawsuit originally involved spills from the collection system, as well as alleged violations of the Sand Island and Honouliuli National Pollution Discharge Elimination System ("NPDES") Permits.  The EPA and DOH have not intervened in the instant lawsuit.  On September 30, 2005, this Court granted Defendant's motion to dismiss Plaintiffs' first and second claims, which related to sewage spills since 1999, pursuant to *res*

2

*judicata*, since those claims were substantially identical to the third claim of the 2004 Government Lawsuit.[1]  This Court also denied CCH's request to stay the instant lawsuit, which was based on allegations that a stay would allow CCH to work with the EPA to address the alleged CWA violations without simultaneously having to litigate the instant lawsuit.

Plaintiffs have seven remaining claims in the instant lawsuit. Plaintiffs' third claim is based on alleged violations of effluent limitations in the Sand Island Wastewater Treatment Plant ("SIWWTP") NPDES Permit, and the fourth claim is based on alleged violations of the NPDES Permit deadlines to construct and operate a disinfection facility, in violation of the CWA.  Plaintiffs' fifth claim pertains to alleged violations of proper operation and maintenance requirements for SIWWTP imposed by the NPDES Permit.  Plaintiffs' sixth claim is related to grease program/pretreatment requirements imposed under the permit, and the seventh claim is for alleged violations of the 1999 EPA Sand Island Order. Plaintiffs' eighth claim for relief is based on alleged violations of the 2002 EPA Sand Island Order, which required CCH to take specific measures to correct its NPDES Permit violations and ensure permit compliance.  Plaintiffs' ninth claim

---

[1]    This Court dismissed Plaintiffs' ninth and twelfth claims for other reasons.

for relief alleges violations of operation and maintenance and monitoring requirements for the Honouliuli WWTP imposed by that NPDES permit.

In the September 30, 2005 Order, this Court also denied Plaintiffs' motion for partial summary judgment on Plaintiffs' third, fourth, eighth, and twelfth claims. Plaintiffs filed a motion for reconsideration regarding their third and fourth causes of action. Before this Court ruled on Plaintiffs' motion, the parties filed a Joint Stipulation Re Stay of Litigation. The Joint Stipulation stated that the parties intended to work with the EPA and the DOH to reach a mutually agreeable settlement that would obviate the need for further litigation. Therefore, the parties agreed to stay all proceedings in this case. After the reconsideration motion had been pending for almost a year, this Court ordered the motion withdrawn, with the proviso that if the parties could not reach a settlement agreement and subsequently lift the stay, Plaintiffs could refile the reconsideration motion. The parties were unable to reach a settlement, and Plaintiffs refiled their reconsideration motion on March 2, 2007. On April 16, 2007, this Court granted Plaintiffs' reconsideration motion, resolving the legal methodology for counting CWA violations with respect to Plaintiffs' third and fourth claims. This Court reserved for later decision the actual number of violations since Plaintiffs' eighth claim was related to the third and fourth claims, and this Court wanted to avoid any

4

double counting of violations.  On July 26, 2007, Plaintiffs filed a motion for

partial summary judgment on its third, fourth, and eighth claims to provide this

Court with a basis for counting the number of CWA violations.  That motion is set

for hearing on October 9, 2007.  CCH now seeks to stay the hearing of this motion

so that it will not have to expend limited resources on filing an opposition to that

motion and could instead concentrate its efforts on settlement.

  DOH and the EPA have a second lawsuit pending against CCH, in

addition to the 2004 Government Lawsuit: United States, et al. v. City and County

of Honolulu, CV No. 07-00235 DAE/KSC ("2007 Government Lawsuit").  This

lawsuit was filed on May 8, 2007, and involves CWA claims for the spill of

approximately 48 million gallons of sewage from Beachwalk Main Force into the

Ala Wai Canal that occurred in March 2006.  A Stipulated Order was lodged on

May 8, 2007.  Plaintiffs intervened into the 2007 Government Lawsuit in July

2007.  The Magistrate Judge recommended that conditions, if any, to be imposed

upon the Plaintiffs' intervention, such as a stay of litigation in this case, would be

determined after the Stipulated Order was ruled upon.  In the lodged Stipulated

Order CCH, EPA, and DOH recognize that following entry of the order, CCH,

EPA and DOH intend to negotiate in good faith a comprehensive remedy

addressing all compliance issues associated with CCH's wastewater system.

