CARRIE OKINAGA, 5958
Corporation Counsel
MAILE R. CHUN, 4906
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 527-5351
Facsimile: (808) 523-4583
Email: mchun@co.honolulu.hi.us

BINGHAM McCUTCHEN LLP
JAMES J. DRAGNA (CA SBN 91492)
NANCY M. WILMS (CA SBN 111837)
BRYAN K. BROWN (CA SBN 192924)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
Email: nancy.wilms@bingham.com

Attorneys for Defendant:
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF HONOLULU<br><br>  Defendant. | CIV. NO. CV 04-00463 DAE-BMK<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' THIRD, FOURTH, AND EIGHTH CLAIMS**<br>Date:   October 9, 2007<br>Time:  10:30 a.m.<br>Judge: Hon. David A. Ezra |

A/72188575.1

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| 1. CCH owns and operates the Sand Island WWTP, which discharges primary treated effluent into Māmala Bay.<br><br>Evidence: Ex. 1 at 28048-49. | <u>Undisputed</u> |
| 2. Sand Island discharges a variety of pollutants.<br><br>Evidence: Ex. 11 at 22115, 22117, 22118;<br>Ex. 1 at 28055. | <u>Disputed</u><br><br><u>Objection:</u><br><br>Irrelevant and vague as to the phrase "variety of pollutants." FRE 402-403; LR56.1(a), (c).[1]  The documents speak for themselves.  FRE 1002.<br><br><u>Contradictory Evidence:</u><br><br>Pls.' Concise Statement ("CS"), Ex. 3, 22926-22298. |
| 3. BOD, TSS, and pesticides can negatively impact the environment and human health.<br><br>Evidence: Ex. 12 at 28819-20, 28822, 28824. | <u>Disputed</u><br><br><u>Objection:</u><br><br>Irrelevant, compound, more prejudicial than probative and vague as to the phrase "can negatively impact." FRE 402-403. |
| 4. The Sand Island NPDES permit issued November 2, 1998 contains (a) effluent limitations, (b) reporting requirements, and (c) requires capital improvements.<br><br>Evidence: Ex. 3 at (a) 22926-28, | <u>Disputed</u><br><br><u>Objection:</u><br><br>Irrelevant, compound and a legal conclusion.  FRE 402-403.  The document speaks for itself.  FRE 1002. |

---

[1] CCH hereby incorporates its objection based on Local Rules 56.1(a) and (c) in its response to each of plaintiffs' "facts" to which CCH objects as irrelevant.

A/72188575.1

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| (b) 22964-74, (c) 22928-33. | |
| 5. The permit required CCH to construct a Sand Island disinfection facility by July 21, 2002 and then begin to operate this facility continuously for a period of one year.<br><br>Evidence: Ex. 3 at 22931. | Disputed<br><br>Objection:<br><br>Irrelevant, compound and is a legal conclusion. FRE 402-403. The document speaks for itself. FRE 1002.<br><br>Contradictory Evidence:<br><br>Inouye Decl., ¶¶3-10. |
| 6. The Sand Island NPDES permit requires CCH to modify and upgrade the Hart Street Pump Station by February 18, 2005.<br><br>Evidence: Ex. 3 at 22929. | Disputed<br><br>Objection:<br><br>Legal conclusion and irrelevant. FRE 402-403. The document speaks for itself. FRE 1002.<br><br>Contradictory Evidence:<br><br>Inouye Decl., ¶¶11-15; Chun Decl., Ex. E; CS Ex. 3, 22928, 22929. |
| 7. CCH did not complete the Sand Island disinfection facility until December 20, 2006.<br><br>Evidence: Ex. 5 at 35171. | Disputed<br><br>Objection:<br><br>Legal conclusion and vague as to "complete." FRE 402-403. The document speaks for itself. FRE 1002.<br><br>Contradictory Evidence:<br><br>Inouye Decl., ¶¶3-10. |
| 8. CCH has not completed final construction on the Hart Street Pump Station | Disputed<br><br>Objection: |

