CARRIE OKINAGA, 5958
Corporation Counsel
MAILE R. CHUN, 4906
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 527-5351
Facsimile: (808) 523-4583
Email: mchun@co.honolulu.hi.us

BINGHAM McCUTCHEN LLP
JAMES J. DRAGNA (CA SBN 91492)
NANCY M. WILMS (CA SBN 111837)
BRYAN K. BROWN (CA SBN 192924)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
Email: nancy.wilms@bingham.com

Attorneys for Defendant:
CITY AND COUNTY OF
HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>Defendant. | CIVIL NO. CV 04-00463 DAE-BMK<br><br>**DECLARATION OF MAILE R. CHUN IN SUPPORT OF DEFENDANT CITY AND COUNTY OF HONOLULU'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' THIRD, FOURTH, AND EIGHTH CLAIMS; EXHIBITS A THROUGH G**<br><br>Date:  October 9, 2007<br>Time:  10:30 a.m.<br>Judge: Hon. David E. Ezra |

# **DECLARATION OF MAILE R. CHUN**

I, Maile R. Chun, declare as follows:

1. I have personal knowledge of the following facts, or have been informed of them and believe them to be true, and would testify competently thereto if called as a witness.

2. I am Deputy Corporation Counsel for defendant City and County of Honolulu ("CCH"). I am admitted to practice before this Court.

3. On January 6, 2005, plaintiffs filed a Motion for Partial Summary Judgment on, in part, their Third, Fourth, and Eighth Claims (the "January 6, 2005 Motion"). With regard to their Third Claim, plaintiffs alleged that CCH violated the following pollutant discharge limitations in the Permit:

Daily Maximum Enterococcus

Daily Maximum Dieldrin

Annual Average Dieldrin

Annual Average Chlordane

Monthly Average Biochemical Oxygen Demand

Monthly Average Total Suspended Solids.

4. With regard to their Fourth Claim, plaintiffs alleged that CCH violated the Permit's construction deadline for the Disinfection Facility on every

1

2

day after July 21, 2002.  With regard to the Eighth Claim, plaintiffs alleged that CCH violated EPA's 2002 Administrative Order ("AO").

5. On January 12, 2005, CCH filed a Motion for a More Definite Statement ("MDS") regarding plaintiffs' Eighth Claim because this Claim was vague, ambiguous, and did not provide CCH sufficient information as to the substance of the Claim.

6. On September 30, 2005, the Court issued an order (the "September 30 Order") that, among other things, denied the January 6, 2005 Motion.  A true and correct copy of the Order is attached hereto as **Exhibit A**.  In the September 30 Order, the Court denied the January 6, 2005 Motion in its entirety, finding issues of material fact.  Further, the Court granted CCH's Motion for a MDS as to plaintiffs' Eighth Claim.

7. On October 14, 2005, plaintiffs filed a Motion for Reconsideration of the September 30 Order, seeking reconsideration of the Court's ruling on the Third and Fourth Claims only (the "October 14, 2005 Motion for Reconsideration").

8. On November 14, 2005, plaintiffs filed their MDS.  A true and correct copy of plaintiffs' MDS is attached hereto as **Exhibit B**.  Plaintiffs' MDS alleges CCH is in on-going violation of the AO because CCH failed to (1) initiate all necessary measures to prevent further Permit violations, (2) submit three timely

3

and adequate plans, and (3) complete capital improvement projects, including the Hart Street Pump Station.

9. On April 16, 2007, the Court issued an order regarding plaintiffs' March 2, 2007 Motion for Reconsideration (the "Reconsideration Order"). A true and correct copy of the Reconsideration Order is attached hereto as **Exhibit C**.

10. On November 2, 1998, the Environmental Protection Agency ("EPA") issued CCH the Sand Island Wastewater Treatment Plant National Pollutant Discharge Elimination System Permit No. HI0020117 (the "Sand Island Permit" or the "Permit"). The Permit expired on its face on November 3, 2003. However, this Court has held (and EPA has acknowledged) the Permit has been administratively extended. A true and correct copy of the relevant pages of the Sand Island Permit is attached hereto as **Exhibit D**.

11. A true and correct copy of the relevant pages of EPA's Response to Comments to the Final Permit is attached hereto as **Exhibit E.**

12. A true and correct copy of the relevant pages of CCH's technical response to the March 27, 2007 Honouliuli Tentative Decision is attached hereto as **Exhibit F**.

/ / /

/ / /

3

13. Relevant enterococcus daily sampling data is contained in a spreadsheet attached hereto as **Exhibit G.**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 21, 2007, in Honolulu, Hawaii.

By: /s/ Maile R. Chun
Maile R. Chun