CHRISTOPHER SPROUL
Environmental Advocates
5135 Anza Street
San Francisco, California  94121
Tel:  (415) 553-3376
Fax:  (415) 358-5695
E-mail: csproul@enviroadvocates.com

PAUL ALSTON           1259-0
WILLIAM TAM           1887-0
BLAKE K. OSHIRO       6746-0
Alston Hunt Floyd & Ing
Attorneys At Law
ASB Tower, 18th Floor
1001 Bishop Street
Honolulu, Hawai'i  96813
Tel:  (808) 524-1800
Fax:  (808) 524-5976
Email: palston@ahfi.com
       wtam@ahfi.com
       boshiro@ahfi.com

Attorneys for Applicants
SIERRA CLUB, HAWAI'I CHAPTER,
HAWAI'I'S THOUSAND FRIENDS and
OUR CHILDREN'S EARTH FOUNDATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU and FRANK DOYLE, DIRECTOR OF THE DEPARTMENT OF ENVIRONMENTAL SERVICES, in his official capacity,<br><br>Defendants. | Civil No. 04-00463 DAE-BMK<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT CITY AND COUNTY OF HONOLULU'S NOTICE OF ERRATA IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' THIRD, FOURTH, AND EIGHTH CLAIMS; CERTIFICATE OF SERVICE**<br><br>Hearing:  October 9, 2007<br>Time:     10:30 am<br>Judge:    David Alan Ezra |

658796-1 / 7502-3

**PLAINTIFFS' RESPONSE TO DEFENDANT CITY AND COUNTY
OF HONOLULU'S NOTICE OF ERRATA IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
ON PLAINTIFFS' THIRD, FOURTH, AND EIGHTH CLAIMS**

     The City and County of Honolulu ("CCH") has filed an improper Surreply brief masking as an "errata."  The Court should disregard CCH's Surreply.  It is not allowed under Local Rule 7.4.  Additionally, CCH's Surreply contention is without merit.  Plaintiffs' Second Amended Complaint sufficiently alleges CCH violations of CCH's annual dieldrin and chlordane limits at the Sand Island wastewater treatment plant ("Sand Island") to allow this Court to grant Plaintiffs' Summary Judgment establishing these violations.

     Paragraph 41 of Plaintiffs' Second Amended Complaint broadly alleged that CCH's Daily Monitoring Reports ("DMR") have shown that Sand Island discharges have continuously violated CCH's dieldrin and chlordane limits.  This paragraph did not limit its allegation of CCH violation to CCH's daily dieldrin and chlordane limits, thus reasonably implying that CCH had violated all its dieldrin and chlordane limits.  CCH is well aware that its monthly DMRs report only continuous violations of CCH's annual chlordane and dieldrin limits, with only intermittent violations of its daily dieldrin and chlordane limits–meaning Plaintiffs necessarily had to allege annual dieldrin and chlordane violations to be able to claim continuous violations.

     Moreover, paragraph 89 of the Second Amended Complaint recited that CCH has both annual average and daily dieldrin and

chlordane limits.  Paragraph 90 in turn alleged that "the Defendants have not instituted any effective measures to comply with *these* chlordane and dieldrin limits and will thus remain in violation of *these* limits for the foreseeable future" (emphasis added).  Read in context with paragraph 89, this sufficiently alleges CCH violation of the annual average limits.

While paragraph 90 inadvertently included a typographical error reference to CCH violation of "monthly" dieldrin and chlordane limits, CCH cannot reasonably claim that this error precludes it and this Court from understanding that Plaintiffs allege that CCH has violated annual dieldrin and chlordane limits.  Read together with paragraphs 41 and 89, it is clear that Plaintiffs meant in Paragraph 90 to refer to CCH violation of *annual* dieldrin and chlordane limits (as there are no monthly dieldrin and chlordane limits in the Sand Island Permit, as paragraph 89 made plain).

Plaintiffs' Second Amended Complaint as drafted sufficiently alleges CCH violations of annual and daily dieldrin and chlordane violations so as to satisfy the "liberal" notice pleading requirements of Federal Rule of Civil Procedure Rule 8. *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  This is especially true given that Plaintiffs' summary judgment motion clearly explains any conceivable ambiguity in Plaintiffs'

complaint allegations of CCH's dieldrin and chlordane annual limit violations.  *See, e.g., Swierkiewicz*, 534 U.S. at 512 (Rule 8 forgives lack of pleading detail in recognition that summary judgment motions can suffice to explain in requisite detail a party's contentions); *Hodgson v. Virginia Baptist Hospital, Inc.*, 482 F.2d 821, 824 (4th Cir. 1973); *Reed v. Board of Education of Parkway School District*, 460 F.2d 824, 826 (8th Cir. 1972).  CCH ignores that Rule 8's policy of "liberal construction of pleadings" aims "to do substantial justice," and to preclude the elevation of form over substance in addressing the adequacy of pleadings.  *FRA S. p. A. v. Surg-O-Flex of America,* 415 F. Supp. 421, 424 (S.D. N.Y. 1976); *see also De Loach v. Crowley's Inc.*, 128 F.2d 378, 380 (5th Cir. 1942).

DATED:  Honolulu, Hawaiʻi, October 5, 2007.

Respectfully submitted,

 /s/ William M. Tam
CHRISTOPHER SPROUL
Environmental Advocates

PAUL ALSTON
WILLIAM M. TAM
BLAKE K. OSHIRO
Alston Hunt Floyd & Ing
Attorneys for Plaintiffs