CARRIE OKINAGA, 5958
Corporation Counsel
KATHLEEN A. KELLY, 6729
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 523-4203
Facsimile: (808) 523-4583
Email: kkelly@honolulu.gov

BINGHAM McCUTCHEN LLP
JAMES J. DRAGNA (CA SBN 91492)
NANCY M. WILMS (CA SBN 111837)
BRYAN K. BROWN (CA SBN 192924)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
Email: nancy.wilms@bingham.com

Attorneys for Defendant
City and County of Honolulu

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIV. NO. CV04-00463 DAE-KSC<br><br>**CITY AND COUNTY OF HONOLULU'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION AND CLARIFICATION**<br>Date:     N/A<br>Time:     N/A<br>Judge:    Hon. David Alan Ezra<br>Order Entered: 10/30/07<br>**(NON-HEARING MOTION)** |

## MEMORANDUM IN SUPPORT OF MOTION

I.   <u>INTRODUCTION</u>

Defendant City and County of Honolulu ("CCH") moves for partial reconsideration of the Court's Order Granting In Part And Denying In Part Plaintiffs' Motion For Partial Summary Judgment On Plaintiffs' Third, Fourth And Eighth Claims, filed October 30, 2007 (Docket # 153) ("Order").  The Order, among other things, granted summary judgment to plaintiffs for 832 violations of the Clean Water Act ("CWA") based on failure to meet the construction deadline for the Hart Street Pump Station ("Hart Street") as set forth in the Sand Island NPDES Permit.  The Order also stated that plaintiffs had "seven claims remaining" in the lawsuit.

Plaintiffs, however, in their Reply Memorandum In Support Of Their Motion For Partial Summary Judgment, filed on September 28, 2007 (Docket # 146) ("Reply"), unambiguously acknowledged that the Hart Street facility was in operation by the deadline and therefore stipulated to dismiss their Hart Street-related claims.  Similarly, plaintiffs' Reply represented they would stipulate to dismiss their Fifth, Seventh, and Tenth Claims.  Plaintiffs are bound to such statements.  Furthermore, since plaintiffs decided to forego their Hart Street claim, there was no "actual controversy" about which the Court could rule.  CCH seeks clarification from the Court that, similarly, there is no "actual controversy"

1

regarding plaintiffs' Fifth, Seventh and Tenth Claims.  Accordingly, CCH respectfully requests that this Court (1) reconsider its Order to grant summary judgment on plaintiffs' Fourth Claim insofar as it concerns the Hart Street Pump Station; (2) deny plaintiffs' motion as it applies to these 832 alleged violations; and (3) clarify that plaintiffs' Fifth, Seventh, and Tenth claims are dismissed.

II.   STANDARD OF REVIEW

CCH respectfully seeks relief pursuant to District of Hawaii Local Rule 60.1(c), which provides for motions for reconsideration on the grounds of "[m]anifest error of law or fact" that are filed not more than 10 business days after the court's written order is filed.  L.R. 60.1(c).  See also Haw. Disability Rights v. Cheung, No. 06-00605, 2007 U.S. Dist. LEXIS 66449, at *5 (D. Haw. Sept. 4, 2007) ("Under Local Rule 60.1(c), motions for reconsideration of interlocutory orders may be brought based on manifest errors of law or fact when there is a need to correct the errors to prevent manifest injustice.") (internal citation omitted).  In addition, CCH respectfully seeks clarification of the Court's Order pursuant to Local Rule 7.2(e).

ACTIVE/72300809.7/2017866-0000309724

III.  PLAINTIFFS ARE BOUND TO BOTH THEIR ADMISSION REGARDING THE HART STREET PUMP STATION AND THEIR STIPULATIONS TO DISMISS CERTAIN CLAIMS

In their Reply, plaintiffs explicitly agreed to "*dismiss their claims* related to the Hart Street Pump Station" based on evidence CCH provided[1] that "*the Hart Street Pump Station did start functioning before the deadline*." Id. (Reply at 20 n.13) (emphasis added).  These statements constitute both a judicial admission to which plaintiffs are bound and a stipulation to dismiss.  Am. Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) ("For purposes of summary judgment, the courts have treated representations of counsel in a brief as admissions even though not contained in a pleading or affidavit"; "stipulations and admissions in the pleadings are generally binding on the parties and the Court.").  Similar to their agreement to dismiss Hart Street, plaintiffs also stated in their Reply that "[t]o resolve the liability issues and expedite the remedy phase, Plaintiffs will *stipulate to dismiss* their Fifth, Seventh, and Tenth Claims."  Reply at 22 (emphasis added).  This stipulation is also binding on plaintiffs.  Lacelaw, 861 F.2d at 226.

