

# ORIGINAL

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department Of Justice
ROBERT D. MULLANEY
J. THOMAS BOER
Trial Attorneys
Environmental Enforcement Section
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Tel: (415) 744-6491
Fax: (415) 744-6476
E-mail: Robert.Mullaney@usdoj.gov
       Tom.Boer@usdoj.gov

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii
R. MICHAEL BURKE
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Tel: (808) 541-2850
Fax: (808) 541-2958

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 08 2007

at 12 o'clock and 46 min. P M
SUE BEITIA, CLERK

Attorneys for Plaintiff United States of America

Attorneys for Plaintiff State of Hawaii are listed on the following page

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA<br>and<br>STATE OF HAWAII,<br>    Plaintiffs,<br>v.<br>CITY AND COUNTY OF HONOLULU,<br>    Defendant. | Civil No. CV07 00235 HG KSC<br><br>COMPLAINT FOR INJUNCTIVE RELIEF |

EXHIBIT D

MARK J. BENNETT (Hawaii Bar No. 2672)
Attorney General of Hawaii

KATHLEEN S. HO (Hawaii Bar No. 3424)
EDWARD G. BOHLEN (Hawaii Bar No. 8333)
Deputy Attorneys General
465 South King Street, Room 200
Honolulu, Hawaii 96813
Tel: (808) 587-3050
Fax: (808) 587-3077
E-mail: Kathleen.S.Ho@hawaii.gov
        Edward.G.Bohlen@hawaii.gov

Attorneys for Plaintiff State of Hawaii

EXHIBIT D

The United States of America, by and through the undersigned attorneys, by the authority of the Attorney General of the United States and at the request of and on behalf of the United States Environmental Protection Agency ("EPA"), and Plaintiff State of Hawaii, by Mark J. Bennett, its Attorney General, and Chiyome Fukino, Director of the Hawaii Department of Health ("DOH") (collectively, the "State"), through their undersigned counsel, allege the following:

## STATEMENT OF THE CASE

1. The United States brings this civil action pursuant to Section 309(b) of the Federal Water Pollution Control Act, as amended by the Clean Water Act of 1977 and the Water Quality Act of 1987 ("Clean Water Act," "CWA" or "the Act"), 33 U.S.C. § 1319(b), for injunctive relief against the City and County of Honolulu ("CCH" or "Defendant") for a violation of Section 301(a) of the Act, 33 U.S.C. § 1311(a). Specifically, CCH violated the Act by discharging pollutants from its sanitary sewage collection system without a permit. The State brings this action for a violation of Haw. Rev. Stat. § 342D-50(a) and seeks the imposition of injunctive relief under Haw. Rev. Stat. § 342D-11 for that violation.

## JURISDICTION, VENUE, NOTICE, AND JOINDER

2. This Court has jurisdiction over the subject matter of this action pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345. This Court has supplemental jurisdiction over the claims asserted by the State pursuant to 28 U.S.C. § 1367 and Haw. Rev. Stat. §§ 342D-11, 342D-56. This Court also has jurisdiction over the parties to this action.

3. Venue is proper in this district pursuant to 33 U.S.C. § 1319(b) and 28 U.S.C. § 1391(b) because the transactions and events giving rise to this action occurred in this district, and because Defendant is located here.

4. EPA has provided notice of the commencement of this action to the State of Hawaii, through DOH, pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b). The State has been joined as co-plaintiff and has filed this action in

1

EXHIBIT D

accordance with Section 309(e) of the Act, 33 U.S.C. § 1319(e).

## PARTIES

5. Plaintiff United States is acting at the request of and on behalf of the Administrator of EPA ("Administrator"). The Attorney General is authorized to appear and represent the United States in this action pursuant to CWA Section 506, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

6. Plaintiff State of Hawaii is acting at the request and on behalf of DOH. Haw. Rev. Stat. §§ 28-1, 342D-11, and 342D-56. The State is a "person" as that term is defined in CWA Section 502(5), 33 U.S.C. § 1362(5), and within the meaning of Haw. Rev. Stat. § 342D-1.

7. Defendant CCH is a "municipality" within the meaning of CWA Section 502(4), 33 U.S.C. § 1362(4), and is a "person" within the meaning of CWA Section 502(5), 33 U.S.C. § 1362(5). Defendant CCH is also a "person" within the meaning of Haw. Rev. Stat. § 342D-1.

8. CCH is a county in the State of Hawaii created by statute and has the power to sue and be sued. Haw. Rev. Stat. § 46-1.5(22).

