IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SIERRA CLUB, HAWAII CHAPTER, HAWAII'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION | ) ) ) ) ) | CV. NO. 04-00463 DAE-BMK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF HONOLULU, and FRANK DOYLE, DIRECTOR OF THE DEPARTMENT OF ENVIRONMENTAL SERVICES, in his official capacity, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |


ORDER GRANTING DEFENDANTS' MOTION
FOR RECONSIDERATION AND CLARIFICATION
OF ORDER FILED OCTOBER 30, 2007 REGARDING
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendants' motion and Plaintiffs'

response, the Court GRANTS Defendants' Motion for Reconsideration and

Clarification of Order Filed October 30, 2007 Regarding Plaintiffs' Motion for Partial Summary Judgment.

BACKGROUND

In July 2004, Plaintiffs filed the instant lawsuit, pursuant to the citizen suit provision of the Clean Water Act ("CWA"), which involves alleged violations of the Sand Island and Honouliuli National Pollution Discharge Elimination System Permits against the City and County of Honolulu ("CCH"). On April 16, 2007, this Court granted Plaintiffs' reconsideration motion with respect to Plaintiffs' third and fourth claims to resolve the legal methodology for counting CWA violations, but this Court reserved for a later decision the actual number of violations to avoid any possible double counting of violations.

On July 26, 2007, Plaintiffs filed a Motion for Partial Summary Judgment on their Third, Fourth, and Eighth claims. On September 21, 2007, CCH filed an opposition, and Plaintiffs filed a reply on September 28, 2007. After this Court heard Plaintiffs' motion on October 9, 2007, CCH filed a supplemental brief regarding an error in the annual average effluent limitations for chlordane in its Permit on October 16, 2007. Plaintiffs filed a response to the supplemental brief on October 22, 2007.

On October 30, 2007, this Court Granted in Part and Denied in Part Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Third, Fourth, and Eighth claims.  On November 14, 2007, CCH filed a Motion for Reconsideration and Clarification of the Order filed October 30, 2007 Regarding Plaintiffs' Motion for Partial Summary Judgment (Doc. # 154).  CCH  requests that this Court dismiss Plaintiffs' claims related to the Hart Street Pump Station, and Plaintiffs' Fifth, Seventh, and Tenth Claims based on stipulations made by Plaintiffs in their reply brief.  (Pl.s' Reply at 20 n. 13, 22).  On November 21, 2007, Plaintiffs filed a response to the instant reconsideration motion agreeing to dismiss their claims.

<u>STANDARD OF REVIEW</u>

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  <u>Donaldson v. Liberty Mut. Ins. Co.</u>, 947 F. Supp. 429, 430 (D. Haw. 1996).

Defendants seek relief pursuant to Local Rule 60.1(c) and Rule 60(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Under Local Rule 60.1(c), motions for reconsideration of interlocutory orders may be brought

based on manifest errors of law or fact when there is a need to correct the errors to prevent manifest injustice. See Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2004) (noting that reconsideration motions may be granted when there is a need to correct a manifest error to prevent manifest injustice); Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (same); Donaldson, 947 F. Supp. at 430 (interpreting identical language in a prior local rule regarding manifest errors). Rule 60(b)(6) allows relief from orders based on any "reason justifying relief from operation of judgment," so long as that reason involves "extraordinary circumstances." Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

DISCUSSION

        This Court notes that the order underlying the instant reconsideration motion granted Plaintiffs' motion for partial summary judgment in their favor. CCH did not move to dismiss Plaintiffs' claims regarding the Hart Street Pump Station, or Plaintiffs' Fifth, Seventh, and Tenth claims. Accordingly, there was no motion in part by this Court to dismiss other claims. However, because the parties have stipulated to dismiss certain claims, this Court GRANTS CCH's reconsideration and clarification motion based on Plaintiffs' agreement to dismiss the above claims.

4

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Defendants' Motion for Reconsideration and Clarification of Order Filed October 30, 2007 Regarding Plaintiffs' Motion for Partial Judgment.  Plaintiffs' Hart Street Pump Station claims and Plaintiffs' Fifth, Seventh, and Tenth claims are hereby DISMISSED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 11, 2007.



_____
David Alan Ezra
United States District Judge

<u>Sierra Club, Hawaii Chapter, et. al., v. City and County of Honolulu, et. al.</u>, CV. NO. 04-00463 DAE BMK; ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION AND CLARIFICATION OF ORDER FILED OCTOBER 30, 2007 REGARDING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT