# EXHIBIT E

MARK J. BENNETT        2672
Attorney General of Hawai'i
HEIDI M. RIAN          3473
EDWARD G. BOHLEN       8333
KATHLEEN S. Y. HO      3424
Deputy Attorneys General
Department of the Attorney
General, State of Hawai'i
465 South King Street, Room 200
Honolulu, Hawai'i 96813
Telephone: (808) 587-3050
Facsimile: (808) 587-3077

Attorneys for Plaintiff
STATE OF HAWAI'I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CIVIL NO. 1:07-00235 DAE/KSC |
| Plaintiff, | PLAINTIFF STATE OF HAWAI'I'S DECLARATION OF LILIAN STODDARD IN SUPPORT OF ITS REPLY TO OPPOSITION OF SIERRA CLUB, ET AL., TO THE ENTRY OF STIPULATED ORDER |
| vs. | |
| CITY AND COUNTY OF HONOLULU, | |
| Defendants. | |

## PLAINTIFF STATE OF HAWAI'I'S DECLARATION OF LILIAN STODDARD IN SUPPORT OF ITS REPLY TO OPPOSITION OF SIERRA CLUB, ET AL., TO THE ENTRY OF STIPULATED ORDER

I, Lilian Stoddard, declare the following:

1. I am an Environmental Engineer IV employed by the Hawaii Department of Health (DOH), Clean Water Branch since December 15, 1999. I have personal knowledge of and am competent to make the declaration that is set forth herein.

2. In my capacity as an Environmental Eng. IV, my duties are to oversee individual permit compliance. I am the engineer assigned to oversee wastewater treatment plant permit compliance and the City and County of Honolulu's compliance with the 1995 Consent Decree.

3. I have been directly involved in the settlement negotiations regarding compliance with the 1995 Consent Decree and additional enforcement issues. These negotiations included the City and County of Honolulu (CCH), DOH, and the United States Department of Justice with the Environmental Protection Agency (EPA). For many months, the negotiations also included attorneys for the Sierra Club, Hawaii Chapter, Hawaii's Thousand Friends, and Our Children's Earth Foundation.

4. DOH has devoted substantial resources to evaluating CCH's compliance with the 1995 Consent Decree and, more generally, its sewer system's compliance with

the State Clean Water Act, HRS 342D.

5.   I have been directly involved in the State's 2004 Notice and Finding of Violation and Order (Docket Nos. 2004-CW-EO-01N and 04-WW-EO-2) which required CCH to take steps to eliminate sewage spills from force mains, the pressurized pipes which transport sewage from pump stations towards the treatment plants.

6.   In 2004 and 2005, DOH and EPA conducted a comprehensive review of CCH's wastewater collection system. I participated as a member of the review team.

7.   As a result of these efforts, DOH and EPA identified many deficiencies in CCH's collection system, wastewater treatment plant operations, and other Consent Decree requirements and communicated their concerns to CCH.

8.   This led to a series of settlement meetings over the course of one year beginning in March 2006 with DOH, EPA, and CCH that led to the lodging of Stipulated Order in this docket, CV 07-00235 DAE-KSC.

9.   I participated in these negotiations, providing technical expertise for DOH.

10.  On March 24, 2006, CCH's Beachwalk force main failed, resulting in CCH's discharging approximately 48.7 million gallons of raw sewage into the Ala Wai Canal, which flows into the Pacific Ocean.

2

11.    DOH and EPA decided that the most pressing priority to prevent further wastewater spills was to expedite work on what they considered to be the six most vulnerable force mains based on age, location, spill history, and lack of redundant force mains, and the Beachwalk Wastewater Pump Station.

12.    The Stipulated Order will require CCH to evaluate the condition of these force mains, develop spill contingency plans, and construct substantial wastewater infrastructure.

13.    The work that CCH would perform under the Stipulated Order is a critical interim step in the effort to prevent wastewater spills.

14.    DOH and EPA carefully considered whether, given existing vulnerabilities of these force mains, it should allow CCH to forgo or truncate the planning and environmental review process in order to expedite the completion of construction.

15.    DOH and EPA concluded that, given CCH's commitment to comprehensive condition assessments and follow-up action plans in the Stipulated Order, it was reasonable to allow for the planning and construction schedules set forth in the Stipulated Order.

16.    The Stipulated Order represents a reasonable compromise between constructing infrastructure promptly versus allowing CCH the time to engage in orderly planning with public participation, budgeting, and construction

3

management.

17. In the Stipulated Order, DOH, EPA, and CCH stated their intention to negotiate in good faith a comprehensive remedy addressing all compliance issues associated with CCH's wastewater system. This includes issues relating to the remaining force mains. To begin this task, the parties have scheduled negotiations to commence on October 1, 2007 to deal with other compliance issues identified by DOH and EPA.

18. CCH has already commenced work on many of the projects and has completed the construction of the Beachwalk emergency bypass force main as agreed to in the Stipulated Order.

19. DOH, EPA, and CCH have met and conferred three times on various condition assessments as required by the Stipulated Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of September, 2007 in Honolulu, Hawaii.

*Lilian Stoddard*
LILIAN STODDARD

4