# EXHIBIT H

Case 1:04-cv-00463-DAE-BMK   Document 163-10   Filed 02/07/2008   Page 1 of 10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA; STATE OF HAWAI'I, <br><br> Plaintiffs, <br><br> and <br><br> SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; OUR CHILDREN'S EARTH FOUNDATION, <br><br> Intervenors <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU, <br><br> Defendant. | CIVIL NO. 07-00235 DAE-KSC <br><br> FINDINGS AND RECOMMENDATION TO IMPOSE CONDITIONS OF INTERVENTION |

FINDINGS AND RECOMMENDATION TO
IMPOSE CONDITIONS OF INTERVENTION

At the November 2, 2007 status conference, the Court advised the parties that it intended to hold oral arguments regarding the issue of whether to impose conditions on Plaintiff Intervenors Sierra Club, Hawaii Chapter, Hawaii's Thousand Friends, and Our Children's Earth Foundation (collectively "Intervenors"). The

Court permitted the parties to file optional memoranda. On November 13, 2007, Intervenors, Plaintiffs United States of America ("USA") and the State of Hawaii ("State") (collectively "Plaintiffs"), and Defendant City and County of Honolulu ("Defendant") filed memoranda.

On November 20, 2007, the Court held oral arguments. Robert Mullaney, Esq., appeared by phone on behalf of USA. Deputy Attorney General Edward Bohlen, appeared on behalf of the State. Christopher Sproul, Esq., appeared by phone, and William Tam, Esq., appeared on behalf of Intervenors. Corporation Counsel Carrie Okinaga and Deputy Corporation Counsel Kathleen Kelly appeared, and James Dragna, Esq., appeared by phone, on behalf of Defendant. After careful consideration of the parties' submissions and the arguments of counsel, the Court finds that conditions of intervention are appropriate.

## BACKGROUND

On June 28, 2007, the Court issued a Findings

and Recommendation to Grant Intervenors' Amended Motion to Intervene ("F&R"). United States District Judge David A. Ezra adopted the F&R on July 26, 2007. In the F&R, the Court determined that Intervenors could intervene as a matter of right pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a)(1) and 33 U.S.C. § 1365(b) of the Clean Water Act ("CWA"). At the time the Court issued the F&R, it declined to impose conditions due to the insufficiency of the record and because Judge Ezra had yet to make a ruling on the Stipulated Order. However, this Court reserved the right to address the issue of conditions following a decision by Judge Ezra on the Stipulated Order, which he issued on October 10, 2007. See Order Approving Entry of Stipulated Order (Docket No. 61).

DISCUSSION

USA, the State, and Defendant all agree that conditions of intervention similar to those in United States of America, et al. v. City and County of Honolulu, CV 94-00765 DAE-KSC, should be imposed in

3

this action. Defendant requests two additional conditions: 1) limiting intervention to overseeing Defendant's compliance with the Stipulated Order, which would deem the Complaint in Intervention fully resolved by the Stipulated Order and 2) recognition that Intervenors' claim for declaratory relief is beyond the scope of the underlying action and should be stricken.

Intervenors maintain that given their unconditional right to intervene, they are in the same position as USA to pursue their rights without preset conditions.

This Court has previously acknowledged that under the plain language of FRCP 24(a)(1), Intervenors' right of intervention in this action is unconditional. Generally, "intervenors are permitted to litigate fully once admitted to suit." League of United Latin American Citizens v. Wilson, 131 F.3d 1297 (9th Cir. 1997). However, while intervenors as of right may fully litigate the merits by raising additional claims arising out of the same transactions as the main claims

4

"or are ancillary thereto, it is also well settled that an intervenor in equitable proceedings is bound by all prior orders and decrees as though he had been a party from the inception of the suit." Hall County Historical Soc'y, Inc. v. Georgia Dept. of Transp., 447 F. Supp. 741, 746 (D.C. Ga. 1978) (citing Galbreath v. Metro. Trust Co. of Cal., 134 F.2d 569 (10th Cir. 1943); Moore v. Tangipahoa Parish School Bd., 298 F. Supp. 288 (E.D. La. 1969)); see also Vinson v. Washington Gas Light Co., 321 U.S. 489, 498 (1944) ("[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding.").

Although the Court recognizes Intervenors' rights and limitations in litigating the instant action, the Court may, in its discretion, impose conditions on intervention. Rule 24(a)(1) does not expressly provide for the imposition of conditions, but the Advisory Committee notes to the 1966 Amendment to

5

FRCP 24 provides that "[a]n intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24, 1966 advisory committee notes. Indeed, courts may impose reasonable limitations on the participation of intervenors as of right to <u>ensure the efficient adjudication of the litigation</u>. See <u>U.S. v. Duke Energy Corp.</u>, 171 F. Supp. 2d 560, 565 (M.D.N.C. 2001) (citing <u>Stringfellow v. Concerned Neighbors in Action</u>, 480 U.S. 370, 383 (1987) (Brennan, J., concurring) ("[R]estrictions on participation may . . . be placed on an intervenor of right and on an original party."); <u>United States v. South Florida Water Mgmt. Dist.</u>, 922 F.2d 704, 710 (11th Cir. 1991) (finding intervention of right but remanding to the district court "to condition . . . intervention in this case on such terms as will be consistent with the fair, prompt conduct of this litigation")). Thus, a court's discretion to impose

conditions is not without limitation. The conditions imposed by the Court must be reasonable and of a housekeeping nature. 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1922 (It is doubtful "that the court has the right to make significant inroads on the standing of an intervenor of right; in particular, it should not be allowed to limit the intervenor in the assertion of counterclaims or other new claims" (footnotes omitted)).

Despite Intervenors' contention that they should not be subject to any conditions, the foregoing authority permits the Court to impose reasonable conditions to ensure the efficient adjudication of the litigation. In order to promote the efficient conduct of the proceedings and the orderly administration of justice, the Court recommends imposition of the following conditions on intervention: (1) Intervenors shall not seek redetermination of any issue already settled in this case nor shall they seek to set aside

7

any provision of the Stipulated Order; (2) Intervenors must seek leave of the Court before filing any motion to enforce the Stipulated Order; (3) any party may file a motion seeking to stay the litigation for a reasonable period of time to allow the parties to further engage in good faith settlement discussions; and (4) the Court will assist and facilitate compliance and/or settlement by scheduling telephonic or in-person status conferences on a periodic basis.

In an abundance of caution, the Court declines to impose the two additional conditions requested by Defendant, because the conditions may or would effectively dispose of the Complaint in Intervention. This Court does not have the authority to impose conditions that will preclude a determination of claims and issues on their merits. Nevertheless, the Court reserves the right to recommend imposition of additional conditions necessary for the efficient adjudication of litigation if the need should arise.

CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that the district court impose the conditions on intervention stated above herein.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, November 21, 2007.



Kevin S.C. Chang
United States Magistrate Judge

UNITED STATES OF AMERICA, ET AL. V. CITY AND COUNTY OF HONOLULU, CV 07-00235 DAE-KSC; FINDINGS AND RECOMMENDATION TO IMPOSE CONDITIONS OF INTERVENTION