CARRIE OKINAGA, 5958
Corporation Counsel
KATHLEEN A. KELLY, 6729
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 768-5235
Facsimile: (808) 523-4583
Email: kkelly@honolulu.gov

BINGHAM McCUTCHEN LLP
JAMES J. DRAGNA (CA SBN 91492)
NANCY M. WILMS (CA SBN 111837)
BRYAN K. BROWN (CA SBN 192924)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
Email: nancy.wilms@bingham.com

Attorneys for Defendant
City and County of Honolulu

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>Defendant. | CIV. NO. CV04-00463 DAE-BMK<br><br>**DECLARATION OF KATHLEEN A. KELLY IN SUPPORT OF CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS PLAINTIFFS' FIRST AND SECOND CLAIMS FOR RELIEF**<br>Date:     To Be Determined<br>Time:    TBD<br>Judge:   Hon. David Alan Ezra |

## DECLARATION OF KATHLEEN A. KELLY

I, Kathleen A. Kelly, declare as follows:

1. I am Deputy Corporation Counsel for defendant City and County of Honolulu ("CCH" ). I am admitted to practice before this Court.

2. Plaintiffs Sierra Club, Hawai'i Chapter, Hawai'i's Thousand Friends, and Our Children's Earth Foundation ("plaintiffs") filed a First Amended Complaint on October 2, 2004 and a Second Amended Complaint ("Complaint") on January 10, 2005. Plaintiffs' Complaint included, among other things, claims brought under Section 301(a) of the Clean Water Act ("CWA") based on alleged spills from the collection system after May 1999 ("Plaintiffs' Collection System Claims"), as well as alleged violations of the Sand Island and Honouliuli National Pollutant Discharge Elimination System ("NPDES") Permits relating to treatment plant issues and alleged violations of two United States Environmental Protection Agency ("EPA") administrative orders.

3. Based on a 1995 Consent Decree between CCH and EPA and the State of Hawaii Department of Health ("DOH") (collectively, the "Governments"), CCH moved, among other things, to dismiss Plaintiffs' Collection System Claims under Section 505(b)(1)(B) of the CWA and under the doctrine of *res judicata*.

1

4. On September 30, 2005, this Court dismissed Plaintiffs' Collection System Claims with prejudice based on the doctrine of *res judicata,* but did not address CCH's argument with respect to statutory preclusion under CWA Section 505(b)(1)(B).

5. The Governments filed a lawsuit (<u>United States, et al. v. City and County of Honolulu</u>, No. 94-00765 DAE) ("1994 Government Lawsuit") in 1994 which, like Plaintiffs' Collection System Claims, is based on unpermitted discharges from the collection system. A true and correct copy of the 1994 Government Lawsuit complaint is attached hereto as **Exhibit A**.

6. On May 15, 1995, this Court entered a Consent Decree as Modified by Stipulation ("1995 Consent Decree") in the 1994 Government Lawsuit. A true and correct copy of the 1995 Consent Decree is attached hereto as **Exhibit B**.

7. In an article titled *Sewer upgrades to cost $1.6 billion*, EPA recognized it is impossible to have "zero spills anywhere....The goal is to have as few spills as possible." A true and correct copy of this article is attached hereto as **Exhibit C**. Similarly, EPA has acknowledged in a Congressionally-mandated report that "[m]ost technologies and operating practices [used to control spills] are designed to reduce, not eliminate, the discharge of pollutants and attendant impacts because it is generally not feasible to eliminate all discharges." A true and correct

copy of the relevant pages of the "Report to Congress: Impacts and Control of CSOs and SSOs" is attached hereto as **Exhibit D**.

8. True and correct copies of the United States' Reply To Sierra Club's Opposition To Entry Of Stipulated Order and the Declaration of Joann Cola in Support of the United States' Reply, filed September 26, 2007, are attached hereto as **Exhibits E and F**. True and correct copies of the State's Reply To Opposition Of Sierra Club, Et. Al, To Entry Of Stipulated Order and the Declaration of Lilian Stoddard in support of the State's Reply, filed September 26, 2007, are attached hereto as **Exhibits G and H**.

9. True and correct copies of a June 30, 2003 EPA letter attaching EPA's June 30, 2003 Findings of Violation And Order For Compliance are attached hereto as **Exhibit I**. True and correct copies of DOH's April 15, 2004 Notice And Finding Of Violation And Order are attached hereto as **Exhibit J**.

10. A true and correct copy of the Declaration Of Ross Tanimoto In Support Of CCH's Opposition To Plaintiffs' Motion For Reconsideration of Order Filed September 30, 2005 Dismissing Plaintiffs' First And Second Claims, filed February 7, 2008, is attached hereto as **Exhibit K**.

11. On May 8, 2007, EPA, on behalf of itself and DOH, lodged a Stipulated Order providing injunctive relief for certain force mains. Concurrently with the lodging of the Stipulated Order, EPA also lodged a complaint

("Beachwalk Claim") with a single cause of action based on a March 24, 2006 spill at the Beachwalk force main. A true and correct copy of the Beachwalk Complaint, filed May 8, 2007, is attached hereto as **Exhibit L**. The Stipulated Order was entered by this Court on October 10, 2007.

12.  With the Stipulated Order successfully negotiated, CCH and the Governments turned once again to negotiation of the "global" collection system issues, and have embarked on an ambitious negotiation schedule. Because plaintiffs would not agree to a stay in litigation, they have not been included in the settlement discussions.

13.  To date, the parties have met on October 1 in San Francisco, December 4 in Honolulu, and February 12-13, 2008 in San Francisco. These negotiations have proven successful and CCH and the governments continue to seek resolution of all outstanding issues informally outside of wasteful and polarizing litigation.

14.  The parties' next meeting is scheduled for April 22-23, 2008 in Honolulu. Judge Chang has taken an active role in monitoring the parties' progress, working with CCH and plaintiffs to ascertain whether, and under what conditions, there is an appropriate role for plaintiffs in the settlement negotiations.

15.  In a Motion For Entry Of Consent Decree filed on February 24, 1995 by EPA, EPA acknowledged it was the "primary overseer of compliance with

4

the decree" and emphasized that it would be "'vigilant' in overseeing the terms of this very important decree." A true and correct copy of EPA's Notice of Motion and Motion For Entry Of Consent Decree is attached hereto as **Exhibit M**.

16. On March 6, 2007, plaintiffs filed a Motion to Intervene in the 1994 Government Lawsuit. On May 4, 2007, Magistrate Judge Chang issued Findings and Recommendation allowing plaintiffs to intervene in the 1994 lawsuit, subject to four conditions which allowed plaintiffs to oversee enforcement of the 1995 Consent Decree without disturbing that settlement. This Court adopted those Findings and Recommendation on May 24, 2007. On May 26, 2007, plaintiffs filed a second Motion to Intervene, in the 2007 Beachwalk Claim. On June 28, 2007, Magistrate Judge Chang issued Findings and Recommendation granting intervention. This Court adopted those Findings and Recommendation on July 26, 2007.

I, Kathleen A. Kelly, do declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of March 2008 in Honolulu, Hawaii.

/s/Kathleen A. Kelly
Kathleen A. Kelly