# EXHIBIT A

LOIS J. SCHIFFER
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
LESLIE ALLEN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-4114

ELLIOT ENOKI
United States Attorney
District of Hawaii
MICHAEL CHUN
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

ROBERT A. MARKS     2163
Attorney General of Hawaii
SONIA FAUST         627
LAURENCE K. LAU     1466
Deputy Attorneys General, State of Hawaii
Kekuanao'a Building, Room 200
465 South King Street
Honolulu, Hawaii 96813
Telephone (808) 587-3050

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 3 1994

at 10 o'clock and ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> and <br><br> STATE OF HAWAII, by Robert A. Marks, Its Attorney General, and PETER A. SYBINSKY, Ph.D., Director of Health, State of Hawaii, <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF HONOLULU, <br> Defendant. | CIV. NO. 94-00765 DAE <br><br><br><br><br> COMPLAINT; SUMMONS |

COMPLAINT - 1 -

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii
By /s/ Rosemary Lawson
                    Deputy

EXHIBIT A

The United States of America ("United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and Plaintiffs State of Hawaii, by Robert A. Marks, its Attorney General, and Peter A. Sybinsky, Ph.D., Director of the Hawaii Department of Health ("DOH") (collectively, "State"), through their undersigned counsel, allege the following:

## PRELIMINARY STATEMENT

1. The United States brings this civil action pursuant to Section 309 of the Federal Water Pollution Control Act ("Clean Water Act" or "Act"), 33 U.S.C. § 1319, for assessment of civil penalties and injunctive relief against the City and County of Honolulu ("CCH" or "Defendant"). The City discharged pollutants from its Collection System, which were not authorized under Section 301(a) of the Act, 33 U.S.C. § 1311(a). The City also failed to develop, fully implement and enforce, a pretreatment program for Industrial Users of its Publicly Owned Treatment Works ("POTWs" or "treatment plants"), as required by Section 307(b) and (d) of the Act, 33 U.S.C. § 1317(b) and (d), and the implementing regulations, 40 C.F.R. Part 403, and in violation of the National Pollutant Discharge Elimination System ("NPDES") permit for one of its treatment plants. The State brings this action for violations of Section 342D-50(a), Hawaii Revised Statutes ("HRS"), and seeks the imposition of civil

COMPLAINT - 2 -

penalties and injunctive relief for violations referenced in that section.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and Section 309(b) of the Act, 33 U.S.C. § 1319(b). This Court has supplemental jurisdiction over the claims asserted by the State of Hawaii pursuant to HRS §§ 603-21.5(2) and (3), 342D-11, 342D-30(a), and 342D-56, and 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 33 U.S.C. § 1319(b) and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), and pursuant to HRS § 603-36(1), because it is the judicial district in which CCH is located and in which the violations occurred.

## DEFENDANT

4. Defendant CCH is a "municipality" within the meaning of Section 502(4) of the Act, 33 U.S.C. § 1362(4), and is also a "person" within the meaning of Section 502(5) of Act, 33 U.S.C. § 1362(5).

5. CCH is a county in the State of Hawaii created by statute and has the power to sue and be sued. HRS § 46-1.5(22).

## STATUTORY BACKGROUND

6. Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into waters of the United States by any person except in accordance with Section 301 of the Act, 33 U.S.C. § 1311, and as authorized by and in

COMPLAINT - 3 -

compliance with certain other sections of the Act, including, *inter alia*, Sections 307 and 402 of the Act, 33 U.S.C. §§ 1317, 1342.

7. Pursuant to Section 402(a) of the Act, 33 U.S.C. § 1342(a), the EPA Administrator ("Administrator") may issue an NPDES permit that authorizes the discharge of pollutants directly into Navigable Waters, or Waters of the United States, but only upon compliance with the applicable requirements, *inter alia*, of Sections 301 and 307 of the Act, 33 U.S.C. §§ 1311 and 1317, and such other conditions as the Administrator determines are necessary to carry out the provisions of the Act.

