# EXHIBIT G

Case 1:04-cv-00463-DAE-BMK   Document 167-9   Filed 03/11/2008   Page 1 of 9

MARK J. BENNETT       2672
Attorney General of Hawai'i
HEIDI M. RIAN         3473
EDWARD G. BOHLEN      8333
KATHLEEN S. Y. HO     3424
Deputy Attorneys General
Department of the Attorney
General, State of Hawai'i
465 South King Street, Room 200
Honolulu, Hawai'i 96813
Telephone: (808) 587-3050
Facsimile: (808) 587-3077

Attorneys for Plaintiff
STATE OF HAWAI'I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU, <br><br> Defendants. | CIVIL NO. 1:07-00235 DAE/KSC <br><br> PLAINTIFF STATE OF HAWAI'I'S REPLY TO OPPOSITION OF SIERRA CLUB, ET AL., TO ENTRY OF STIPULATED ORDER; DECLARATION OF LILIAN STODDARD; CERTIFICATE OF SERVICE |

**EXHIBIT G**

## PLAINTIFF STATE OF HAWAI'I'S REPLY TO OPPOSITION OF SIERRA CLUB, ET AL., TO ENTRY OF STIPULATED ORDER

Plaintiff State of Hawai'i herein responds to the August 24, 2007 Opposition of Sierra Club, Hawaii Chapter, Hawaii's Thousand Friends, and Our Children's Earth Foundation (collectively, "Citizens") to the Entry of the Stipulated Order.

The Citizens argue that the Stipulated Order is not procedurally fair and is not substantively fair because it "fails to correct all wrongs and fully protect the environment," fails to impose appropriate civil penalties, and does not require CCH to adopt a "comprehensive asset management approach" to tackle its most pressing problems first. *Citizens' Opposition at 15-35*.

The Stipulated Order was developed in a procedurally fair manner. It was negotiated in good faith at arm's length over the course of a year by three parties who were full of adversarial vigor, the Hawaii Department of Health (DOH), the U.S. Environmental Protection Agency (EPA), and the City and County of Honolulu (CCH). *See, United States v. Chevron, U.S.A., Inc.*, 380 F.Supp.2d 1104, 1111 (N.D. Cal. 2005).

The Stipulated Order is substantively fair and reasonable. The Citizens are correct that the Stipulated Order does not "correct all wrongs" or include civil penalties at this time. *Citizens' Opposition at 19, 29*. Under the applicable legal standard, however, a settlement does not have to correct all wrongs or include a

penalty. Where, as here, Citizens challenge a settlement because the government could have brought a more extensive action, a court should not "reach beyond the complaint to evaluate claims that the government did *not* make and inquire as to why they were not made." *United States v. Microsoft Corporation*, 56 F.3d 1448, 1459 (D.C. Cir. 1995). The Court's role is not "to impose its own judgment as to how it would prosecute and resolve a particular case." *United States v. District of Columbia*, 933 F. Supp. 42, 51 (D.D.C. 1996). The Court's duty is not "to determine whether 'the settlement is one which the court itself might have fashioned, or considers ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute.'" *United States v. Cannons Engineering Corp., et al.*, 899 F. 2d 79, 84 (1st Cir. 1990).

The Stipulated Order is a critical interim step, supported by the federal, State and local governments, toward a goal of the Clean Water Act, protecting the environment by eliminating discharges into navigable waters. *Stoddard Decl. ¶s 13 and 18;* 33 USCA §1251. CCH has already performed work and would perform more work to prevent future spills under the Stipulated Order. *Stoddard Decl. ¶s 12 and 18.* Additional future remedies are available; DOH has reserved its rights to seek penalties and additional injunctive relief. *Stipulated Order at ¶s 54-56.*

The Court should accept the Stipulated Order as a voluntary interim

2

settlement of litigation. DOH and EPA have been government actors "committed to the protection of the public interest ... [that have] pulled the laboring oar in constructing the proposed settlement." *United States v. Cannons Engineering Corp., et al.,* 899 F. 2d 79, 84 (1st Cir. 1990). DOH has devoted substantial resources to checking CCH's compliance with the 1995 Consent Decree and, more generally, its sewer system's compliance with the State's Clean Water Act, Ch. 342D, HRS. *Stoddard Decl. ¶4*. In 2004, DOH issued a Notice and Finding of Violation and Order that required CCH to take steps to eliminate sewage spills from force mains, the pressurized pipes that transport sewage from pump stations toward the treatment plants. *Stoddard Decl. ¶5*. In 2004 and 2005, DOH and EPA conducted a comprehensive review of CCH's wastewater collection and treatment, identified many deficiencies, and communicated them to CCH. *Id. ¶s 6 and 7*. DOH, EPA, CCH and the Citizens then began the negotiation process that led to the Stipulated Order. *Stoddard Decl. ¶ 8*.

