CARRIE OKINAGA, 5958
Corporation Counsel
KATHLEEN A. KELLY, 6729
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 768-5235
Facsimile: (808) 523-4583
Email: kkelly@honolulu.gov

BINGHAM McCUTCHEN LLP
JAMES J. DRAGNA (CA SBN 91492)
NANCY M. WILMS (CA SBN 111837)
BRYAN K. BROWN (CA SBN 192924)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
Email: nancy.wilms@bingham.com

Attorneys for Defendant
City and County of Honolulu

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>　　　　　Defendant. | CIV. NO. CV04-00463 DAE-BMK<br><br>**DECLARATION OF KATHLEEN A. KELLY IN SUPPORT OF CITY AND COUNTY OF HONOLULU'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AND SECOND CLAIMS FOR RELIEF**<br>Date:　　April 28, 2008<br>Time:　　9:45 am<br>Judge:　　Hon. David Alan Ezra |

## **DECLARATION OF KATHLEEN A. KELLY**

I, Kathleen A. Kelly, declare as follows:

1. I am Deputy Corporation Counsel for defendant City and County of Honolulu ("CCH"). I am admitted to practice before this Court.

2. Other courts have entered consent decrees and other settlement documents that include a "reasonableness" standard in their spill prevention provisions. See, e.g., Consent Decree at 3, United States v. County of Maui, No. 98-00622S0M (D. Haw. filed Nov. 8, 1999) ("The objectives of this Consent Decree are . . . [t]o ensure that the County [of Maui] continues to use, implement, and improve ways, means, and methods to prevent or reduce spills"), 12 ("The County will continue to use *its best efforts to eliminate POTW spills*") (emphasis added); Settlement Agreement and Final Order at 5, United States v. City of Los Angeles, No. 01-191-RSWL, 98-9039-RSWL (C.D. Cal. filed Oct. 28, 2004) ("The objectives of this Settlement Agreement are to resolve the pending consolidated litigation, to set out the program requirements that the City will implement to *reduce Sanitary Sewer Overflows to the maximum extent feasible*, and to investigate, resolve, and mitigate sewer odors to the maximum extent practicable in furtherance of the objectives of the Clean Water Act") (emphasis added); Consent Decree at 14, United States v. Sewerage and Water Bd. of New Orleans, No. 93-3212 (E.D. La. filed Apr. 8, 1998) ("The [defendant Sewerage and

1

Water Board of New Orleans] has developed a Sewer Overflow Action Plan (Exhibit 4), approved by EPA, intended to ensure that, through the expedient and consistent application of technically sound response techniques, when an unauthorized discharge occurs the volume of untreated wastewater discharged to the environment and the *impact of the discharge on the environment will be minimized*") (emphasis added); Second and Final Partial Consent Decree at 7, United States v. Dade County, No. CIV-93-1109-MORENO (S.D. Fla, entered Mar. 6, 1995) ("It is the express purpose of the parties entering into this Consent Decree to further the objectives set forth in Section 101 of the Clean Water Act . . . In light of these objectives, Defendants agree to, *inter alia*, cause the immediate implementation of the remedial measures as herein set forth, take all steps necessary to *minimize further unpermitted discharges* of untreated wastewater containing raw sewage to local surface waters, and agree to all other conditions of this Consent Decree") (emphasis added); Final Consent Decree at 10, United States v. City of San Diego, No. 03-CV-1349 (POR) (S.D. Cal., filed Oct. 12, 2007) (It entering this Final Consent Decree, the Parties intend . . . to achieve expeditious compliance with this Final Consent Decree for such purposes as *eliminating spills to the extent feasible*.") (emphasis added).  True and correct copies of the relevant pages of the Maui, Los Angeles, New Orleans, Dade County, and San Diego settlement documents are attached hereto as **Exhibits 1 through 5**, respectively.

2

Courts may take judicial notice of court-filed papers. <u>Mullis v. United States Bankr. Ct.</u>, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987) ("pleadings, orders and other papers on file" with another court are subject to judicial notice under FRE 201).

       3.    "Reservation of rights" provisions are routinely included in consent decrees. <u>See, e.g.</u>, the Consent Decree entered in <u>Karr v. Hefner</u>, 475 F.3d 1192 (10th Cir. 2007), at 36-38 (¶ 79: "This Consent Decree does not limit . . . the rights of third parties, not party to this Consent Decree, against [defendant], except as otherwise provided by law."). That language did not preclude dismissal of the citizens' suit under §505(b)(1)(B) in <u>Karr</u>. A true and correct copy of the Consent Decree filed on May 16, 2005 in <u>Karr v. Hefner</u> is attached hereto as **Exhibit 6**. Under Federal Rule of Evidence 201, this Court may take judicial notice of court-filed papers. <u>Mullis</u>, 828 F.2d at 1388 n.9.

I, Kathleen A. Kelly, do declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 17th day of April 2008 in Honolulu, Hawaii.

                                          /s/Kathleen A. Kelly
                                          Kathleen A. Kelly