# EXHIBIT 1

ORIGINAL

SEP 9 1999 8:30 AM
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 8 1999

at 10 o'clock and 17 min. A M
WALTER A. Y. H. CHINN, Clerk

1  LOIS J. SCHIFFER
   Assistant Attorney General
2  Environment & Natural Resources Division

3  ROBERT BROOK, Attorney
   Environmental Enforcement Section
4  Environment & Natural Resources Division
   United States Department of Justice
5  P.O. Box 7611
   Washington, D.C.  20044-7611
6  (202) 514-2738

7  STEVEN S. ALM
   United States Attorney
8  MICHAEL CHUN
   Assistant United States Attorney
9  Office of the United States Attorney
   Room 6100, PJKK Federal Building
10 300 Ala Moana Blvd., Box 50183
   Honolulu, Hawaii  96850
11 Telephone:  (808) 541-2850

12 Attorneys for Plaintiff United States of America

13

14        IN THE UNITED STATES DISTRICT COURT FOR THE

15                       DISTRICT OF HAWAII

16 UNITED STATES OF AMERICA           )  Civ. No. CV 98-00622 SOM
17      and                           )
                                      )  CONSENT DECREE; EXHIBIT 1;
18 STATE OF HAWAII, by Margery S.     )  EXHIBIT 2
   Bronster, Its Attorney General,   )
19 and BRUCE S. ANDERSON, Ph.D.,      )
   Director of Health, State of      )
20 Hawaii,                            )
                                      )
21      Plaintiffs,                   )
                                      )
22      v.                            )
                                      )
23 COUNTY OF MAUI,                    )
                                      )
24      Defendant.                    )
25 CD.L17                             )
26
27
28

**EXHIBIT 1**

## I. GENERAL OBJECTIVES

1. The objectives of this Consent Decree are:

   a. To ensure that the County continues to improve its efforts to come into and maintain compliance with the CWA;

   b. To ensure that the County continues to improve its efforts to come into and maintain compliance with HRS chapter 342D;

   c. To ensure that the County continues to improve its efforts to come into and maintain compliance with HAR section 11-62-06(g);

   d. To ensure that the County continues to use, implement, and improve ways, means, and methods to prevent or reduce spills; and

   e. To further the goals and objectives of the CWA and HRS chapter 342D.

## II. DEFINITIONS

2. Unless otherwise expressly defined herein, terms used in this Consent Decree which are defined in the CWA or HRS chapter 342D, or in regulations or rules promulgated under those statutes, have the meaning assigned to them in the statutes or regulations or rules. Whenever terms listed below are used in this Consent Decree, the following definitions apply:

"Bi-weekly" means every two weeks.

"Consent Decree" and "decree" mean this Consent Decree and any attachments or documents incorporated by reference.

3

Consent Decree.

17. The County shall not refer to completion or implementation of the SEP(s) required under this Consent Decree in any representation to the public, including, but not limited to, advertisements or promotions, or any quarterly report, without explicitly stating in any such representation to the public or quarterly report that it undertook completion or implementation of the SEP(s) in response to an enforcement action brought by the United States and the State.

18. For SEPs to meet the requirements of this Consent Decree, the following criteria must be met:

    a. Completion or implementation of the SEP(s) shall not be required under any state, local or federal law or regulation,

    b. The SEP(s) shall not be required by any other agreement to which the County is a party,

    c. The County shall not have made a decision to complete or implement the SEP(s) prior to December 1, 1997, and

    d. The County shall not receive any reimbursement in any way from any person for creditable SEP expenditures.

19. In its Final SEP Report, the County shall certify in writing under penalty of law that these criteria have been satisfied in full with respect to the SEP(s).

### VII. POTW SPILL GOALS

20. The County will continue to use its best efforts to eliminate POTW spills. The County will continue to work toward reducing the number, frequency, and duration of spills. At a

12

## XXVIII. RETENTION OF JURISDICTION

106. This Court shall retain jurisdiction of this matter for purposes of interpreting and enforcing this Consent Decree until its termination.

## XXIX. PUBLIC COMMENT

107. The United States and the State consents to the entry of this Consent Decree subject to publication of notice of this Consent Decree pursuant to 28 C.F.R. § 50.7. The United States and the State reserve their rights to withdraw or withhold consent to this Consent Decree if public comments disclose facts or considerations indicating this Consent Decree is inappropriate, improper or inadequate.

IT IS SO ORDERED this 5th day of November, 1999.

SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE