# EXHIBIT E

EARL I. ANZAI, 2904
Attorney General

HEIDI M. RIAN, 3473
LAURENCE K. LAU, 1466
Deputy Attorneys General
465 South King Street, Room 200
Honolulu, Hawaii 96813
Telephone: 587-3050
Telefax: 587-3077

Attorneys for Plaintiffs

DAVID Z. ARAKAWA, 2908
Corporation Counsel

MAILE R. CHUN, 4906
Deputy Corporation Counsel
City and County of Honolulu
Honolulu, Hawaii 96813
Telephone: 527-5351
Telefax: 523-4583

Attorneys for Defendant

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2001 MAY 21 PM 3:05

B. TERAOKA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

STATE OF HAWAII, by Margery S. Bronster, Its Attorney General, and LAWRENCE MIIKE, M.D., Director of Health, State of Hawaii,

    Plaintiffs,

vs.

CITY & COUNTY OF HONOLULU,

    Defendant.

CIVIL NO. 94-1896-05 (RWP)
(Other Civil Action)

MODIFICATION NO. 1 TO CONSENT DECREE AND ORDER FILED ON MARCH 2, 1998; ORDER

## MODIFICATION NO. 1 TO CONSENT DECREE AND ORDER FILED ON MARCH 2, 1998

Pursuant to Sections 8.E and 17 of the Consent Decree and Order filed on March 2, 1998, in Civil No. 94-1896-05, State of

RECEIVED
MAY 2 1 2001
SEVENTH DIVISION

**EXHIBIT E**

<u>Hawaii, et al. vs. City and County of Honolulu</u>, the parties hereby modify said Consent Decree as follows, subject to and effective upon Court approval:

1. The first paragraph of **Consent Decree Section 8.A** is amended to read:

"A. The City shall use its best efforts to complete construction of a system to reclaim all the wastewater from the Wahiawa Wastewater Treatment Plant, now about 2.0 mgd (reclamation system), by June 15, 2001, and in any event the City shall complete the construction of the reclamation system not later than August 31, 2001. Said reclamation system shall include the use of a deep outfall for the continuous discharge of reclaimed water. The City shall use its best efforts to complete its testing and acceptance of the reclamation system using reclaimed water through the deep outfall by August 31, 2001, and in any event the City shall complete its testing and acceptance of the reclamation system not later than October 31, 2001."

The numbered paragraphs of section 8.A. continue in effect.

2. **Consent Decree Section 9.C** is amended to read:

"C. OTHER REQUIREMENTS. In addition to the foregoing requirements, the City shall comply with all monitoring requirements and other conditions, set forth in that NPDES Permit No. HI 0020125, which expired March 1, 1994; except that the City shall comply with effluent limitations set forth in Section 9.A. above, which supersede the effluent

-2-

limitations contained in said NPDES Permit, and the City shall comply with Fecal Coliform Bacteria monitoring requirements set forth in Section 9.B. above, which supersede the Fecal Coliform Bacteria monitoring requirements contained in said NPDES Permit, and the City shall discharge through either the outfall identified in NPDES Permit No. HI 0020125 or the reclamation system deep outfall at Latitude: 21 29 36.8112; Longitude: 158 2 32.7991."

3.  **Consent Decree Section 9.D is amended to read:**

    "D. <u>DURATION</u>. The requirements contained in Sections 9.A., 9.B., and 9.C. shall automatically terminate on either the date that DOH issues the City a new NPDES Permit for the plant and said permit becomes effective, or when the Consent Decree terminates under Section 23, whichever is earlier."

4.  **Consent Decree Section 23**, Effective Dates, is amended to read:

    "A. This Consent Decree is effective as soon as it is signed by all parties and approved and filed by the Court.

    B. This Consent Decree remains in effect until at least any disputes about stipulated penalties are resolved and:

    1.  The City implements a reclamation system that diverts all plant flow out of the reservoir, or
    2.  The City implements a reclamation system that involves discharge into the reservoir, and the DOH

issues the City an NPDES permit for discharges to the reservoir and any challenges to the permit are resolved.

C. Within thirty (30) days after the events specified in Section 23.B have been completed or become irrelevant, the parties shall sign a stipulation to dismiss this case and terminate this Consent Decree, or any time after that thirty days, either party may file a motion to terminate this Consent Decree.

