CARRIE OKINAGA, 5958
Corporation Counsel
KATHLEEN A. KELLY, 6729
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 768-5235
Facsimile: (808) 768-5105
Email: kkelly@honolulu.gov

BINGHAM McCUTCHEN LLP
JAMES J. DRAGNA (CA SBN 91492)
NANCY M. WILMS (CA SBN 111837)
BRYAN K. BROWN (CA SBN 192924)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
Email: nancy.wilms@bingham.com

Attorneys for Defendant:
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; HAWAI'I'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>          Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF HONOLULU<br><br>          Defendant. | CIV. NO. CV 04-00463 DAE-BMK<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' FIRST AND SECOND CLAIMS; LR 7.5 CERTIFICATE OF COUNSEL; CERTIFICATE OF SERVICE**<br>Date:      June 30, 2008<br>Time:     9:00 a.m.<br>Judge:   Hon. David A. Ezra |

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| 1. Honouliuli requires CCH to report all CCH noncompliance: sewage spills, overflows, bypasses that may endanger human health or environment. | Disputed<br><br>Objection:<br>Irrelevant, a legal conclusion, vague as to "sewage spills," and mischaracterizes evidence.  FRE 402-403, 701, 704(a).  The document speaks for itself.  FRE 1002. |
| 2. Sand Island requires CCH submit reports: sewage spills to waters from Sand Island WWTP collection system. | Disputed<br><br>Objection:<br>Irrelevant, a legal conclusion, vague as to "sewage spills."  FRE 402-403, 701, 704(a).  The document speaks for itself. FRE 1002. |
| 3.    CCH submits monthly "WD/Report" to EPA/DOH for Honouliuli and Sand Island WWTPs/collection systems.<br><br>Evidence:  Isaacs ¶¶28-30, Ex.4 at 35419-35524 | Disputed<br><br>Objection:<br>Irrelevant.  FRE 402.  The document speaks for itself.  FRE 1002. |
| 4.    1995 CD addressed only CCH's sewage spills to October 3, 1994 (date CD lodged).<br><br>Evidence:  Isaacs ¶6, Ex.3 at 25168, 25109 | Disputed<br><br>Objection:<br>Irrelevant, a legal conclusion, vague as to "sewage spills," and mischaracterizes evidence.  FRE 402-403, 701, 704(a).  The document speaks for itself.  FRE 1002. |
| 5.    1995 CD (Sec. IX, ¶¶B-E) requires CCH to submit Q/Reports of non-compliance with any requirements.<br><br>Evidence:  Isaacs ¶7, Ex.3 at 25157-58 | Disputed<br><br>Objection:<br>Irrelevant, a legal conclusion, and vague as to "requirements."  FRE 402-403, 701, 704(a).  The document speaks for itself.  FRE 1002. |

