CHRISTOPHER SPROUL
Environmental Advocates
5135 Anza Street
San Francisco, California  94121
Tel:  (415) 553-3376
Fax:  (415) 358-5695
E-mail: csproul@enviroadvocates.com

PAUL ALSTON          1259-0
WILLIAM TAM          1887-0
BLAKE K. OSHIRO      6746-0
Alston Hunt Floyd & Ing
Attorneys At Law
ASB Tower, 18th Floor
1001 Bishop Street
Honolulu, Hawaiʻi  96813
Tel:  (808) 524-1800
Fax:  (808) 524-5976
Email: palston@ahfi.com
       wtam@ahfi.com
       boshiro@ahfi.com

Attorneys for Applicants
SIERRA CLUB, HAWAIʻI CHAPTER,
HAWAIʻI'S THOUSAND FRIENDS and
OUR CHILDREN'S EARTH FOUNDATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SIERRA CLUB, HAWAIʻI CHAPTER; HAWAIʻI'S THOUSAND FRIENDS; and OUR CHILDREN'S EARTH FOUNDATION,<br><br>            Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU and FRANK DOYLE, DIRECTOR OF THE DEPARTMENT OF ENVIRONMENTAL SERVICES, in his official capacity,<br><br>            Defendants. | Civil No. 04-00463 DAE-BMK<br><br>**PLAINTIFFS' REPLY SEPARATE AND CONCISE STATEMENT OF FACTS TO DEFENDANT CITY AND COUNTY OF HONOLULU'S OPPOSING CONCISE STATEMENT; DECLARATION OF JODENE ISAACS; EXHIBITS 1 – 11; CERTIFICATE OF WORD COUNT; CERTIFICATE OF SERVICE** |

680979-1 / 7502-3

**PLAINTIFFS' REPLY SEPARATE AND CONCISE STATEMENT OF FACTS TO DEFENDANT CITY AND COUNTY OF HONOLULU'S OPPOSING CONCISE STATEMENT**

Pursuant to Local Rule 56.1 and to this Court's Order Granting Plaintiff's *Ex Parte* Motion for Leave to File Reply Separate and Concise Statement of Facts Exceeding Page Limits and Word Counts, Plaintiffs file this Reply Separate and Concise Statement of Facts ("Reply SCSF").[1]

This Reply SCSF is in response to Defendant City and County of Honolulu's ("CCH") Opposing Separate and Concise Statement of Facts and objections (filed June 12, 2008)("CCH SCSF").

First, CCH's SCSF presents no material facts to dispute or oppose the facts in Plaintiff SCSF Facts Nos. 1-15, 17, 18, 23 to 29, 31-34. The faiure to state contrary material facts as required by Local Rule 56.1, facts should be treated by the court as an admission that there is no genuine issue of material facts on these points.

Second, on each of these points, CCH raises only evidentiary objections, and with rare exception, the same objections: FRE 402 (all relevant evidence is admissible); 403 (confusion, prejudice, or waste of time is basis fore exclusion), 701 (opinion testimony of lay witnesses is limited); 704(a) (opinion of ultimate issue of fact is admissible) and 1002 (original generally required, except copy of public documents acceptable

---

[1] Table of Terms is attached as Exhibit "A."

680979-1 / 7502-3                       2

under FRE 901, 902, and 1003).  These are issues for CCH's memorandum, not its SCSF.

Third, when CCH SCSF does refer to facts in paragraphs 16, 19-22, and 3, in each instance, the reference is identical: Kelly Declaration, paragraph 3, Exhibit A (chart titled "Factual disputes regarding claim 1") and Exhibit B (list of 58 dates titled "Factual disputes regarding claim 2"); and Russo Declaration, paragraphs 4, 5, and 7 (addressing only the July 4, 2003 Kailua Pump Station spill).