Plaintiffs filed an opposition to the Stipulated Order on August 24, 2007, and that is set for hearing in October 2007.  Plaintiffs allege that the Stipulated Order is inadequate on the merits and excludes them.

Settlement negotiations have been ongoing between CCH, DOH and EPA.  Plaintiffs have also been involved in some of these negotiations.  CCH claims that it allowed Plaintiffs to participate in the discussions prior to Plaintiffs intervening in the 2004 Government Lawsuit only on the condition that they agree to stay the instant lawsuit.  As noted above, on April 11, 2006, the parties agreed to the joint stipulation to stay this case until at least September 29, 2006, and that the stay could be lifted thereafter upon 30 days notice.  Plaintiffs believed that the settlement negotiations had stalled and notified CCH on August 30, 2006, that the stay would be terminated.  Plaintiffs then refiled their motion for reconsideration in the instant case and also refiled their motion to intervene in the 2004 Government Lawsuit.  Plaintiffs' intervention into the 2004 Government Lawsuit was granted and it was not conditioned upon a stay of the instant lawsuit.

Also, while the parties were meeting, the Beachwalk Force Main sewer line ruptured in 2006, and the 2007 Government Lawsuit was filed, as noted above.  The parties then agreed to refocus negotiations to work out a stipulated preliminary injunction order related to the Beachwalk Force Main for CCH to

implement on an immediate and emergency basis, and then the parties would

discuss a global settlement of other sewer spills and treatment plant issues.

Plaintiffs assert that CCH has outright rejected any question as to whether

Plaintiffs would be a party signatory to any supplemental judicial relief with rights

afforded a party.  CCH claims that Plaintiffs withdrew from settlement discussions.

Plaintiffs claim that CCH only communicated about settlement with the EPA and

DOH and would not discuss the communications with Plaintiffs, and would not

allow Plaintiffs to participate unless they agreed to stay the instant case.

        CCH filed the instant motion to stay this case on August 14, 2007.

CCH claims that defending the instant lawsuit will hamper their ongoing

negotiations with EPA and DOH and that if settlement is reached it will address

Plaintiffs' issues in the instant lawsuit.  CCH asserts that the pending claims in this

instant lawsuit are duplicative of issues that will be addressed in the global

negotiations between CCH, DOH, and EPA.  Plaintiffs filed their opposition on

August 31, 2007.  Plaintiffs claim that a stay is not warranted because they will be

harmed by a stay, and the 2004 Government Lawsuit and the 2007 Government

Lawsuit do not involve the claims at issue in this lawsuit.  CCH filed a reply brief

on September 5, 2007.

<u>STANDARD OF REVIEW</u>

It is within the court's discretion to grant a stay of proceedings in its own court.  <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1109 (9th Cir. 2005).

<u>DISCUSSION</u>

The Ninth Circuit has held that in determining whether a stay of a pending proceeding is appropriate based upon the existence of other similar proceedings, the district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay . . . ."  <u>Id.</u> at 1110.  The competing interests to be considered are: (1) the possible damage that may result from the granting of a stay; (2) the hardship that the party seeking the stay may suffer by being required to go forward; and (3) the orderly course of justice measured by considering whether issues will be simplified or complicated, proof, and questions of law which could be expected to result from a stay.  <u>Id.</u>

"A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."  <u>Leyva v. Certified Grocers of Ca., Ltd.</u>, 593 F.2d 857, 864 (9th Cir. 1997).  If a stay is granted, it should not be indefinite in nature.  <u>Dependable Highway Exp., Inc. v. Navigators Ins. Co.</u>, - - F.3d - -, Nos. 05-56346, 05-75033, 2007 WL 2379611, at *5 (9th Cir.

8

Aug. 22, 2007). The party seeking the stay, in this case CCH, bears the burden of proving that a stay is warranted. Clinton v. Jones, 520 U.S. 681, 708 (1997).

A.    Damage that May Result from Granting the Stay

Plaintiffs argue that they, as representatives of the citizens, will be harmed because the purpose of this lawsuit is to seek injunctive relief to abate environmental harm caused by CCH's discharge of pollutants from the SIWWTP. If CCH is granted a stay, then Plaintiffs will be denied the possibility of prompt injunctive relief to stop the water pollution. This Court agrees.