2

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| (New/Alternative) project due to ongoing cavitation problems.<br><br>Evidence: Ex. 5 at 35167. | Irrelevant, compound, a legal conclusion and is vague as to "final construction." FRE 402-403. The document speaks for itself. FRE 1002.<br><br>Contradictory Evidence:<br><br>Inouye Decl., ¶¶11-15; Chun Decl., Ex. B,E; CS Ex. 3, 22928, 22929. |
| 9. EPA and its consultant have indicated that the UV disinfection system CCH is building is unlikely to disinfect Sand Island effluent effectively.<br><br>Evidence: Ex. 6 at 24572-73, 24575-77. | Disputed<br><br>Objection:<br><br>Irrelevant, more prejudicial than probative, vague as to the terms "unlikely" and "effectively" and based on hearsay. FRE 402-403, 802.<br><br>Contradictory Evidence:<br><br>CS Ex. 3, 22931-22932; Chun Decl., Ex. G. |
| 10. CCH has admitted that CCH's Sand Island effluent discharge cannot meet CCH's dieldrin or chlordane permit limits.<br><br>Evidence: Ex. 7 at 24912; Ex. 8 at 28724-25. | Disputed<br><br>Objection:<br><br>Irrelevant, vague as to time, misleading and mischaracterizes the evidence. FRE 402-403.<br><br>Contradictory Evidence:<br><br>Tanimoto Decl., ¶¶8-11; Chun Decl., F. |
| 11. The Sand Island permit requires projects designed to improve Sand Island's performance and reduce public health risks. | Disputed<br><br>Objection: |

3

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| Evidence: Ex. 3 at 22928. | Irrelevant, misleading, more prejudicial than probative, mischaracterizes the evidence and violates the Local Rules. FRE 402-403; LR56.1(a), (c). The document speaks for itself. FRE 1002. Ex. 3 at page 22928 does not mention public health risks. Rather, the evidence states that the purpose of the requirements in the Permit is to "select and implement an effluent disinfection treatment option that will reduce the risk of human exposure to the pathogenic organisms in marine recreational waters of Māmala Bay by decreasing bacterial indicator loadings from the Sand Island ocean outfall." |
| 12. EPA issued an AO for Sand Island violations in 1999 and another similar AO in 2002 for failing to comply with the 1999 AO and the Sand Island NPDES Permit.<br><br>Evidence: Ex. 9; Ex 10 at 25020-25023 | <u>Disputed</u><br><br><u>Objection:</u><br><br>Irrelevant, compound, more prejudicial than probative, a legal conclusion and is vague as to "similar." FRE 402-403. The document speaks for itself. FRE 1002. |
| 13. EPA's 2002 [sic] required CCH to (a) immediately comply with all Sand Island permit requirements and (b) submit Action Plans for meeting Compliance Schedule, Effluent Limits, and Operation and Maintenance requirements.<br><br>Evidence: Ex. 10 at (a) 25023, (b) 25023-25023. | <u>Disputed</u><br><br><u>Objection:</u><br><br>Compound, a legal conclusion and is vague as to "EPA's 2002." FRE 402-403. The document speaks for itself. FRE 1002. |
| 14. Sand Island discharge has exceeded CCH's enterococcus NPDES permit | <u>Disputed</u> |

4

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| limit every month between August 2004 and February 2007, equaling 942 days of violations during this time period.<br><br>Evidence: Ex. 4 at 35005, 35012, 35017, 35022, 35027, 35032, 35037, 35042, 35047, 35052, 35057, 35062, 35067, 35072, 35077, 35082, 35087, 35092, 35097, 35102, 35107, 35112, 35117, 35122, 35127, 35132, 35137, 35142, 35147, 35152, 35157, 35162; Declaration of Christopher Sproul in Support of Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Third, Fourth, and Eighth Claims ("Sproul and Decl."), ¶¶ 7-8. | <u>Objection:</u><br><br>Legal conclusion and vague as to "every month." FRE 402-403. The documents speak for themselves. FRE 1002.<br><br><u>Contradictory Evidence:</u><br><br>Chun Decl., Ex. G;<br>Tanimoto Decl., ¶¶ 4-6;<br>CS Ex. 3, 22927, 22931-22932, 22938. |
| 15. CCH committed 713 days of violation for the failure to complete the required Sand Island disinfection facility between January 6, 2005 and December 19, 2006.<br><br>Evidence: Ex. 5 at 35171; Sproul Decl., ¶ 9. | <u>Disputed</u><br><br><u>Objection:</u><br><br>Irrelevant, compound and is a legal conclusion. FRE 402-403. Argument is not evidence.<br><br><u>Contradictory Evidence:</u><br><br>Inouye Decl, ¶¶3-10; Chun Decl., C. |
| 16. CCH has committed 832 days of violation through May 30, 2007 for the failure to complete the required Hart Street Pump Station (New/Alternative) by February 18, 2005.<br><br>Evidence: Ex. 5 at 35167; Sproul Decl., ¶¶ 3, 10, 11. | <u>Disputed</u><br><br><u>Objection:</u><br><br>Irrelevant, compound and is a legal conclusion. FRE 402-403.<br><br><u>Contradictory Evidence:</u><br><br>Inouye Decl., ¶¶11-15; Chun Decl., C, E; CS Ex. 3, 22928, 22929. |