---

[1] See CCH's Opposition To Plaintiffs' Motion For Partial Summary Judgment On Plaintiffs' Third, Fourth, And Eighth Claims, filed September 21, 2007 (Docket # 135) ("Opposition") at 37; Declaration of Guy M. Inouye in Support of Opposition (Docket # 139) at ¶¶ 11-15.

3

Plaintiffs' stipulations that they would dismiss Hart Street-related claims and three other causes of action were not addressed in the Order and may have been overlooked by the Court. CCH respectfully requests that the Court rule in accordance with these binding representations, reconsider its Order as to the Hart Street Pump Station violations, and clarify that the Fifth, Seventh, and Tenth Claims are dismissed as no "actual controversy" exists regarding those claims.[2]

## IV. THE COURT SHOULD NOT REACH ISSUES PLAINTIFFS HAVE CEASED TO DISPUTE

Because plaintiffs expressly agreed to "*dismiss their claims* related to the Hart Street Pump Station" (Reply at 20 n.13) and to "*stipulate to dismiss* their Fifth, Seventh, and Tenth Claims" (Id. at 22) (emphasis added), these claims no longer constitute an "actual controversy." See Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (internal quotations omitted). Therefore, the Court should not rule on claims plaintiffs themselves have agreed to dismiss. See Lawrence v. Dep't of Treasury, No. 4:93-

---

[2] The Court's Order stated "Plaintiffs have seven claims remaining in the instant lawsuit." Order at 2. Plaintiffs' Reply stipulated that because they would dismiss their Fifth, Seventh, and Tenth claims, "[o]nly Plaintiffs' Third, Fourth, Sixth, and Eighth Claims remain to be resolved." Reply at 22. Thus, CCH seeks clarification from the Court that there is no longer an "actual controversy" regarding plaintiffs' Fifth, Seventh, and Tenth claims, and they are accordingly dismissed.

4

CV-107, 1993 U.S. Dist. LEXIS 18860, at * 6 (D. Mich., Dec. 1, 1993) ("Although these issues may have been disputed between the parties at one time, they are not disputed now. Consequently, the Court determines that no case of actual controversy exists and will dismiss this claim").

In essence, plaintiffs' claims are moot, because whether a controversy exists is determined at the time a court acts. Lawrence, 1993 U.S. Dist. LEXIS 18860, at *6. Events that occur after the filing of an action may render the case moot. Golden v. Zwickler, 394 U.S. 103, 108 (1969). Here, plaintiffs filed causes of action which, in their Reply, they unequivocally disavowed their intent to pursue. Reply at 20 n.13, 22. As plaintiffs are bound to these stipulations, plaintiffs' Hart Street claims, as well as the Fifth, Seventh, and Tenth claims, are moot and the Court should not rule on the merits of those claims.

## V. RECONSIDERATION WOULD PREVENT MANIFEST INJUSTICE TO CCH

The granting of CCH's Motion for Reconsideration would prevent manifest injustice to CCH. As it stands, CCH has been held liable for 832 violations of the Clean Water Act, which even plaintiffs agree CCH should not be held liable for. This result is manifestly unjust as CCH should not be punished by this Court for a cause of action plaintiffs are no longer interested in pursuing and have agreed to dismiss. Granting reconsideration and eliminating the 832 violations would correct

5

the error and prevent manifest justice.  See Haw. Disability Rights, 2007 U.S. Dist. LEXIS 66449, at *5.

VI.   CONCLUSION

For these reasons set forth above, and based on plaintiffs' own stipulation to dismiss and factual admission that the Hart Street Pump Station was functioning before the deadline, CCH respectfully requests that this Court reconsider that portion of its October 30, 2007 Order at issue here and DENY summary judgment against plaintiffs that under plaintiffs' Fourth Claim, CCH committed 832 CWA violations related to delays in the construction of the Hart Street Pump Station. CCH further respectfully requests that this Court clarify that plaintiffs Fifth, Seventh, and Tenth Claims are dismissed because plaintiffs' stipulations remove any "actual controversy" as to those claims.

| | |
|---|---|
| DATED:   Honolulu, Hawaii<br>                November 14, 2007 | Respectfully submitted,<br>CARRIE OKINAGA<br>Corporation Counsel<br><br>By:  /s/Kathleen A. Kelly<br>       Kathleen A. Kelly<br>       Attorneys for Defendant<br>       The City and County Of Honolulu |

6