## FEDERAL STATUTES AND REGULATIONS

9. Section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant by any person except as authorized by and in compliance with certain other sections of the Act, including CWA Section 402, 33 U.S.C. § 1342.

10. CWA Section 502(12) defines "discharge of a pollutant" to mean "any addition of any pollutant to navigable waters from any point source" or "any addition of any pollutant to the waters of the contiguous zone or the ocean from any point source other than a vessel or other floating craft." 33 U.S.C. § 1362(12).

11. CWA Section 502(7) defines navigable waters to mean "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

12. CWA Section 502(6) defines "pollutant" to include sewage. 33

EXHIBIT D

U.S.C. § 1362(6).

13.    CWA Section 502(5) defines "person" to include a "State, municipality, commission, or political subdivision of a State." 33 U.S.C. § 1362(5). CWA Section 502(4) defines "municipality" to include a city. 33 U.S.C. § 1362(4).

14.    EPA regulations promulgated pursuant to the CWA define the term "waters of the United States" to include, inter alia, (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide; (ii) all interstate waters; (iii) all other waters such as intrastate lakes, rivers and streams, including intermittent streams, the use, degradation or destruction of which would or could affect interstate or foreign commerce; (iv) tributaries of waters of the United States; (v) the territorial seas; and (vi) certain wetlands (or wetlands adjacent to these waters). 40 C.F.R. § 122.2.

15.    CWA Section 502(14) defines the term "point source" to include "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well . . . [or] container . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

16.    Pursuant to Section 402(a) of the Act, 33 U.S.C. § 1342(a), the Administrator may issue a National Pollutant Discharge Elimination System ("NPDES") permit that authorizes the discharge of pollutants into waters of the United States, subject to the conditions and limitations set forth in such permit.

17.    Pursuant to Section 402(b) of the Act, 33 U.S.C. § 1342(b), the Administrator may approve a proposal submitted by a State to administer the NPDES program in that State. The Administrator approved Hawaii's proposal to

EXHIBIT D

administer the NPDES permit program in Hawaii in 1974. 39 Fed. Reg. 43,759 (Dec. 18, 1974). At all times relevant to this action, Hawaii DOH has been authorized to issue NPDES permits in conformity with federal law.

18. EPA retains concurrent enforcement authority pursuant to Section 402(i) of the Act, 33 U.S.C. § 1342(i).

19. CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person violates CWA Section 301, 33 U.S.C. § 1311.

## HAWAII STATUTES AND REGULATIONS

20. Haw. Rev. Stat. § 342D-50(a) provides that no person shall discharge any water pollutant into State waters, or cause or allow any water pollutant to enter State waters, except in compliance with Chapter 342D, rules adopted pursuant to the Chapter, or a permit or variance issued by the Director of DOH.

21. Haw. Rev. Stat. § 342D-1 defines "person" as "any individual, partnership, firm, association, public or private corporation, federal agency, the State or any of its political subdivisions, trust, estate, or any other legal entity."

22. Haw. Rev. Stat. § 342D-1 defines "water pollutant" as "dredged spoil, solid refuse, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical waste, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, soil, sediment, cellar dirt and industrial, municipal, and agricultural waste."

23. Haw. Rev. Stat. § 342D-1 defines "State waters" as "all waters, fresh, brackish, or salt, around or within the State, including, but not limited to, coastal waters, streams, rivers, drainage ditches, ponds, reservoirs, canals, ground waters,

EXHIBIT D

and lakes; provided that drainage ditches, ponds, and reservoirs required as a part of a water pollution control system are excluded."

24. Pursuant to Haw. Rev. Stat. § 342D-11, the State is authorized to seek injunctive relief for each violation of Haw. Rev. Stat. § 342D-50.

## GENERAL ALLEGATIONS

25. CCH owns and operates a publicly-owned treatment works ("POTW"), as defined in Section 212 of the Act, 33 U.S.C. § 1292, and in 40 C.F.R. § 403.3(q). The POTW collects, treats, and disposes of sanitary sewage for a major portion of the island of Oahu, Hawaii. CCH's POTW serves a population of approximately 750,000 people. Total sewage flow treated in CCH's POTW averages 121 million gallons per day ("MGD").

### The Sand Island Treatment Plant

26. The Sand Island Treatment Plant, located at 1150 Sand Island Parkway Road, Honolulu, Hawaii, serves a population of approximately 419,000 people and handles an average of 72.7 MGD of influent.