8. Pursuant to Section 402(b) of the Act, 33 U.S.C. § 1342(b), the Administrator may approve a proposal submitted by a state to administer the NPDES program in that state. The Administrator approved Hawaii's proposal to administer the NPDES permit program in Hawaii.

9. Pursuant to federal law, the State of Hawaii, Department of Health is, and at all relevant times has been, authorized to issue NPDES permits in conformity with federal law. 39 Fed. Reg. 43,759.

10. Section 307(b) of the Act, 33 U.S.C. § 1317(b), authorizes the Administrator to promulgate regulations establishing pretreatment standards governing the introduction of pollutants into a POTW "for those pollutants which are determined not to be susceptible to treatment by such [POTW] or which would interfere with the operation of the POTW."

COMPLAINT - 4 -

11. Pursuant to Sections 307(b) and 501(a) of the Act, 33 U.S.C. § 1317(b), § 1361(a), the Administrator of EPA promulgated "General Pretreatment Regulations for Existing and New Sources of Water Pollution," which are codified at 40 C.F.R. Part 403, to ensure implementation of the pretreatment standards established under Section 307(b) of the Act, 33 U.S.C. § 1317(b).

12. The regulations contained in 40 C.F.R. Part 403 govern Industrial Users that introduce pollutants into a POTW, see, e.g., 40 C.F.R. §§ 403.5, 403.6, and 405-424. The regulations also govern POTWs that implement programs designed to control such industrial discharges. See, e.g., 40 C.F.R. § 403.8 et seq.

13. Pursuant to 40 C.F.R. § 403.8(a), any POTW (or combination of POTWs operated by the same authority), with a total design flow greater than 5 million gallons per day and receiving from Industrial Users ("IUs") pollutants which Pass Through or Interfere with the operation of the POTW or are otherwise subject to Pretreatment Standards must establish a POTW Pretreatment Program.

14. Pursuant to 40 C.F.R. § 403.8(b), the Pretreatment Program must be administered by the POTW to ensure compliance by IUs with applicable Pretreatment Standards and Requirements.

15. Pursuant to 40 C.F.R. § 403.8(f), a POTW pretreatment program must contain certain legal authorities and procedures, and these authorities and procedures shall at all times be fully and effectively exercised and implemented.

COMPLAINT - 5 -

16. Section 309(b) and (d) of the Act, 33 U.S.C. § 1319(b) and (d), provide for commencement of actions for injunctive relief and/or civil penalties for violations of, *inter alia*, Sections 301, 307, and 402 of the Act, 33 U.S.C. §§ 1311, 1317 and 1342, including the conditions and limitations of NPDES permits. Section 309(d) authorizes the imposition of civil penalties, which are not to exceed $25,000 per day for each violation.

17. Section 342D-50(a), HRS, provides that no person shall discharge any water pollutant into state waters, or cause or allow any water pollutant to enter state waters, except in compliance with this chapter, or a permit or variance issued by the Director.

18. HRS §§ 342D-4 and 342D-5 authorize DOH to regulate discharges of water pollutants and effluent into POTWs, and HRS § 342D-50(c) prohibits discharges of water pollutants and effluent into POTWs in violation of pretreatment standards or permit conditions relating to pretreatment.

19. DOH, under HRS ch. 342D and other statutes, has adopted the following rules: Hawaii Administrative Rules ("HAR") ch. 11-54, entitled "Water Quality Standards;" ch. 11-55, entitled "Water Pollution Control;" and ch. 11-62, entitled "Wastewater Systems."

20. HAR § 11-55-03 prohibits the violation of HRS § 342D-50 or any NPDES permit.

COMPLAINT - 6 -

21. HAR § 11-55-24 adopts pretreatment standards (incorporating national standards by reference) and regulates users of POTWs.

22. HAR § 11-62-06(g) prohibits in part wastewater spills, overflows, and discharges onto the ground or into state waters.