On March 24, 2006, CCH's Beachwalk force main failed, resulting in CCH's discharging approximately 48.7 million gallons of raw sewage into the Ala Wai Canal, which flows into the Pacific Ocean. *Stoddard Decl. ¶10*. The DOH and EPA decided then that the most pressing priority to prevent further wastewater spills was to expedite work on what they considered to be the six most vulnerable

3

force mains, based on age, location, spill history and lack of backup mains to prevent a major spill, and the Beachwalk pump station. *Stoddard Decl.* ¶11.

The Citizens say the work timelines are too lenient and the remedy should be more systematic and comprehensive than the Stipulated Order mandates. *Citizens' Opposition at 35-36.* The Stipulated Order will require CCH to evaluate the condition of these force mains, develop spill contingency plans and construct substantial wastewater infrastructure. *Stoddard Decl.* ¶12. DOH and EPA carefully considered whether, given existing vulnerabilities of these force mains, they should allow CCH to forgo the planning and environmental review process in order to expedite the completion of construction. *Stoddard Decl.* ¶14. DOH and EPA concluded that, given CCH's commitment to comprehensive condition assessments and follow-up action plans in the Stipulated Order, it was reasonable to allow for the planning and construction schedules set forth in the Stipulated Order. *Stoddard Decl.* ¶15.

Given the risk of another massive force main wastewater spill and risks of litigation, the Stipulated Order represents a reasonable compromise between constructing critical infrastructure promptly and allowing CCH the time to engage in orderly planning with public participation, budgeting, and construction management. *Stoddard Decl.* ¶16.

DOH, EPA and CCH state their intention to negotiate in good faith a comprehensive remedy addressing all compliance issues associated with CCH's wastewater system. *Stipulated Order at p.2*. This includes issues relating to the remaining force mains. *Stoddard Decl. ¶17*. To begin this task, the parties have scheduled negotiations to commence on October 1, 2007 to deal with other compliance issues identified by DOH and EPA. *Id.*

The State of Hawaii asks this Court enter the Stipulated Order as filed in this case.

DATED: Honolulu, Hawai'i, September 25, 2007.

        STATE OF HAWAI'I

        MARK J. BENNETT
        Attorney General
        State of Hawai'i


        /s/ Edward G. Bohlen
        EDWARD G. BOHLEN
        KATHLEEN S. HO
        Deputy Attorneys General

        Attorneys for Plaintiff
        STATE OF HAWAI'I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) CIVIL NO. 1:07-00235 DAE/KSC ) ) CERTIFICATE OF SERVICE |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| CITY AND COUNTY OF HONOLULU, | ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by method of service noted below, a true and correct copy of the documents entitled "PLAINTIFF STATE OF HAWAI'I'S REPLY TO OPPOSITION OF SIERRA CLUB, ET AL., TO ENTRY OF STIPULATED ORDER" and "PLAINTIFF STATE OF HAWAI'I'S DECLARATION OF LILIAN STODDARD IN SUPPORT OF ITS REPLY TO OPPOSITION OF SIERRA CLUB, ET AL., TO THE ENTRY OF STIPULATED ORDER" were served on the following at their last known e-mail addresses on September 25, 2007:

ROBERT D. MULLANEY
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
robert.mullaney@usdoj.gov

R. MICHAEL BURKE
Assistant U.S. Attorney
mike.burke@usdoj.gov

CARRIE OKINAGA
Corporation Counsel
cokinaga@honlulu.gov

MAILE CHUN
mchun@honolulu.gov

CHRISTOPHER SPROUL
Environmental Advocates
csproul@enviroadvocates.com

WILLIAM TAM
Alston Hunt Floyd & Ing
wtam@ahfi.com

Notice was sent by first class mail to the following:

BRYAN K. BROWN
Bingham & McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071

JAMES J. DRAGNA
Bingham & McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071

Nancy M. Wilms
Bingham & McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106

DATED: Honolulu, Hawai'i, September 25, 2007.

/s/ Edward G. Bohlen
EDWARD G. BOHLEN
KATHLEEN S. HO
Deputy Attorneys General

2