D. Either party may seek to extend the effective date of any provision of this Consent Decree under Sections 13 and 14."

5. Paragraph 1 of **Exhibit "A," Environmentally Beneficial Projects**," is amended to read:

"1. $17,500 for the Wahiawa Public Fishing Area to be applied as follows:

a. 25 hp Evinrude Outboard engine (electric start, long leg), estimated at $3,000;

b. 15 hp Evinrude Outboard engine (tiller, short leg), estimated at $2,000;

c. HYDROLAB DataSonde 4a Multiprobe and Surveyor 4a Data Display with HYDROLAB carrying case calibration solutions, estimated at $9,500;

-4-

    d.    HACH Portable Turbidimeter, estimated at $1,000;

    e.    Atlantis Underwater Video System, estimated at $1,500; and

    f.    Fishfinder, estimated at $500.

If the above items cost less than budgeted above, the surplus funds will be applied to supplies for the Wahiawa Public Fishing Area only. The above items will be owned and operated by the State Department of Land and Natural Resources."

6.    Paragraph 5 of **Exhibit "A," Environmentally Beneficial Projects**," is amended to read:

"5.    If item 3 costs less than budgeted above, the surplus funds will be applied to supplement items 2 or 4 or both."

7.    This Modification No. 1 to Consent Decree and Order filed on March 2, 1998 may be signed in counterparts and submitted by facsimile. Unsigned duplicate pages may be discarded to form a single document.

It is further agreed that, except for the modifications set forth herein, all other provisions of the Consent Decree and Order shall remain in full force and effect.

DATED: Honolulu, Hawaii, __MAY 2 1 2001__

STATE OF HAWAII

By _/s/_
EARL I. ANZAI
Attorney General of Hawaii

By _/s/_
BRUCE ANDERSON, Ph.D.
Director of Health
State of Hawaii

DATED: Honolulu, Hawaii, __MAY 2 1 2001__

CITY AND COUNTY OF HONOLULU

By _/s/_
JEREMY HARRIS
Mayor

By _/s/_
TIMOTHY STEINBERGER
Deputy Director
Department of Environmental
   Services

APPROVED AS TO FORM:

_/s/_
LAURENCE K. LAU
Deputy Attorney General

_/s/_
MAILE R. CHUN
Deputy Corporation Counsel

State of Hawaii and Lawrence Miike, M.D. vs. City and County of Honolulu, 1st Cir. Civ. No. 94-1896-05

-6-

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| STATE OF HAWAII, by Margery S. Bronster, Its Attorney General, and LAWRENCE MIIKE, M.D, Director of Health, State of Hawaii,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>CITY & COUNTY OF HONOLULU,<br><br>　　　　　　Defendant. | CIVIL NO. 94-1896-05<br>(OTHER CIVIL ACTION)<br><br>ORDER |

## ORDER

WHEREAS, the parties submitted a proposed Modification No. 1 to Consent Decree and Order Filed on March 2, 1998, and requested the Court's approval and entry of the proposal; and

WHEREAS, under 40 C.F.R. § 123.27(d)(2)(iii), notice of the proposed modification has been properly given to the public and the public has had at least thirty days to make any comments; and

WHEREAS, the Court has received comments submitted on behalf of Wahiawa Water Company and heard comments from the parties and on behalf of Wahiawa Water Company; and

WHEREAS, the Court has reviewed the record, pleadings, and files in this action, the Consent Decree, and has fully considered all comments received to date from the public and the parties; and

WHEREAS, the Court finds that certain revisions to the proposed Modification No. 1 are appropriate in order to provide

greater consistency with the Consent Decree and Order filed on March 2, 1998; and

WHEREAS, the Court finds that the proposed Modification No. 1, as revised, now denominated as Modification No. 1 to Consent Decree and Order filed on March 2, 1998 adequately protects the public interest and is consistent with the purposes of HRS Chapter 342D;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT MODIFICATION NO. 1 TO CONSENT DECREE AND ORDER FILED ON MARCH 2, 1998, IS APPROVED AND ENTERED.

All other provisions of the Consent Decree and Order filed March 2, 1998, unless specifically amended by Modification No. 1 to Consent Decree and Order filed on March 2, 1998, remain in full force and effect.

This Order is effective upon filing.

DATED: Honolulu, Hawaii, _____ MAY 2 1 2001 _____

_____Richard W. Pollack_____
Judge of the above-entitled Court

ORDER
State of Hawaii and Lawrence Miike, M.D. vs. City and County of Honolulu, 1st Cir. Civ. No. 94-1896-05

-2-