A/72566221.1/2017866-0000309724

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| 6.    1995 CD (Sec. VII, ¶F) mandates Q/Report by CCH of all collection system spills (dry/wet weather) and all WWTP emergency bypasses caused by infiltration and inflow.<br><br>Evidence:  Isaacs ¶7, Ex.3 at 25142-43 | Disputed<br><br>Objection:<br>Irrelevant, mischaracterizes evidence, and a legal conclusion.  FRE 402-403, 701, 704(a).  The document speaks for itself.  FRE 1002. |
| 7.    CCH submits reports of sewage spills and bypasses with Q/Report: "Collection Systems Spills (Summary) & Treatment Plant Spills and Bypasses (Summary)."<br><br>Evidence:  Isaacs ¶¶22-26, 47, Ex.4A-4H | Disputed<br><br>Objection:<br>Irrelevant and vague as to "sewage spills."  FRE 402-403.  The documents speak for themselves.  FRE 1002. |
| 8.    Sand Island prohibits unanticipated, intentional diversion of waste stream from treatment facility ("bypass") unless CCH demonstrates: bypass (1) did not exceed effluent limitation; (2) was necessary for essential maintenance to assure efficient operation; OR 1) bypass unavoidable to prevent loss of life, personal injury, or severe property damage; (2) no feasible alternatives; and (3) CCH provided notice of both within 24 hours and reported bypass.<br><br>Evidence:  Isaacs ¶5, Ex.2 at 23001-02 | Disputed<br><br>Objection:<br>Irrelevant and a legal conclusion.  FRE 402, 701, 704(a).  The document speaks for itself.  FRE 1002. |
| 9.    Sand Island. In enforcement proceeding CCH has burden of proof to establish exception applies.  CCH must monitor effluent discharges during bypass to prove effluent limitations met.<br><br>Evidence:  Isaacs ¶5, Ex.2 at 23002 | Disputed<br><br>Objection:<br>Irrelevant, a legal conclusion, and mischaracterizes evidence.  FRE 402-403, 701, 704(a).  The document speaks for itself.  FRE 1002. |
| 10.  Honouliuli (Sec. B. Prohibitions) prohibits "overflow" or "bypass" of | Disputed |

2

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| treatment facilities, including "waste" collection system.<br><br>Evidence:  Isaacs ¶4, Ex.1 at 27688 | Objection:<br>Irrelevant and a legal conclusion.  FRE 402, 701, 704(a).  The document speaks for itself.  FRE 1002. |
| 11.  Honouliuli (Sec. A, ¶19) defines "Overflow" -intentional or unintentional diversion of flow from collection and transport systems, including pumping facilities.<br><br>Evidence:  Isaacs ¶4, Ex.1 at 27685 | Disputed<br><br>Objection:<br>Irrelevant and a legal conclusion.  FRE 402, 701, 704(a).  The document speaks for itself.  FRE 1002. |
| 12.  Honouliuli (Sec. A, ¶2) defines "Bypass" -intentional diversion of waste stream from any portion of treatment facility whose operation is necessary to maintain compliance with terms and conditions of permit.<br><br>Evidence:  Isaacs ¶4, Ex.1 at 27680 | Disputed<br><br>Objection:<br>Irrelevant and a legal conclusion.  FRE 402, 701, 704(a).  The document speaks for itself.  FRE 1002. |
| 13.  Honouliuli provides EPA/DOH may not take enforcement action against CCH for unanticipated bypasses if: (1) bypass was unavoidable to prevent loss of life, personal injury, or severe property damage; (2) no feasible alternatives existed; and (3) CCH provided EPA/DOH oral notice within 24 hours and written explanation within five days.<br><br>Evidence:  Isaacs ¶4 Ex.1 at 27688, 27697 | Disputed<br><br>Objection:<br>Irrelevant and a legal conclusion.  FRE 402, 701, 704(a).  The document speaks for itself.  FRE 1002. |
| 14.  Honouliuli (Sec. C, ¶2) requires CCH to "at all times, properly operate and maintain all facilities and systems of treatment and control (and related appurtenances) which are installed or used by the discharger to achieve | Disputed<br><br>Objection:<br>Irrelevant and a legal conclusion.  FRE 402, 701, 704(a).  The document speaks for itself.  FRE 1002. |