Plaintiff's Reply to CCH's Opposition SCSF is presented in the chart below:

| PLAINTIFFS' SCSF FACT NO. | CCH OPPOSITION | SIERRA CLUB REPLY |
|---|---|---|
| 1.  Honouliuli requires CCH to report all CCH noncompliance: sewage spills, overflows, bypasses that may endanger human health or environment. Declaration of Jodene Isaacs ("Isaacs") ¶28, 29, Ex.1 at 27697 (All References are to Exhibits attached to Isaacs Declaration unless otherwise noted) | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant, a legal conclusion, vague as to "sewage spills," and mischaracterizes evidence.  FRE 402-403, 701, 704(a).  The document speaks for itself.  FRE 1002. | Evidentiary objections do not constitute "material facts" in dispute under L.R. 56.1(b); copies of public documents are admissible e and self authenticating (hereinafter: "Evidentiary objection only; public document") |
| 2.  Sand Island requires CCH submit reports:  sewage spills to waters from | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant, a legal | Evidentiary objection only; public document |

| | | |
|---|---|---|
| Sand Island WWTP collection system. Isaacs ¶28, 29, Ex.2 at 22973-74 | conclusion, vague as to "sewage spills." FRE 402-403, 701, 704(a).  The document speaks for itself.  FRE 1002. | |
| 3.   CCH submits monthly "WD/Report" to EPA/DOH for Honouliuli and Sand Island WWTPs/collection systems. Isaacs ¶¶28-30, Ex.4 at 35419-35524 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant.  FRE 402.  The document speaks for itself.  FRE 1002. | Evidentiary objection only; public document |
| 4.   1995 CD addressed only CCH's sewage spills to October 3, 1994 (date CD lodged). Isaacs ¶6, Ex.3 at 25168, 25109 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant, a legal conclusion, vague as to "sewage spills," and mischaracterizes evidence.  FRE 402-403, 701, 704(a).  The document speaks for itself.  FRE 1002. | Evidentiary objection only; public document |
| 5.   1995 CD (Sec. IX, ¶¶B-E ) requires CCH to submit Q/Reports of non-compliance with any requirements. Isaacs ¶7, Ex.3 at 25157-58 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant, a legal conclusion, and vague as to "requirements." FRE 402-403, 701, 704(a).  The document speaks for itself.  FRE 1002. | Evidentiary objection only; public document |
| 6.   1995 CD (Sec. VII, ¶F ) mandates Q/Report by CCH of all collection system spills (dry/wet weather) and all WWTP emergency bypasses caused by infiltration and inflow. Isaacs ¶7, Ex.3 at 25142-43 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant, mischaracterizes evidence, and a legal conclusion.  FRE 402-403, 701, 704(a).  The document speaks for itself.  FRE 1002. | Evidentiary objection only; public document |

| | | |
|---|---|---|
| 7. CCH submits reports of sewage spills and bypasses with Q/Report: "Collection Systems Spills (Summary) & Treatment Plant Spills and Bypasses (Summary)." Isaacs ¶¶22-26, 47, Ex.4A-4H | <u>Disputed</u><br><br><u>Objection:</u><br>Irrelevant and vague as to "sewage spills." FRE 402-403. The documents speak for themselves. FRE 1002. | Evidentiary objection only; public document |
| 8. Sand Island prohibits unanticipated, intentional diversion of waste stream from treatment facility ("bypass") unless CCH demonstrates: bypass (1) did not exceed effluent limitation; (2) was necessary for essential maintenance to assure efficient operation; OR 1) bypass unavoidable to prevent loss of life, personal injury, or severe property damage; (2)no feasible alternatives; and (3) CCH provided notice of both within 24 hours and reported bypass. Isaacs ¶5, Ex.2 at 23001-02 | <u>Disputed</u><br><br><u>Objection:</u><br>Irrelevant and a legal conclusion. FRE 402, 701, 704(a). The document speaks for itself. FRE 1002. | Evidentiary objection only; public document |
| 9. Sand Island. In enforcement proceeding CCH has burden of proof to establish exception applies. CCH must monitor effluent discharges during bypass to prove effluent limitations met. Isaacs ¶5, Ex.2 at 23002 | <u>Disputed</u><br><br><u>Objection:</u><br>Irrelevant, a legal conclusion, and mischaracterizes evidence. FRE 402-403, 701, 704(a). The document speaks for itself. FRE 1002. | Evidentiary objection only; public document |