An "[e]nvironmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e. irreparable." High Sierra Hikers Ass'n v. Blackwell, 390 F.3d 630, 642 (9th Cir. 2004) (quoting Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 545 (1987)). Plaintiffs are seeking injunctive relief and have established at least a fair possibility of irreparable harm to the environment.

CCH contends that Plaintiffs will not be harmed because their interests will be represented by the EPA and DOH at the future negotiations with CCH. This argument rings hollow, especially in light of CCH's history of attempts to exclude Plaintiffs from settlement negotiations unless they agree to stay the instant lawsuit. Furthermore, there is no deadline for these negotiations to

9

conclude.  Moreover, neither the EPA nor DOH has brought a judicial action to require CCH to remedy its alleged violations of the effluent limitations set forth in the SIWWTP NPDES Permit.  Thus, Plaintiffs would be harmed at least with respect to the timeliness of any injunctive relief.  Therefore, this factor weighs in favor of denying the stay.

B.      Hardship that CCH May Suffer Without the Stay

> [A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

Lockyer, 398 F.3d at 1109-10 (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)) (brackets in original).

        CCH allege that they will suffer a hardship by having to expend limited resources to draft and file an opposition to Plaintiffs' pending motion for partial summary judgment and/or otherwise defend this lawsuit when it is pursuing global settlement negotiations involving hundreds of millions of dollars of these same issues with the EPA and DOH.  CCH also allege that the prior stay of this case helped to result in the lodged Stipulated Order for the 2007 Government Lawsuit, and streamlined the remaining issues.

10

The Ninth Circuit, however, has made it clear that "'being required to defend a suit [without more] does not constitute a 'clear case of hardship or inequity' within the meaning of Landis.'" <u>Dependable Highway Exp.,</u> 2007 WL 2379611, at *4 (quoting <u>Lockyer</u>, 398 F.3d at 1112). Accordingly, CCH has not proven a clear case of hardship.

CCH also contend that they will be prejudiced if they are subjected to different and inconsistent injunctive relief. This argument lacks merit. First, the cases relied upon by CCH as support for this argument involve a pending State lawsuit. Here, there is no pending EPA or DOH litigation in which either agency is seeking injunctive relief for the claims that remain in this lawsuit. Accordingly, there is no possibility of inconsistent results. Furthermore, the decisions from this Court may aid the parties in reaching a resolution. Therefore, this factor also weighs in favor of denying the request for a stay.

C.    <u>Orderly Course of Justice</u>

CCH assert that this Court's resources will be conserved if it grants the stay. CCH state that it makes no sense for the Magistrate Judge to offer to facilitate settlement, while at the same time requiring this Court to oversee active litigation. This argument is meritless. Magistrate Judges often facilitate settlement while parties are simultaneously engaging in discovery, including disputes that

11

must be resolved by this Court, or filing dispositive motions, which after decision by this Court further facilitate settlement.

CCH also claim that judicial economy will be served by deferring to the judgment of the agencies charged with regulating CCH's collection and treatment system on the complex issues associated with wastewater treatment. The case cited by CCH in support of this argument, however, again discusses a pending administrative action where relevant facts were being gathered.

Furthermore, "while it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." Dependable Highway Exp., Inc., 2007 WL 2379611, at *4. Here, CCH has failed to show that Plaintiffs will not be harmed and has failed to establish that it will suffer a sufficient hardship. Accordingly, even if granting the stay would conserve some of this Court's resources, this reason alone is insufficient to support a grant of stay. In sum, CCH's motion to stay is premature. Settlement negotiations on the distinct issues have not yet begun with the EPA and DOH and are not set to begin until October 1, 2007. A stay is therefore inappropriate at this juncture.

CONCLUSION

For the reasons stated above, this Court DENIES Defendant City and County of Honolulu's Motion to Stay WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 11, 2007.



_____
David Alan Ezra
United States District Judge

Sierra Club, Hawaii Chapter, et al. v. City and County of Honolulu et al., CV. NO. 04-00463 DAE-BMK; ORDER  DENYING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO STAY WITHOUT PREJUDICE

13