5

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| 17. Sand Island discharges have exceeded CCH's annual average concentration effluent limit for chlordane continuously between August 2004 and March 31, 2007, equaling 973 days of violations during this time period.<br><br>Evidence: Ex. 4 at 35004, 35011, 35016, 35021, 35026, 35031, 35036, 35041, 35046, 35051, 35056, 35061, 35066, 35071, 35076, 35081, 35086, 35091, 35096, 35101, 35106, 35111, 35116, 35121, 35126, 35131, 35136, 35141, 35146, 35151, 35156, 35161; Sproul Decl., ¶¶ 7, 8. | <u>Disputed</u><br><br><u>Objection:</u><br><br>Irrelevant, incorrect, vague as to time and is a legal conclusion. FRE 402-403.<br><br><u>Contradictory Evidence:</u><br><br>Tanimoto Decl., ¶¶8-11; Chun Decl., C,F. |
| 18. Sand Island discharges have exceeded CCH's annual average mass effluent limit for chlordane continuously between August 2004 and March 2007, equaling 973 days of violations during this time period.<br><br>Evidence: Ex. 4 at 35004, 35011, 35016, 35021, 35026, 35031, 35036, 35041, 35046, 35051, 35056, 35061, 35066, 35071, 35076, 35081, 35086, 35091, 35096, 35101, 35106, 35111, 35116, 35121, 35126, 35131, 35136, 35141, 35146, 35151, 35156, 35161; Sproul Decl., ¶¶ 7, 8. | <u>Disputed</u><br><br>Same objection and contradictory evidence as 17, above. |
| 19. Sand Island discharges have exceeded CCH's annual average concentration effluent limit for dieldrin continuously between August 2004 and March 2007, equaling 973 days of violations during this time period. | <u>Disputed</u><br><br>Same objection and contradictory evidence as 17, above. |

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| Evidence: Ex. 4 at 35004, 35011, 35016, 35021, 35026, 35031, 35036, 35041, 35046, 35051, 35056, 35061, 35066, 35071, 35076, 35081, 35086, 35091, 35096, 35101, 35106, 35111, 35116, 35121, 35126, 35131, 35136, 35141, 35146, 35151, 35156, 35161; Sproul Decl., ¶¶ 7, 8. | |
| 20. Sand Island discharges have exceeded CCH's annual average mass effluent limit for dieldrin continuously between August 2004 and March 2007, equaling 973 days of violations during this time period.<br><br>Evidence: Ex. 4 at 35004, 35011, 35016, 35021, 35026, 35031, 35036, 35041, 35046, 35051, 35056, 35061, 35066, 35071, 35076, 35081, 35086, 35091, 35096, 35101, 35106, 35111, 35116, 35121, 35126, 35131, 35136, 35141, 35146, 35151, 35156, 35161; Sproul Decl., ¶¶ 7, 8. | Disputed<br><br>Same objection and contradictory evidence as 17, above. |
| 21. CCH has committed a total of 1703 violations of the 2002 EPA AO between October 1, 2002 and May 30, 2007.<br><br>Evidence: Ex. 10 at 25023; Ex. 4; Ex. 5 at 35167, 35171; Sproul Decl., ¶¶ 3, 11. | Disputed<br><br>Objection:<br><br>Irrelevant, incorrect, mischaracterizes the evidence and is a legal conclusion. FRE 402-403.<br><br>Contradictory Evidence:<br><br>Inouye Decl., ¶¶3-15; Tanimoto Decl., ¶¶4-12; Chun Decl., C,D,E,F,G; CS Ex. 3, 22927,22928,22929,22931, 22932,22938. |

7

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| 22. As of May 30, 2007, EPA had not received any additional documentation from CCH establishing that the Hart Street Pump Station (New/Alternative) project has been completed or the station's operational problems resolved.<br><br>Evidence: Ex. 2; Sproul Decl., ¶¶ 3, 10. | <u>Disputed</u><br><br><u>Objection:</u><br><br>Irrelevant, compound, vague as to "completed" and "problems resolved", mischaracterizes the evidence, is a legal conclusion, and is based on hearsay. FRE 402-403, 802.<br><br><u>Contradictory Evidence:</u><br><br>Inouye Decl., ¶¶11-15; Chun Decl., E; CS Ex. 3, 22928, 22929. |

DATED:   September 21, 2007      Respectfully submitted,

                                              CARRIE OKINAGA
                                              Corporation Counsel

                                              By:  <u>/s/ Maile R. Chun</u>
                                                   Maile R. Chun
                                                   Attorneys for Defendant
                                                   City and County of Honolulu