27. On February 20, 1990, EPA and DOH issued NPDES Permit No. HI 0020117 ("the Sand Island permit"), which authorizes CCH to discharge treated sanitary sewage from the Sand Island Treatment Plant to Mamala Bay from a designated outfall downstream of the Sand Island Treatment Plant; this outfall is a "point source" within the meaning of Section 502(14) of the Clean Water Act, 33 U.S.C. § 1362(14). The Sand Island permit was renewed on September 30, 1998. The Sand Island permit expired on its face on November 3, 2003, but has been administratively extended and thus remains in force.

28. The Sand Island permit does not authorize CCH to discharge sewage, whether treated or not, from any points other than the designated outfall

5

EXHIBIT D

downstream of the Sand Island Treatment Plant.

### Beachwalk Force Main

29. The Beachwalk Force Main is a 42-inch diameter concrete pipe that conveys untreated sewage from the Beachwalk Wastewater Pump Station to a gravity main that flows to the Sand Island Treatment Plant. The Beachwalk Force Main conveys most of the sewage generated in Manoa, Mo'ili'ili, and Waikiki.

30. Beginning on or about March 24, 2006, the Beachwalk Force Main suffered a failure. As a result, during the period beginning on or about March 24, 2006 and continuing until on or about March 29, 2006, CCH discharged approximately 48.7 millions gallons of raw sewage into the Ala Wai Canal, which flows into the Pacific Ocean (hereinafter, "the Beachwalk Spill").

### FIRST CLAIM FOR RELIEF
(Beachwalk Spill – Unpermitted Discharge of Sewage in Violation of CWA Section 301(a) and Haw. Rev. Stat. § 342D-50(a))

31. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 30 inclusive as though set forth in full herein.

32. The Beachwalk Force Main is a point source within the meaning of Section 502(14) of the CWA. 33 U.S.C. § 1362(14).

33. The Ala Wai Canal and the Pacific Ocean into which CCH spilled sewage are waters of the United States within the meaning of EPA regulations and Section 502(7) of the Act, and navigable waters within the meaning of Section 502(7) of the Act. 33 U.S.C. § 1362(7).

34. The Ala Wai Canal and the Pacific Ocean are State waters within the meaning of Haw. Rev. Stat. § 342D-1.

35. The Beachwalk Spill involved a discharge of pollutants from a point

6

EXHIBIT D

source into navigable waters of the United States, within the meaning of Section 502 of the Act, 33 U.S.C. § 1362, without a NPDES permit or other exception specified in Section 301(a) of the Act, 33 U.S.C. § 1311(a).

36. The Beachwalk Spill involved a discharge of water pollutants into State waters within the meaning of Haw. Rev. Stat. § 342D-50(a).

37. The Beachwalk Spill constituted a separate violation of Section 301(a), 33 U.S.C. § 1311(a), and Haw. Rev. Stat. § 342D-50(a).

38. Unless enjoined by an order of the Court, CCH will continue to violate the Act and Haw. Rev. Stat. § 342D-50(a).

39. Pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), CCH is liable for injunctive relief for this violation.

40. Pursuant to Haw. Rev. Stat. § 342D-11, CCH is liable for injunctive relief for this violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States and the State of Hawaii, respectfully request that this Court:

1. Permanently enjoin CCH from operating the collection system of its POTW in violation of the Clean Water Act's and Haw. Rev. Stat. § 342D-50's prohibitions on unpermitted discharges;

2. Award the United States and the State of Hawaii their costs and disbursements in this action; and

EXHIBIT D

3. Grant such other and further relief as this Court deems to be just and proper.

                Respectfully submitted,

                FOR PLAINTIFF THE UNITED STATES OF AMERICA

                MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment and Natural Resources
 Division
Washington, D.C. 20530

Date: May 7, 2007

                /s/ Robert D. Mullaney
ROBERT D. MULLANEY
J. THOMAS BOER
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources
 Division
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Tel: (415) 744-6491
Fax: (415) 744-6476

OF COUNSEL:

HUGH BARROLL
Assistant Regional Counsel
U.S. EPA, Region 9
75 Hawthorne Street
San Francisco, California 94105

8

EXHIBIT D

FOR PLAINTIFF STATE OF HAWAII

        MARK J. BENNETT
        Attorney General of Hawaii

        */s/ Kathleen S. Ho*
        KATHLEEN S. HO
        EDWARD G. BOHLEN
        Deputy Attorneys General
        State of Hawaii
        465 South King Street, Room 200
        Honolulu, Hawaii 96813
        Tel: (808) 587-3050
        Fax: (808) 587-3077
        E-mail: Kathleen.S.Ho@hawaii.gov
                Edward.G.Bohlen@hawaii.gov

EXHIBIT D