23. Pursuant to HRS §§ 342D-11, 342D-30, and 342D-31, the State is authorized to seek injunctive relief and penalties not to exceed $10,000 for each day of each violation of, <u>inter alia</u>, HRS § 342D-50(a), HAR §§ 11-55-03, 11-55-24, or 11-62-06(g), or any NPDES permit.

<u>GENERAL ALLEGATIONS</u>

24. Defendant CCH owns and operates eleven POTWs, as defined in Section 212 of the Act, 33 U.S.C. § 1292, and in 40 C.F.R. § 403.3(o). These treatment plants treat domestic and industrial wastewater for the major portions of the island of Oahu, Hawaii.

25. CCH "discharges pollutants" within the meaning of Section 502(6) and (12) of the Act, 33 U.S.C. § 1362(6), (12), from its POTWs through "point sources" within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14), into the Pacific Ocean, and other "navigable waters" within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7), and 40 C.F.R. § 122.2.

26. CCH's treatment plants receive wastewater from an approximately 1900 mile Collection System, which includes pipes,

COMPLAINT - 7 -

manholes, sewer lines, pump stations, and appurtenances thereto that convey domestic and industrial wastewater to CCH's treatment plants.

27. Pursuant to Section 402(a) of the Act, 33 U.S.C. § 1342(a), and the authority delegated to the State of Hawaii under Section 402(b) of the Act, 33 U.S.C. § 1342(b), the State issued NPDES permits to CCH's POTWs. In general, these permits authorize CCH to discharge pollutants from specific outfalls of its POTWs into the Pacific Ocean and other Navigable Waters (or Waters of the United States), subject to certain limitations and conditions. These permits do not authorize discharges from CCH's Collection System.

28. On July 29, 1982, EPA approved a POTW pretreatment program for CCH. In accordance with the approved POTW pretreatment program, CCH was required to develop, implement, and administer the pretreatment program, in accordance with 40 C.F.R. § 403.8, for all of its treatment plants within its entire service area, including developing and enforcing local limits to implement general and specific prohibitions set forth in the pretreatment regulations.

29. CCH developed a pretreatment program for its Sand Island treatment plant. The NPDES permit for the Sand Island plant, Permit No. HI 0020117, issued by the State on June 15, 1983, incorporates EPA's Pretreatment Regulations at 40 C.F.R. Part 403, as well as CCH's approved POTW pretreatment plan. That permit was modified on September 5, 1986, and was to expire on

COMPLAINT - 8 -

April 30, 1988. However, the permit was subsequently administratively extended, pursuant to 40 C.F.R. § 122.6, was reissued on January 5, 1990, and became effective on February 20, 1990.

<u>FIRST CLAIM FOR RELIEF</u>

<u>FAILURE TO IMPLEMENT PRETREATMENT PROGRAM</u>

30. Paragraphs 1 through 28 are realleged and incorporated herein by reference.

31. For at least the past five years, CCH has failed to comply with EPA's pretreatment regulations and has failed to fully implement its approved Pretreatment Program.

32. In accordance with 40 C.F.R. § 403.8 and its approved general POTW pretreatment program, CCH was required to develop, implement, and administer the pretreatment program at all of its individual POTWs that discharge to surface waters, have NPDES permits, and meet the requirements of 40 C.F.R. § 403.8(a). However, except for the Sand Island plant, CCH failed to develop, implement, and administer the pretreatment program at its treatment plants, including Honouliuli, Kailua, Kaneohe, Wahiawa, Waianae, Ahuimanu, and Whitmore Village.

33. As an example, in accordance with 40 C.F.R. § 403.8(f), CCH was required to identify and locate all possible IUs that are subject to CCH's pretreatment program, to conduct industrial waste surveys, and to create an inventory of industrial contributions within the service areas of the POTWs. CCH has failed to complete this survey and identification process.