A/72566221.1/2017866-0000309724

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| compliance with this permit." <br><br> Evidence: Isaacs ¶4, Ex.1 at 27689 | |
| 15. Honouliuli(Sec. C, ¶4) requires CCH operate its collection, treatment, and disposal systems in manner that precludes public contact with wastewater. <br><br> Evidence: Isaacs ¶¶4, Ex.1 at 27690 | Disputed <br><br> Objection: <br> Irrelevant and a legal conclusion. FRE 402, 701, 704(a). The document speaks for itself. FRE 1002. |
| 16. CCH's monthly WD Reports and Q/Reports 1) identify geographic location of CCH's sewage spills or bypasses, sewer line or pump station overflowed; 2) indicate total spill volume, amount removed, amount reaching waters, whether spill or bypass entered storm drain or waterbody, and name of collection system or treatment plant; raw or inadequately treated sewage from sewer manholes, sewer lines rupture flows, pump stations overflows, or WWTP equipment overflows, and flows into public streets, streams, beaches, ocean, and other areas outside the collection system or WWTP equipment, including other publicly accessible areas. <br><br> Evidence: Isaacs ¶¶22-26 | Disputed <br><br> Objection: <br> Irrelevant, more prejudicial than probative, and a legal conclusion. FRE 402-403, 701, 704(a). Assertion supported not by evidence but only by declaration of counsel. The Federal Rules require that the moving party "shall set forth such facts as would be admissible in evidence . . . ." Fed. R. Civ. P. 56(e). Argument of counsel is not evidence. Carrillo-Gonzalez v. INS, 353 F.3d 1077, 1079 (9th Cir. 2003). <br><br> Contradictory Evidence: <br> Declaration of Kathleen A. Kelly ("Kelly Decl."), ¶ 3, Exh. A and B. Declaration of James Rosso ("Rosso Decl."), ¶¶ 4, 5, 7. |
| 17. Honouliuli, Sand Island, and 1995 CD require all reporting to be signed and certified as accurate under penalty of law. <br><br> Evidence: Isaacs ¶4, Ex.1 at 27700; ¶5, Ex.2 at 22992-93; ¶6, Ex.3 at 25166; | Disputed <br><br> Objection: <br> Irrelevant and a legal conclusion. FRE 402, 701, 704(a). The documents speak for themselves. FRE 1002. |

A/72566221.1/2017866-0000309724

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| ¶7(c) | |
| 18.  DOH's CWB database tracks all CCH spill and bypass reports pursuant to 1995 CD, Honouliuli and Sand Island, and state law.<br><br>Evidence:  Isaacs ¶¶31-41, Ex.5A&5B; Declaration of Christopher Sproul, ¶¶9-10, 16 ("Sproul") | Disputed<br><br>Objection:<br>Irrelevant, mischaracterizes evidence, and vague as to "CWB," "tracks," and "spill and bypass reports."  FRE 402-403.  The document speaks for itself.  FRE 1002.  The Sproul Declaration does not support statement.  Based on multiple layers of inadmissible hearsay. |
| 19.  1995 CD, Honouliuli and Sand Island, and state law specify that CCH's spill and bypass reports (a) identify spill source points in collection system/WWTPs; and (b) specify which waters/streams receive spill: Ahuimanu, Aiea, Ala Wai Boat Harbor, Ala Wai Canal, Enchanted Lake, Halawa, Inoanole, Kaelepulu, Kahala, Kahana, Kahanaiki, Kalawahine, Kalihi, Kana, Kanaha, Kaneohe, Kapalama Canal, Kawa, Kawainui Marsh, Kawainui, Keaahala, Keehi Lagoon, Kewalo Basin, Komo Mai Bridge Canal, Kuou, Lake Wilson (Wahiawa Reservoir), Liliha, Makakilo Gulch, Manoa, Maunalua Bay, Maunawili, Moanalua, Nanakuli, Niniko, Nuuanu, Nuupia Ponds, Pacific Ocean, Palolo, Pauoa, Puehuehu, Puekiuehu, Puha, Waiawa, Waikalua, Waikele, Waimanalo, Waiola, Waiomao, Waolani.<br><br>Evidence:  Isaacs ¶¶12-15, Ex.4, 5A&5B; Sproul ¶¶8, 9, 10, 13 | Disputed<br><br>Objection:<br>Irrelevant, mischaracterizes evidence, a legal conclusion, and vague as to "spill and bypass reports."  FRE 402-403, 701, 704(a).  The document speaks for itself.  FRE 1002.  The Sproul and Isaacs Declarations do not support statements.  The cited exhibits are voluminous and there is no indication where these waters/streams are located within them.  <u>See generally</u> <u>Tolen v. Ashcroft</u>, 377 F.3d 879, 883n.3 (8th Cir. 2004).<br><br>Contradictory Evidence:<br>Kelly Decl., ¶ 3, Exhs. A and B.  Rosso Decl., ¶¶ 4, 5, 7. |
| 20.  Streams/water bodies: Ahuimanu, Aiea, Ala Wai Boat Harbor, Ala Wai | Disputed |