| | | |
|---|---|---|
| 10. Honouliuli (Sec. B. Prohibitions) prohibits "overflow" or "bypass" of treatment facilities, including "waste" collection system. Isaacs ¶4, Ex.1 at 27688 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant and a legal conclusion. FRE 402, 701, 704(a). The document speaks for itself. FRE 1002. | Evidentiary objection only; public document |
| 11. Honouliuli (Sec. A, ¶19) defines "Overflow" - intentional or unintentional diversion of flow from collection and transport systems, including pumping facilities. Isaacs ¶4, Ex.1 at 27685 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant and a legal conclusion. FRE 402, 701, 704(a). The document speaks for itself. FRE 1002. | Evidentiary objection only; public document |
| 12. Honouliuli (Sec. A, ¶2) defines "Bypass" -intentional diversion of waste stream from any portion of treatment facility whose operation is necessary to maintain compliance with terms and conditions of permit. Isaacs ¶4, Ex.1 at 27680 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant and a legal conclusion. FRE 402, 701, 704(a). The document speaks for itself. FRE 1002. | Evidentiary objection only; public document |
| 13. Honouliuli provides EPA/DOH may not take enforcement action against CCH for unanticipated bypasses if: 1) bypass was unavoidable to prevent loss of life, personal injury, or severe property damage; (2) no feasible alternatives existed; and (3) CCH provided EPA/DOH oral notice | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant and a legal conclusion. FRE 402, 701, 704(a). The document speaks for itself. FRE 1002. | Evidentiary objection only; public document |

| | | |
|---|---|---|
| within 24 hours and written explanation within five days. Isaacs ¶4 Ex.1 at 27688, 27697 | | |
| 14. Honouliuli (Sec. C, ¶2) requires CCH to "at all times, properly operate and maintain all facilities and systems of treatment and control (and related appurtenances) which are installed or used by the discharger to achieve compliance with this permit." Isaacs ¶4, Ex.1 at 27689 | <u>Disputed</u><br><br><u>Objection:</u><br>Irrelevant and a legal conclusion. FRE 402, 701, 704(a). The document speaks for itself. FRE 1002. | Evidentiary objection only; public document |
| 15. Honouliuli(Sec. C, ¶4)requires CCH operate its collection, treatment, and disposal systems in manner that precludes public contact with wastewater. Isaacs ¶¶4, Ex.1 at 27690 | <u>Disputed</u><br><br><u>Objection:</u><br>Irrelevant and a legal conclusion. FRE 402, 701, 704(a). The document speaks for itself. FRE 1002. | Evidentiary objection only; public document |
| 16. CCH's monthly WD Reports and Q/Reports 1) identify geographic location of CCH's sewage spills or bypasses, sewer line or pump station overflowed; 2) indicate total spill volume, amount removed, amount reaching waters, whether spill or bypass entered storm drain or waterbody, and name of collection system or treatment | <u>Disputed</u><br><br><u>Objection:</u><br>Irrelevant, more prejudicial than probative, and a legal conclusion. FRE 402-403, 701, 704(a). Assertion supported not by evidence but only by declaration of counsel. The Federal Rules reuqire that the moving party "shall set forth such facts as would be admissible in evidence . . . ." | Evidentiary objection only; public document; *see* June 23, 2008 Declaration of Jodene Isaacs and attached Exhibits 1-11. |