COMPLAINT - 9 -

34. CCH's violations of these pretreatment requirements are violations of 40 C.F.R. § 403.8 and Sections 301 and 307 of the Act, 33 U.S.C. §§ 1311 and 1317.

35. Pursuant to Section 309(d) of the Act, 33 U.S.C. § 1319(d), Defendant CCH is liable for civil penalties not to exceed $25,000 for each day of each violation of Sections 301 and 307 of the Act, 33 U.S.C. §§ 1311, 1317, and EPA's pretreatment regulations.

36. Unless restrained by order of the Court, pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), Defendant CCH will continue to violate Sections 301 and 307 of the Act, 33 U.S.C. §§ 1311, 1317.

## SECOND CLAIM FOR RELIEF

## FAILURE TO IMPLEMENT PRETREATMENT PROGRAM AT SAND ISLAND

37. Paragraphs 1 through 35 are realleged and incorporated herein by reference.

38. CCH has failed to fully implement its pretreatment program at its Sand Island treatment plant, in violation of its NPDES permit for that plant since the effective date of the permit.

39. Part III of the Sand Island NPDES Permit (No. HI00020117) incorporates, as enforceable conditions of the permit, EPA's Pretreatment Regulations in 40 C.F.R. Part 403 and the CCH pretreatment program approved by EPA. CCH has violated the regulations and the approved pretreatment program in numerous

COMPLAINT - 10 -

respects. These violations include, but are not limited to the following:

    a. CCH failed to implement the necessary legal authorities to enable it to carry out the pretreatment program, including, <u>inter alia</u>, the authority to require IUs to comply with applicable pretreatment standards and requirements. This failure violates 40 C.F.R. § 403.8(f)(1).

    b. CCH failed to develop and implement procedures to enable it to identify and locate all possible IUs and to identify the character and volume of pollutants discharged by these IUs to the Sand Island Plant. This failure violates 40 C.F.R. § 403.8(f)(2).

    c. CCH has not met the requirements of 40 C.F.R. § 403.8(f)(2)(v) relating to inspections, sampling, and monitoring.

    40. CCH's violations of the pretreatment requirements prescribed through its NPDES Permit for the Sand Island treatment plant are violations of permit conditions or limitations implementing Sections 301 and 307 of the Act, 33 U.S.C. §§ 1311, 1317, in a permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342, and HRS § 342D-50(a).

    41. Pursuant to Section 309(d) of the Act, 33 U.S.C. § 1319(d), Defendant CCH is liable for civil penalties not to exceed $25,000 for each day of each violation of its NPDES permit, Sections 301, 307, and 402 of the Act, 33 U.S.C. §§ 1311, 1317, and 1342, and EPA's pretreatment regulations.

COMPLAINT - 11 -

42. Pursuant to HRS § 342D-30, CCH is liable for civil penalties not to exceed $10,000 for each day of each violation.

43. Unless restrained by order of the Court, pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), Defendant CCH will continue to violate Sections 301, 307, and 402 of the Act, 33 U.S.C. §§ 1311, 1317, and 1342.

### THIRD CLAIM FOR RELIEF

### UNPERMITTED DISCHARGES FROM COLLECTION SYSTEM

44. Paragraphs 1 through 42 of the Complaint are realleged and incorporated by reference.

45. The NPDES permits issued to CCH's POTWs allow discharges to Navigable Waters, or Waters of the United States, from specified discharge points. The permits do not allow discharges from CCH's Collection System.

46. Because of line blockages, pump station equipment failures, and structural pipe failures associated with inadequate preventive maintenance, and excessive infiltration and inflow in its system, there have been chronic overflows and spills from CCH's collection system that have resulted in discharges of raw sewage or partially treated wastewater to surface waters. From 1987 to 1992, for example, CCH experienced approximately 61 unpermitted discharges greater than 1000 gallons from its collection system into Waters of the United States, and it experienced many discharges of less than 1000 gallons. The larger spills include two on or about April 9, 1991: a 50 million gallon spill of raw sewage into Pearl Harbor, and a

COMPLAINT - 12 -

267,000 gallon spill of raw sewage into the Ala Moana beach area, which resulted in the closing of that beach for a period of time.