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| Canal, Enchanted Lake, Halawa, Inoanole, Kaelepulu, Kahala, Kahana, Kahanaiki, Kalawahine, Kalihi, Kana, Kanaha, Kaneohe, Kapalama Canal, Kawa, Kawainui Marsh, Kawainui, Keaahala, Keehi Lagoon, Kewalo Basin, Komo Mai Bridge Canal, Kuou, Lake Wilson (Wahiawa Reservoir), Liliha, Makakilo Gulch, Manoa, Maunalua Bay, Maunawili, Moanalua, Nanakuli, Niniko, Nuuanu , Nuupia Ponds, Palolo, Pauoa Stream, Puehuehu, Puekiuehu, Puha, Waiawa , Waikalua, Waikele, Wailupe, Waimalu, Waiola, Waiomao, and Waolani are each tributaries to or part of Pacific Ocean or navigable waters.<br><br>Evidence:  Declaration of Matthew McGranaghan, ¶¶2-3 | Objection:<br>Declaration of Matthew McGranaghan ¶¶2-3 do not address these streams/water bodies.  Insufficient foundation established that witness is reliable and unbiased.  FRE 403, 602.  Assertions are merely declarant's statements unsupported by any accompanying evidence.  Evidentiary facts, not conclusory statements, are required to support a motion for summary judgment or adjudication.  See Marshall v. E. Carroll Parish Hosp. Serv. Dist., 134 F.3d 319, 324 (5th Cir. 1998).  Based on multiple layers of inadmissible hearsay.  Legal conclusion.<br><br>Contradictory Evidence:<br>Kelly Decl., ¶ 3, Exhs. A and B; Rosso Decl., ¶¶ 4, 5, 7. |
| 21.  CCH committed 332 sewage spills or bypasses to U.S. waters (para. 21) (May 30, 1999 to Dec 31 2007).<br><br>Evidence:  Isaacs ¶¶37-47, Ex.4, 5A&5B; Sproul ¶16 | Disputed<br><br>Objection:<br>Irrelevant, incorrect, mischaracterizes evidence, more prejudicial than probative, vague as to time and "sewage spills," and a legal conclusion.  FRE 402-403, 701, 704(a).  The documents speak for themselves.  FRE 1002.  Legal conclusion.  Based on multiple layers of inadmissible hearsay.<br><br>Contradictory Evidence:<br>Kelly Decl., ¶ 3, Exhs. A and B; Rosso Decl., ¶¶ 4, 5, 7. |
| 22.  CCH committed 207 sewage spills or overflows/bypasses from Honouliuli | Disputed |