| | | |
|---|---|---|
| plant; raw or inadequately treated sewage from sewer manholes, sewer lines rupture flows, pump stations overflows, or WWTP equipment overflows, and flows into public streets, streams, beaches, ocean, and other areas outside the collection system or WWTP equipment, including other publicly accessible areas. Isaacs ¶¶22-26 | Fed. R. Civ. P. 56(e). Argument of counsel is not evidence. Carrillo-Gonzalez v. INS, 353 F.3d 1077, 1079 (9th Cir. 2003).<br><br>Contradictory Evidence: Declaration of Kathleen A. Kelly ("Kelly Decl."), ¶3, Exh. A and B. Declaration of James Rosso ("Rosso Decl."), ¶¶4, 5, 7. | |
| 17. Honouliuli, Sand Island, and 1995 CD require all reporting to be signed and certified as accurate under penalty of law. Isaacs ¶4, Ex.1 at 27700; ¶5, Ex.2 at 22992-93; ¶6, Ex.3 at 25166; ¶7©) | Disputed<br><br>Objection: Irrelevant and a legal conclusion. FRE 402, 701, 704(a). The documents speak for themselves. FRE 1002. | Evidentiary objection only; public document |
| 18. DOH's CWB database tracks all CCH spill and bypass reports pursuant to 1995 CD, Honouliuli and Sand Island, and state law. Isaacs ¶¶31-41, Ex.5A&5B; Declaration of Christopher Sproul, ¶¶9-10, 16 ("Sproul") | Disputed<br><br>Objection: Irrelevant, mischaracterizes evidence, and vague as to "CWB," "tracks," and "spill and bypass reports." FRE 402-403. The document speaks for itself. FRE 1002. The Sproul Declaration does not support statement. Based on multiple layers of inadmissible hearsay. | Evidentiary objection only; public document |
| 19. 1995 CD, Honouliuli and Sand Island, and state law specify that CCH's | Disputed<br><br>Objection: Irrelevant, | Evidentiary objection only; public document; *see* |

| | | |
|---|---|---|
| spill and bypass reports (a) identify spill source points in collection system/WWTPs; and (b) specify which waters/streams receive spill: Ahuimanu, Aiea, Ala Wai Boat Harbor, Ala Wai Canal, Enchanted Lake, Halawa, Inoanole, Kaelepulu, Kahala, Kahana, Kahanaiki, Kalawahine, Kalihi, Kana, Kanaha, Kaneohe, Kapalama Canal, Kawa, Kawainui Marsh, Kawainui, Keaahala, Keehi Lagoon, Kewalo Basin, Komo Mai Bridge Canal, Kuou, Lake Wilson (Wahiawa Reservoir), Liliha, Makakilo Gulch, Manoa, Maunalua Bay, Maunawili, Moanalua, Nanakuli, Niniko, Nuuanu, Nuupia Ponds, Pacific Ocean, Palolo, Pauoa, Puehuehu, Puekiuehu, Puha, Waiawa, Waikalua, Waikele, Waimanalo, Waiola, Waiomao, Waolani.<br>Isaacs ¶¶12-15, Ex.4, 5A&5B; Sproul ¶¶8, 9, 10, 13 | mischaracterizes evidence, a legal conclusion, and vague as to "spill and bypass reports."  FRE 402-403, 701, 704(a). The document speaks for itself.  FRE 1002. The Sproul and Isaacs Declarations do not support statements. The cited exhibits are voluminous and there is no indication where these waters/streams are located within them. <u>See generally Tolen v. Ashcroft</u>, 377 F.3d 879, 883 n.3 (8th Cir. 2004).<br><br><u>Contradictory Evidence:</u><br>Kelly Decl., ¶3, Exhs. A and B. Rosso Decl., ¶4, 5, 7. | June 23, 2008 Declaration of Jodene Isaacs and attached Exhibits 1-11. |
| 20.  Streams/water bodies:  Ahuimanu, Aiea, Ala Wai Boat Harbor, Ala Wai Canal, Enchanted Lake, Halawa, Inoanole, Kaelepulu, Kahala, Kahana, Kahanaiki, Kalawahine, Kalihi, Kana, Kanaha, Kaneohe, | <u>Disputed</u><br><br>Objection: Declaration of Matthew McGranaghan ¶¶2-3 do not address these streams/water bodies. Insufficient foundation established that witness is | Evidentiary objection only; public document; *see* June 23, 2008 Declaration of Jodene Isaacs and attached Exhibits 1-11. |