47. By these discharges, CCH has violated Section 301 of the Act, 33 U.S.C. § 1311, which prohibits the discharge of pollutants except in compliance with NPDES permits, and has violated HRS § 342D-50(a) and HAR § 11-62-06(g).

48. Pursuant to Section 309(d) of the Act, 33 U.S.C. § 1319(d), Defendant CCH is liable for civil penalties not to exceed $25,000 for each day of each violation of Section 301 of the Act, 33 U.S.C. § 1311.

49. Pursuant to HRS § 342D-30, CCH is liable for civil penalties not to exceed $10,000 for each day of each violation.

50. Unless restrained by order of the Court, pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), Defendant CCH will continue to violate Section 301, 33 U.S.C. § 1311.

## PRAYER FOR RELIEF

WHEREFORE, the United States and the State request this Court to issue the following relief:

1. A judgment for the United States imposing civil penalties on the City and County of Honolulu not to exceed $25,000 per day for each past violation of the Clean Water Act, the pretreatment regulations, and CCH's NPDES permits;

2. A judgment for the State imposing civil penalties on the City and County of Honolulu not to exceed $10,000 per day for each past violation of Hawaii law;

COMPLAINT - 13 -

3. An injunction ordering the City and County of Honolulu to comply with the terms of its NPDES permits, the Clean Water Act, and the pretreatment regulations and with Hawaii water quality laws as set forth above; and

4. Such other relief as this Court deems appropriate.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

_____
LOIS J. SCHIFFER
Acting Assistant Attorney General
Environment and Natural Resources
    Division
U.S. Department of Justice

_____
LESLIE ALLEN, Senior Lawyer
Environmental Enforcement Section
Environment and Natural Resources
    Division
P.O. BOX 7611
U.S. Department of Justice
Washington, D.C. 20044
(202) 514-4114

ELLIOT ENOKI
United States Attorney
District of Hawaii

By: _____
MICHAEL CHUN
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850

Of Counsel:

THELMA ESTRADA
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 9
75 Hawthorne Street
San Francisco, California 94105

COMPLAINT - 14 -

JOSEPH THEIS
Attorney Advisor
Office of Enforcement
U.S. Environmental Protection Agency
401 M Street, S.W.
Washington, D.C. 20460

                        FOR PLAINTIFFS STATE OF HAWAII AND
                        PETER A. SYBINSKY, Ph.D

                        */s/ Laurence K. Lau*
                        SONIA FAUST         627
                        LAURENCE K. LAU     1466
                        Deputy Attorneys General
                        State of Hawaii
                        Kekuanao'a Building, Room 200
                        465 South King Street
                        Honolulu, Hawaii 96813
                        Telephone (808) 587-3050

COMPLAINT - 15 -

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

DISTRICT OF __HAWAII__

UNITED STATES OF AMERICA and STATE OF HAWAII,
by Robert A. Marks, Its Attorney General,
and PETER A. SYBINSKY, Ph.D., Director
of Health, State of Hawaii

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER:

CITY AND COUNTY OF HONOLULU

TO: (Name and Address of Defendant)

THE ABOVE-NAMED DEFENDANT

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)
Michael Chun, AUSA
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, HI  96850

and

Robert Marks, Attorney General, State of Hawaii
Sonia Faust, Deputy Attorney General
Lawrence K. Lau, Deputy Attorney General
Kekuanao'a Building, 465 South King Street
Honolulu, HI  96813

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WALTER A.Y.H. CHINN
**CLERK**

(s) Rosemary Damron

**BY DEPUTY CLERK**

(SEAL)   OCT 3 1994
DATE

AO 440 (Rev. 5/85)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                 *Date*                         *Signature of Server*

                                     _____
                                              *Address of Server*

---

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.