6

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| collection system or Honouliuli WWTP that CCH did not unambiguously report reached U.S. waters in Consent Decree Q/Reports or Honouliuli WD Reports from: May 30, 1999 to December 31, 2005, January 2006, February 2006, March 2006, April 2006, June 2006, July 2006, October 2006, December 2006, June 2007, July 2007, August 2007 and the fourth quarter of 2007. DOH/EPA provided Environmental Advocates copies of 1995 CD Q/Reports or Honouliuli WD Reports).<br><br>Evidence: Isaacs ¶¶36-54, Ex.4, 5A&5B | Objection:<br>Irrelevant, incorrect, vague as to time and "sewage spills," a legal conclusion, mischaracterizes the evidence, more prejudicial than probative, and compound. FRE 402-403, 701, 704(a). The documents speak for themselves. FRE 1002. Legal conclusion. Based on multiple layers of inadmissible hearsay.<br><br>Contradictory Evidence:<br>Kelly Decl., ¶ 3, Exhs. A and B; Rosso Decl., ¶¶ 4, 5, 7. |
| 23. Post-1995 CD, several hundred regular sewage spills throughout O'ahu at rates exceeding 1995 CD goals. Spills closed beaches and threatened health and well-being of Hawai'i's residents and visitors.<br><br>Evidence: Declaration of Christopher Sproul ("Sproul II") , ¶¶11-17 (Docket Document No. 155-3, filed Nov. 15, 2007); Sproul II Ex. L, M, N, O | Disputed<br><br>Objection:<br>Irrelevant, vague as to time and "sewage spills," a legal conclusion, mischaracterizes the evidence, lacks foundation, calls for speculation, compound, and more prejudicial than probative. FRE 402-403, 602, 701, 704(a). The documents speak for themselves. FRE 1002. Based on multiple layers of inadmissible hearsay. |
| 24. Sewage spill due to same causes as 1995 CD: sewer line blockages, pump station failures, collapsing sewer lines, and excessive I/I; raw sewage spills into public streets, streams, beaches, the ocean, and other publicly accessible areas.<br><br>Evidence: Sproul II, ¶16 | Disputed<br><br>Objection:<br>Irrelevant, vague as to time and "sewage spill(s)," a legal conclusion, lacks foundation, calls for speculation, and more prejudicial than probative. FRE 402-403, 602, 701, 704(a). Assertion supported not by evidence but only by declaration of counsel. |

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
|  | FRCP 56(e); <u>Carrillo</u>, 353 F.3d at 1079. Based on multiple layers of inadmissible hearsay. |
| 25.  May 8, 2007, EPA/DOH brought enforcement case against CCH for **one** spill violation, *United States v. CCH*, Civ. No. 07-00235 DAE-KSC ("*EPA II*") (injunctive relief for 48 million gallon raw sewage spill into Ala Wai Canal March 26-30, 2006 from Beachwalk force main rupture).<br><br>Evidence:  Sproul II, ¶8, Ex.D | Disputed<br><br>Objection:<br>Irrelevant, more prejudicial than probative.  FRE 402-403.  Not best evidence.  FRE 1002.  The document speaks for itself.  FRE 1002.  Legal conclusion. |
| 26.  EPA/DOH filed *EPA II* complaint and lodged Stipulated Order purporting to resolve **one** asserted claim, but: (a) requires CCH remedial action on six force main lines: Beachwalk, Ala Moana, Old Hart Street, Kailua/Kaneohe, Waimalu, and Kahala lines over 11 years (2007-2018); (b)recognizes CCH does not admit for Beachwalk spill liability; (c) imposes no civil penalties; (d)requires no SEPs in lieu of penalties.<br><br>Evidence:  Sproul II, ¶8 and Ex. E to Sproul II | Disputed<br><br>Objection:<br>Irrelevant, more prejudicial than probative, and a legal conclusion.  FRE 402-403.  The document speaks for itself.  FRE 1002.  Legal conclusion. |
| 27.  Court entered Stipulated Order (October 10, 2007).<br><br>Evidence:  Sproul II, ¶8; Ex. F | Disputed<br><br>Objection:<br>Irrelevant.  FRE 402. |
| 28.  Honouliuli, Sand Island, Kailua, and Wa'ainae NPDES Permits authorize treated sewage discharge to WWTP's deep ocean outfalls, subject to effluent limitations, prohibitions, and other | Disputed<br><br>Objection:<br>Irrelevant, and a legal conclusion.  FRE 402, 701, 704(a).  Assertion supported not by evidence but only by declaration |