| | | |
|---|---|---|
| Kapalama Canal, Kawa, Kawainui Marsh, Kawainui, Keaahala, Keehi Lagoon, Kewalo Basin, Komo Mai Bridge Canal, Kuou, Lake Wilson (Wahiawa Reservoir), Liliha, Makakilo Gulch, Manoa, Maunalua Bay, Maunawili, Moanalua, Nanakuli, Niniko, Nuuanu , Nuupia Ponds, Palolo, Pauoa Stream, Puehuehu, Puekiuehu, Puha, Waiawa , Waikalua, Waikele, Wailupe, Waimalu, Waiola, Waiomao, and Waolani are each tributaries to or part of Pacific Ocean or navigable waters. Declaration of Matthew McGranaghan, ¶¶2-3 | reliable and unbiased. FRE 403, 602. Assertions are merely declarant's statements unsupported by any accompanying evidence. Evidentiary facts, not conclusory statements, are required to support a motion for summary judgment or adjudication. See Marshall v. E. Carroll Parish Hosp. Serv. Dist., 134 F.3d 319, 324 (5th Cir. 1998). Based on multiple layers of inadmissible hearsay. Legal conclusion.<br><br>Contradictory Evidence: Kelly Decl., ¶3, Exhs. A and B; Rosso Decl., ¶¶4, 5, 7. | |
| 21.  CCH committed 332 sewage spills or bypasses to U.S. waters (para. 21) (May 30, 1999 to Dec 31 2007). Isaacs ¶¶37-47, Ex.4, 5A&5B; Sproul ¶16 | Disputed<br><br>Objection: Irrelevant, incorrect, mischaracterizes evidence, more prejudicial than probative, vague as to time and "sewage spills," and a legal conclusion. FRE 402-403, 701, 704(a).  The documents speak for themselves.  FRE 1002. Legal conclusion. Based on multiple layers of inadmissible hearsay.<br><br>Contradictory Evidence: Kelly Decl., ¶3, Exhs. A and B; Rosso Decl., | Evidentiary objection only; public document; see June 23, 2008 Declaration of Jodene Isaacs and attached Exhibits 1-11. |

| | ¶4, 5, 7. | |
|---|---|---|
| 22.  CCH committed 207 sewage spills or overflows/bypasses from Honouliuli collection system or Honouliuli WWTP that CCH did not unambiguously report reached U.S. waters in Consent Decree Q/Reports or Honouliuli WD Reports from:  May 30, 1999 to December 31, 2005, January 2006, February 2006, March 2006, April 2006, June 2006, July 2006, October 2006, December 2006, June 2007, July 2007, August 2007 and the fourth quarter of 2007.  DOH/EPA provided Environmental Advocates copies of 1995 CD Q/Reports or Honouliuli WD Reports).  Isaacs ¶¶36-54, Ex.4,5A&5B | <u>Disputed</u><br><br><u>Objection:</u><br>Irrelevant, incorrect, vague as to time and "sewage spills," a legal conclusion, mischaracterizes the evidence, more prejudicial than probative, and compound.  FRE 402-403, 701, 704(a).  The documents speak for themselves.  FRE 1002.  Legal conclusion.  Based on multiple layers of inadmissible hearsay.<br><br><u>Contradictory Evidence:</u><br>Kelly Decl., ¶3, Exhs. A and B; Rosso Decl., ¶¶4, 5, 7. | Evidentiary objection only; public document; *see* June 23, 2008 Declaration of Jodene Isaacs and attached Exhibits 1-11. |
| 23.  Post-1995 CD, several hundred regular sewage spills throughout Oʻahu at rates exceeding 1995 CD goals.  Spills closed beaches and threatened health and well-being of Hawaiʻi's residents and visitors.  Declaration of Christopher Sproul ("Sproul II") , ¶¶11-17 (Docket Document No. 155-3, filed Nov. 15, 2007); Sproul II Ex. L, M, N, | <u>Disputed</u><br><br><u>Objection:</u><br>Irrelevant, vague as to time and "sewage spills," a legal conclusion, mischaracterizes the evidence, lacks foundation, calls for speculation, compound, and more prejudicial than probative.  FRE 402-403, 602, 701, 704(a).  The documents speak for themselves.  FRE 1002.  Based on multiple layers of | Evidentiary objection only; public document |