8

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| requirements.<br><br>Evidence: Isaacs, ¶28 | of counsel. FRCP 56(e); <u>Carrillo</u>, 353 F.3d at 1079. |
| 29. DOH maintains electronic database (reported sewage spills and bypasses) showing: date spills begin, date ended, spill location, quantity, type of wastewater spilled (raw sewage, partially treated sewage), whether spill entered storm drain/waterway, whether warning signs posted, cause of overflow, and other information.<br><br>Evidence: Isaacs ¶¶37-43, Ex.5A&5B | <u>Disputed</u><br><br><u>Objection</u>:<br>Irrelevant, and vague as to "sewage spills." FRE 402-403. The documents speaks for themselves. FRE 1002. Based on multiple layers of inadmissible hearsay. |
| 30. DOH database shows 880 spills or bypass incidents reported to DOH (May 30, 1999 to December 31, 2007).<br><br>Evidence: Isaacs ¶37, 40, 41; Ex.5A&5B | <u>Disputed</u><br><br><u>Objection</u>:<br>Irrelevant, incorrect, mischaracterizes evidence, more prejudicial than probative, and vague as to time and "spills." FRE 402-403. The documents speaks for themselves. FRE 1002. Based on multiple layers of inadmissible hearsay.<br><br><u>Contradictory Evidence</u>:<br>Kelly Decl., ¶ 3, Exhs. A and B; Rosso Decl., ¶¶ 4, 5, 7. |
| 31. CCH did not receive authorization for any spill or bypass incidents described in Table 1.<br><br>Evidence: Isaacs ¶55 | <u>Disputed</u><br><br><u>Objection</u>:<br>Irrelevant, vague as to "spill," and a legal conclusion. FRE 402-403, 701, 704(a). Assertion supported not by evidence but only by declaration of counsel. FRCP 56(e); <u>Carrillo</u>, 353 F.3d at 1079. Speculative, legal conclusion and based on hearsay. |

9

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
|---|---|
| 32.  CCH failed to submit Q/Reports to DOH/EPA (January 1, 2006 to September 30, 2007.<br><br>Evidence:  Isaacs ¶¶11-21 | Disputed<br><br>Objection:<br>Irrelevant.  FRE 402.  Based on hearsay.  FRE 802.  Assertion supported not by evidence but only by declaration of counsel.  FRCP 56(e); Carrillo, 353 F.3d at 1079. |
| 33.  CCH reported 278 total sewage spill or overflow violations from collection system; 23 sewage spill or overflow violations from WWTPs; 31 bypass violations: 332 total violations (May 30, 1999 - December 31, 2007.<br><br>Evidence:  Isaacs ¶¶46-50 | Disputed<br><br>Objection:<br>Irrelevant, incorrect, mischaracterizes evidence, vague as to time and "sewage spill" and "violations."  FRE 402-403.  Assertion supported not by evidence but only by declaration of counsel.  FRCP 56(e); Carrillo, 353 F.3d at 1079.  Based on multiple layers of inadmissible hearsay. |
| 34.  CCH reported 207 total sewage spills to ground (May 30, 1999 - December 31, 2007).<br><br>Evidence:  Isaacs ¶¶51-54 | Disputed<br><br>Objection:<br>Irrelevant, incorrect, mischaracterizes evidence, vague as to time and "sewage spill."  FRE 402-403.  Assertion supported not by evidence but only by declaration of counsel.  FRCP 56(e); Carrillo, 353 F.3d at 1079.  Based on |

A/72566221.1/2017866-0000309724

| PLAINTIFFS' "FACTS" | CCH's RESPONSE |
| --- | --- |
| | multiple layers of inadmissible hearsay. |

DATED:      June 12, 2008          Respectfully submitted,

                                   CARRIE OKINAGA
                                   Corporation Counsel

                                   By:  /s/Kathleen A. Kelly
                                        Kathleen A. Kelly
                                        Attorneys for Defendant
                                        City and County of Honolulu

11