| | | |
|---|---|---|
| O | inadmissible hearsay. | |
| 24.  Sewage spill due to same causes as 1995 CD:  sewer line blockages, pump station failures, collapsing sewer lines, and excessive I/I; raw sewage spills into public streets, streams, beaches, the ocean, and other publicly accessible areas.<br>Sproul II, ¶16 | <u>Disputed</u><br><br><u>Objection:</u>  Irrelevant, vague as to time and "sewage spills," a legal conclusion, lacks foundation, calls for speculation, and more prejudicial than probative.  FRE 402-403, 602, 701, 704(a).  Assertion supported not by evidence but only by declaration of counsel.  FRCP 56(e); <u>Carrillo</u>, 353 F.3d at 1079.  Based on multiple layers of inadmissible hearsay. | Evidentiary objection only; public document |
| 25.  May 8, 2007, EPA/DOH brought enforcement case against CCH for **one** spill violation, *United States v. CCH*, Civ. No. 07-00235 DAE-KSC ("*EPA II*")(injunctive relief for 48 million gallon raw sewage spill into Ala Wai Canal March 26-30, 2006 from Beachwalk force main rupture).<br>Sproul II, ¶8, Ex.D | <u>Disputed</u><br><br><u>Objection:</u>  Irrelevant, more prejudicial than probative. FRE 402-403.  Not best evidence.  FRE 1002.  The document speaks for itself.  FRE 1002.  Legal conclusion. | Evidentiary objection only; public document |
| 26.  EPA/DOH filed *EPA II* complaint and lodged Stipulated Order purporting to resolve **one** asserted claim, but: (a) requires CCH remedial action on six force main lines: Beachwalk, Ala Moana, Old Hart Street, | <u>Disputed</u><br><br><u>Objection:</u>  Irrelevant, more prejudicial than probative, and a legal conclusion. FRE 402-403.  The document speaks for itself.  FRE 1002.  Legal conclusion. | Evidentiary objection only; public document |

| | | |
|---|---|---|
| Kailua/Kaneohe, Waimalu, and Kahala lines over 11 years (2007-2018); (b) recognizes CCH does not admit for Beachwalk spill liability; ©) imposes no civil penalties; (d) requires no SEPs in lieu of penalties. Sproul II, ¶8 and Ex.E to Sproul II | | |
| 27. Court entered Stipulated Order (October 10, 2007). Sproul II, ¶8; Ex.F | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant.  FRE 402. | Evidentiary objection only; public document |
| 28. Honouliuli, Sand Island, Kailua, and Wa'ainae NPDES Permits authorize treated sewage discharge to WWTP's deep ocean outfalls, subject to effluent limitations, prohibitions, and other requirements. Isaacs, ¶28 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant, and a legal conclusion.  FRE 402, 701, 704(a). Assertion supported not by evidence but only by declaration of counsel.  FRCP 56(e); <u>Carrillo</u>, 353 F.3d at 1079. | Evidentiary objection only; public document |
| 29. DOH maintains electronic database (reported sewage spills and bypasses) showing: date spills begin, date ended, spill location, quantity, type of wastewater spilled (raw sewage, partially treated sewage), whether spill entered storm drain/waterway, whether warning signs posted, cause of overflow, and other information. Isaacs ¶¶37-43, Ex.5A&5B | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant, and vague as to "sewage spills." FRE 402-403.  The documents speaks for themselves.  FRE 1002. Based on multiple layers of inadmissible hearsay. | Evidentiary objection only; public document |

| | | |
|---|---|---|
| 30. DOH database shows 880 spills or bypass incidents reported to DOH (May 30, 1999 to December 31, 2007). Isaacs ¶37, 40, 41; Ex.5A&5B | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant, incorrect, mischaracterizes evidence, more prejudicial than probative, and vague as to time and "spills." FRE 402-403. The documents speaks for themselves. FRE 1002. Based on multiple layers of inadmissible hearsay.<br><br><u>Contradictory Evidence:</u> Kelly Decl., ¶3, Exhs. A and B; Rosso Decl., ¶¶4, 5, 7. | Evidentiary objection only; public document; *see* June 23, 2008 Declaration of Jodene Isaacs and attached Exhibits 1-11. |
| 31. CCH did not receive authorization for any spill or bypass incidents described in Table 1. Isaacs ¶55 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant, vague as to "spill," and a legal conclusion. FRE 402-403, 701, 704(a). Assertion supported not by evidence but only by declaration of counsel. FRCP 56(e); <u>Carrillo</u>, 353 F.3d at 1079. Speculative, legal conclusion and based on hearsay. | Evidentiary objection only; public document |
| 32. CCH failed to submit Q/Reports to DOH/EPA (January 1, 2006 to September 30, 2007. Isaacs ¶¶11-21 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant. FRE 402. Based on hearsay. FRE 802. Assertion supported not by evidence but only by declaration of counsel. FRCP 56(e); <u>Carrillo</u>, 353 F.3d at 1079. | Evidentiary objection only; public document |

| | | |
|---|---|---|
| 33.  CCH reported 278 total sewage spill or overflow violations from collection system; 23 sewage spill or overflow violations from WWTPs; 31 bypass violations: 332 total violations (May 30, 1999 - December 31, 2007. Isaacs ¶¶46-50 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant, incorrect, mischaracterizes evidence, vague as to time and "sewage spill" and "violations."  FRE 402-403.  Assertion supported not by evidence but only by declaration of counsel.  FRCP 56(e); <u>Carrillo</u>, 353 F.3d at 1079.  Based on multiple layers of inadmissible hearsay. | Evidentiary objection only; public document |
| 34.  CCH reported 207 total sewage spills to ground (May 30, 1999 - December 31, 2007). Isaacs ¶¶51-54 | <u>Disputed</u><br><br><u>Objection:</u> Irrelevant, incorrect, mischaracterizes evidence, vague as to time and "sewage spill."  FRE 402-403. Assertion supported not by evidence but only by declaration of counsel.  FRCP 56(e); <u>Carrillo</u>, 353 F.3d at 1079.  Based on multiple layers of inadmissible hearsay. | Evidentiary objection only; public document |

Dated:  Honolulu, Hawai'i, June 23, 2008.

        /s/ William M. Tam
        CHRISTOPHER SPROUL
        Environmental Advocates

        PAUL ALSTON
        WILLIAM TAM
        BLAKE K. OSHIRO
        Alston Hunt Floyd & Ing

        Attorneys for Plaintiffs
        Sierra Club, Hawai'i, Chapter,
        Hawai`i's Thousand Friends, and Our
        Children's Earth Foundation

**EXHIBIT "A"**

**TABLE OF TERMS**

| | |
|---|---|
| CCH | Defendants City and County of Honolulu |
| CWA | Clean Water Act |
| DOH | State of Hawai'i Department of Health / Clean Water Branch |
| EPA | U.S. Environmental Protection Agency |
| NPDES | National Pollution Discharge Elimination System |
| WWTP | Wastewater treatment plant |
| Honouliuli | Honouliuli WWTP NPDES Permit No. HI0020877 |
| Sand Island | Sand Island WWTP NPDES Permit No. HI0020117 |
| SEP | Supplemental Environmental Project |
| WD/Report | Wastewater Diversion Report submitted by CCH to DOH and EPA pursuant to Honouliuli and Sand Island Permits detailing all sewage spill or treatment bypasses in given month for each treatment plant and collection system |
| 1995 CD | 1995 Consent Decree in *United States, et al. v. City and County of Honolulu*, Civ. No. 94-00765 DAE-KSC |
| Q/Report | Quarterly Report submitted by CCH to DOH and EPA pursuant to the 1995 Consent Decree that details all sewage spill or treatment bypasses from treatment plants or collection systems owned and operated by CCH in three month periods |