IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| SIERRA CLUB, HAWAI'I CHAPTER; | ) | Civil No. 04-00463 DAE/BMK |
| HAWAI'I'S THOUSAND FRIENDS; and | ) | |
| OUR CHILDREN'S EARTH FOUNDATION, | ) | **DECLARATION OF JODENE ISAACS;** |
| | ) | **EXHIBITS 1-11** |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF HONOLULU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF JODENE ISAACS**

I, JODENE ISAACS, declare as follows:

1.   I am an attorney licensed to practice in the State of California.  I am a member of the law firm Environmental Advocates.  I make this Declaration on my personal knowledge, unless otherwise stated.

2.   On May 20, 2008, Plaintiffs filed their Motion for Partial Summary Judgment on First and Second Claims ("Plaintiffs' MSJ") and the Declaration of Jodene Isaacs (Docket Document No. 178-2) ("Isaacs Original Declaration").  Paragraph 39 of the Isaacs Original Declaration indicated that Exhibits 5A and 5B (attached to that Declaration) were copies of two Microsoft Access computer files containing CCH sewage spill, overflow and bypass summary lists (collectively, "DOH's Summary Lists") prepared by the Hawai'I Department of Health ("DOH") Clean Water Branch (one for 1999; the second for 2000 onward) that DOH had sent to Environmental Advocates in response to a Hawaii Uniform

Information Practices Act, Haw. Rev. State. Chapter 92F ("UIPA") request.  Plaintiffs inadvertently failed to include these two exhibits in what it filed.  Plaintiffs meant to file these two documents as exhibits 6A and 6B, but inadvertently failed to do so.  However, Plaintiffs *did include* relevant portions of the information included in these DOH summary lists in what Plaintiffs filed as "Exhibit 5A-Table 1" to the Isaacs Original Declaration (Docket Documents Nos. 178-18, 178-19, 178-20).

The filed Exhibit 5A-Table 1 is actually what I inadvertently referred to in the Isaacs Original Declaration as "Table 1."  *See* Isaacs Original Declaration, ¶¶ 44-46.  The Isaacs Original Decl. stated that I prepared Exhibit 5A-Table 1 from these DOH summary lists.  Specifically, I edited these summary lists down to the subset of CCH sewage spills to waters for which Plaintiffs seek summary judgment. I reformatted the table for stylistic presentation and added a column to count the number of days of discharge violation.  *Id.*

Plaintiffs inadvertently failed to file the DOH summary lists as part of its exhibits to the Isaacs Original Declaration. Plaintiff did provide the Court and CCH the same relevant information in those summary lists as Exhibit 5A-Table 1.

3.  On June 23, 2008, Plaintiffs filed an Errata to Isaacs Declaration in Support of Plaintiffs' Partial Motion for Summary Judgment ("Isaacs Revised Declaration") and filed two new Exhibits 6A and 6B.  These new Exhibits are the DOH summary lists

that Plaintiffs inadvertently failed to file with the Isaacs
Original Declaration.  Plaintiffs' also filed an Errata version
of Exhibit 5A-Table 1 ("Errata Table 1") to correct immaterial
typographical errors in Exhibit 5A-Table 1.  Due to a computer
formatting error, Exhibit 5A-Table 1 truncated some of the volume
of sewage spilled for some of CCH's sewage spills.  Errata Table
1 corrects these typographical errors.  Aside from these Exhibit-
related errors, I have made no substantive changes in Isaacs
Revised Declaration to the Isaacs Original Declaration and
related exhibits.

   4.   On behalf of all Plaintiffs, I submitted another UIPA
request to DOH on May 13, 2008.  This UIPA request asked DOH for
copies of sewage spill reports submitted to DOH by the City and
County of Honolulu ("CCH").  On June 10, 2008, DOH provided to me
the following CCH sewage spill reports:

   - Honouliuli Wastestream Diversion Report, May 2006
   - Sand Island Wastestream Diversion Report, May 2006
   - Honouliuli Wastestream Diversion Report, August 2006
   - Honouliuli Wastestream Diversion Report, September 2006
   - Honouliuli Wastestream Diversion Report, March 2007
   - Honouliuli Wastestream Diversion Report, April 2007
   - Sand Island Wastestream Diversion Report, April 2007
   - Honouliuli Wastestream Diversion Report, May 2007
   - Sand Island Wastestream Diversion Report, May 2007
   - Sand Island Wastestream Diversion Report, July 2007
   - Honouliuli Wastestream Diversion Report, September 2007
   - Honouliuli Wastestream Diversion Report, October 2007
   - Sand Island Wastestream Diversion Report, October 2007
   - Honouliuli Wastestream Diversion Report, November 2007
   - Sand Island Wastestream Diversion Report, November 2007
   - Honouliuli Wastestream Diversion Report, December 2007
   - Honouliuli Wastestream Diversion Report, January 2008
   - Sand Island Wastestream Diversion Report, January 2008
   - Honouliuli Wastestream Diversion Report, February 2008
   - Sand Island Wastestream Diversion Report, February 2008

- Sand Island Wastestream Diversion Report, March 2008
- Honouliuli Wastestream Diversion Report, April 2008

Exhibit 1 attached to this Reply Declaration are true and correct copies of relevant selected pages of these CCH sewage spill reports.

5.    I am aware that CCH posts on its internet website copies of public notices of sewage spills that CCH issues to comply with DOH requirements to issue such public notices.  CCH routinely e-mailed such notices to Environmental Advocates. Environmental Advocates requested to be placed on CCH's e-mail recipient list for such notices.

On June 19, 2008, I downloaded copies of these CCH sewage spill notices from CCH's website.  Exhibit 2 attached to this Reply Declaration are true and correct copies of relevant selected pages of CCH sewage spill notices released on the following dates:

- October 13, 2002
- July 31, 2003
- September 24, 2003
- December 5, 2003
- January 2-3, 2003
- March 4-8, 2003
- May 20, 2004
- June 24, 2004
- July 22, 2004
- February 27, 2004
- January 9, 2004
- November 21, 2004
- February 2, 2005
- February 14, 2005
- February 26, 2005
- February 27, 2005
- March 3, 2006
- March 7, 2006
- March 23, 2006

        - March 31, 2006
        - July 19, 2006
        - November 1, 2006
        - November 2, 2006
        - November 21, 2006
        - November 22, 2006

The internet URL addresses for each of these notices is set forth as a footer on each of these sewage spill reports.

    6.    On behalf of all Plaintiffs, Environmental Advocates served CCH with Plaintiffs' Third Request for the Production of Documents ("RFPs") on May 14, 2008.  The RFPs asked CCH to produce copies of all reports that CCH also provided to the U.S. Environmental Protection Agency or the Hawai'i Department of Health of sewage spills, sewage overflows, or bypasses from January 1, 2006 to the present, including but not limited to any CCH report of sewage spills, sewage overflows, or bypasses to EPA or DOH pursuant to the reporting requirements of any National Pollutant Discharge Elimination System Permit issued to CCH and/or the reporting requirements of Hawai'i Revised Statutes and/or Hawai'i Administrative Rules.

    7.    In response to the RFPs, CCH provided Environmental Advocates with various CCH sewage spill reports.  Exhibit 3 attached to this Reply Declaration are true and correct copies of relevant selected pages of the following CCH sewage spill reports that CCH provided to Environmental Advocates:

        - November 1-3, 2006
        - February 13,2007
        - March 13, 2007
        - April 10, 2007

- October 30, 2007
- November 4, 2007

8.   As explained in the Reviseds Isaacs Declaration, on behalf of all Plaintiffs, Environmental Advocates submitted an additional UIPA request to the DOH Clean Water Branch on March 5, 2008 requesting that the DOH Clean Water Branch query its computer database containing sewage spill, sewage overflow, and bypass information and provide Plaintiffs with list of all sewage spills, overflows and/or bypasses reported by CCH to DOH from May 1999 to present.  Isaacs Errata Decl., ¶ 37(Docket Document No. 189-2).

DOH Environmental Health Specialist Scott Miyashiro subsequently sent Environmental Advocates via electronic mail two Microsoft Access computer files containing CCH sewage spill, overflow and bypass summary lists prepared by the Clean Water Branch-one for 1999 and the other for 2000 onward. *Id.*, ¶ 38. Exhibits 6A and 6B attached to the Revised Isaacs Declaration are true and correct copies of print-outs of these computer files. (Docket Documents No. 189-4, 189-5).

9.   In the Revised Isaacs Declaration, I used DOH's Summary Lists (Exhibits 6A and 6B to the Isaacs Errata Declaration) to prepare the Exhibit 5A-Table 1 to the Original Isaacs Declaration.  (Docket Document No. 178-18, 178-19, and 178-20.)

This Exhibit 5A-Table 1 summarized CCH's collection system sewage spills and wastewater treatment plant ("WWTP") bypasses to

waters between May 30, 1999 and December 31, 2007 as documented by DOH's Summary Lists.

10.  I reviewed the Declaration of Kathleen A. Kelly in Support of City and County of Honolulu's Opposition to Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' First and Second Claims ("Kelly Decl.") (Docket Document No. 184-2), and accompanying Exhibit A.  The Kelly Declaration and her  Exhibit A indicate that CCH disputes that some of CCH's sewage spills set forth in Exhibit 5A-Table 1 went to waters of the United States or were from CCH facilities.

11.  I compared the list of sewage spills that CCH disputes in its Exhibit A to the Kelly Declaration to my Exhibit 5A-Table 1 and produced a new table attached as Exhibit 4 to this Reply Declaration which lists only the sewage spill violations alleged by the Citizens that CCH *does not* contest.  As noted in Exhibit 4, there are a total of 109 sewage spill violations which CCH does not oppose (in Exhibit A to the Kelly Declaration or their Opposition Brief).

12.  To simplify the Court's task, Plaintiffs withdraw some violations to which CCH objected.  First, the Kelly Declaration and her Exhibit A argue CCH does not own the facilities associated with 23 spill violations described in my Exhibit 5A-Table 1.  Plaintiffs find this contention questionable.  CCH reported the sewage spills from these facilities to DOH and issued press releases about them on their website.  Plaintiffs

has information indicating that CCH operates at least some of these facilities and is thus liable under the Clean Water Act ("CWA") for unpermitted discharges to waters.  However, Plaintiffs withdraw these claims to simplify fact issues.

13.  The Kelly Declaration and Exhibit A argue that CCH should not be liable for bypasses of partially treated sewage from its WWTPs because its NPDES permits only make CCH liable for intentional bypasses and the Citizens failed to offer evidence that CCH's discharges were intentional.  While these bypasses were unlawful, the Citizens elect to withdraw their claim on these bypasses to simplify the Court's summary judgment task. There were 25 bypass related spill violations in my Exhibit 5A-Table 1.

14.  The Plaintiffs withdraw claims on 62 of the original 332 violations involving CCH sewage spills to waters of the United States alleged in the Plaintiffs original MSJ: 48 spill violations discussed in the two preceding paragraphs plus 14 additional spill violations discussed below.

However, CCH's Opposition brief is confusing. CCH objected to its liability for some of the spills pled by the Plaintiffs for multiple reasons.  Thus, when CCH objects to its liability for 24 spills because no volume of sewage discharged has been proven, 4 spills because the sewage was recovered, to 102 spills because they went only to storm drains, to 23 spills because CCH does not own the facility involved, and to 8 spills

because they reached only dry streams, *CCH does not reference discrete sets of spills but rather overlapping sets of spills.*

The total count of objections CCH discusses in the Opposition brief is not the same number as the total number of spill incidents to which CCH objects.

Plaintiffs withdraw their claims for only 62 of the original 332 spills to waters raised by their MSJ. CCH objected to some of its liability for these 62 spills for multiple reasons.

15. I supervised the preparation of Exhibit 5 attached to this Declaration. This Exhibit 5 sets forth 161 CCH sewage spill violations involving CCH discharges to waters of the United States that CCH contests in the Kelly Declaration and Exhibit A upon which Plaintiffs move for partial summary judgment. This Exhibit 5 omits the 62 violations that the Citizens no longer claim.

16. Exhibit 5 lists the date and locations of each spill incident, CCH objections (Exhibit A to the Kelly Declaration), Plaintiffs' counter-arguments, and descriptions of the spill incident from other Exhibits supporting Plaintiffs' counter-arguments. The other Exhibits that document and/or support Plaintiffs counter-arguments include:

> a. CCH's Quarterly Reports (filed as Exhibit 4A-4H of the Original Isaacs Declaration, Docket Documents Nos. 178-8 through 178-16)

> b. CCH's Monthly Wastestream Diversion Reports submitted for the Honouliuli and Sand Island WWTPs

(filed as Exhibit 4I of the Original Isaacs
Declaration, Docket Document No. 178-8 and Exhibit
1 to this Reply Declaration)

c. CCH's News Releases (Exhibit 2 to this Reply
Declaration)

d. CCH Responses to Plaintiffs' RFPs (Exhibit 3 to
this Reply Declaration)

e. DOH Spill Summary (filed as Exhibit 6A and 6B
to Isaacs Errata Declaration, Docket Documents No.
189-4 & 189-5).

Using the sum function in a computer program, I tallied the CCH

collection system sewage spill violations between May 18, 1999

and December 31, 2007 described in Exhibit 5.  I determined that

CCH had a total of 161 sewage spill violations during this time

involving discharges to waters (note: some of CCH's sewage spills

stretched over multiple days.  My count represents the total days

involved in each of CCH's sewage spills).

    17.  CCH erroneously argues that 24 of its sewage spills

should be deleted from the list of actionable CCH spills in

Exhibit 5 because Plaintiffs did not prove a specific volume of

sewage reached a water of the United States for these violations.

Opposition Brief, Page 34 of 45, Docket Document No. 184.

    I prepared the attached Exhibit 6 which sets forth:

(1) the 24 spill violations at issue with respect to this

objection, (2) CCH's objection to its liability for these spills

as set out in Exhibit A to the Kelly Declaration,(3) the citation

and relevant text of the CCH sewage spill reporting from the five

sources (a) through (e) discussed in paragraph 16 above, and (4) Plaintiffs' counter argument why each spill is a CWA violation.

18.  CCH argues 4 of the sewage spills in Exhibit 5 should be deleted from the list of actionable CCH spills because it recovered the volume of sewage spilled into the waters. Opposition Brief, Page 35 of 45, Docket Document No. 184.

The Plaintiffs withdraw their request for summary judgment on two of these spills (dated 9/28/99 and 12/29/99) due to other objections CCH raises to these spills.

I prepared the attached Exhibit 7 which sets forth: (1) the remaining 2 spill violations at issue, (2) CCH's objection to its liability for these spills as set out in Exhibit A to the Kelly Declaration,(3) the citation and relevant text of the CCH sewage spill reporting discussed in paragraph 16 above, and (4) Plaintiffs' counter argument why each spill is a CWA violation.

19.  CCH erroneously contends that 102 of its sewage spills should be deleted from the list of actionable CCH spills in Exhibit 5 because the Plaintiffs only established that these spills reached a storm drain, not the ocean, a stream, or other waterway that constitutes a water of the United States. Opposition Brief, Pages 36-37 of 45, Docket Document No. 184. The Plaintiffs withdraw their request for summary judgment on 10 of these spills.

I prepared the attached Exhibit 8 which sets forth: (1) the remaining 92 spill violations at issue, (2) CCH's objection

to its liability for these spills as set out in Exhibit A to the
Kelly Declaration, (3) the citation and relevant text of the CCH
sewage spill reporting discussed in paragraph 16 above, and (4)
Plaintiffs' counter argument why each spill is a CWA violation.

In Exhibit 8, I categorized these spills into two
categories: "C-1," which are spills that CCH clearly reported
reached either the ocean, a waterway that flows to the ocean, or
other navigable water; and "C-3" which are spills corresponding
to CCH sewage spill reports definitely establishing that CCH's
sewage spills reached storm drains that lead to Oʻahu streams and
the ocean—with the subsequent fate of these spills not clearly
reported.

Plaintiffs rely on *United States v. Eidson*, 108 F.3d
1336, 1342 (11th Cir. 1997) to establish CCH's liability for
spills in my "C-3" category.  As shown in Exhibit 8, there are 81
CCH spill violations in my "C-1" category and 11 CCH spill
violations in my "C-3" category.

20.  CCH contends that 8 of its sewage spills should be
deleted from the list of actionable CCH spills in Exhibit 5
because the spills were to dry stream beds.  Opposition Brief,
Pages 37-38 of 45, Docket Document No. 184.  The Plaintiffs
withdraw their request for summary judgment on 3 of these spills
due to other objections raised by CCH.  I prepared the attached
Table 9 which sets forth: (1) a list of the remaining 5 spills
that CCH identifies in its Kelly Declaration as at issue, (2)

CCH's objection to its liability for these spills as set out in Exhibit A to the Kelly Declaration,(3) the citation and relevant text of the CCH sewage spill reporting discussed in paragraph 16 above, and (4) Plaintiffs' counter argument why each spill is a CWA violation.

21.   CCH erroneously contends that CCH sewage spills that continued over multiple calendar days should be counted as a single CWA violation rather than a CWA violations for each of the days that CCH spilled sewage as Plaintiffs have done.   Opposition Brief, Pages 41-42 of 45, Docket Document No. 184.

I prepared the attached Table 10 which sets forth: (1) a list of CCH's sewage spills that occurred on multiple days that CCH contends should count as a single violation, (2) CCH's objection to its liability for these spills as set out in Exhibit A to the Kelly Declaration,(3) the citation and relevant text of the CCH sewage spill reporting discussed in paragraph 16 above, and (4) Plaintiffs' counter argument how many CWA violations should be assessed for each of these multi-day spills.

22.   As I explained in the Isaacs Errata Declaration, I used the CCH sewage spill reporting documents referred to in that Declaration to oversee the preparation of Exhibit 5B, Table 2 to the Isaacs Declaration (Docket Document No. 178-21) ("Original Table 2.")   The Original Table 2 summarized CCH's sewage spills or overflows/bypasses from the Honouliuli collection system or Honouliuli WWTP that CCH did not unambiguously report reached

waters in Consent Decree Quarterly Reports or Honouliuli
Wastestream Diversion Reports during the following time periods:
May 30, 1999 to December 31, 2005, January 2006, February 2006,
March 2006, April 2006, June 2006, July 2006, October 2006,
December 2006, June 2007, July 2007, August 2007 and the fourth
quarter of 2007 (i.e., the time periods for which EPA and DOH had
provided Environmental Advocates copies of Consent Decree
Quarterly Reports or Honouliuli Wastestream Diversion Reports).

    23.  In the Kelly Declaration and her Exhibit B, CCH contend
that 58 of the sewage overflow violations that the Citizens
allege under their Second Claim came from the Honouliuli WWTP
rather than the Honouliuli collection system.  CCH argues these
overflows should not be actionable because the Honouliuli NPDES
Permit only prohibits the overflow of sewage from the Honouliuli
"collection and transport systems, including the pumping
facilities."

        While the WWTPs are part of the Honouliuli sewage
transport system (they include pumps used to move Honouliuli
sewage to CCH's discharge outfall and to its wastewater recycling
distribution system), the Citizens withdraw their request for
summary judgment on these 58 overflow violations to simplify the
Court's summary judgment task.

        I prepared the Revised Table 2, attached as Exhibit 11
to this Reply Declaration which reflects the Citizen's withdrawal
of their request for summary judgment on these violations.

24. Using the sum function of a computer program, I tallied the number of CCH's sewage spills from the Honouliuli collection system in my Revised Table 2, a total of 148 spill violations.

25. As discussed above, Exhibit 4 to this Declaration depicts that CCH had 109 sewage spill violations involving spills to waters that CCH does not contest.

Exhibit 5 shows 161 sewage spill violations to waters that should be deemed established by the evidence, for a total of 270 CCH violations of CWA section 301(a) by discharging sewage to waters of the United States without NPDES permit authorization (or 259 such violations if the Court rejects the Plaintiffs' arguments based on the *Eidson* case).

Exhibit 11 depicts that CCH had 148 violations of the Honouliuli Permit by spilling sewage from the Honouliuli collection system.

The grand total is 418 CWA sewage spill violations.

I hereby declare under penalty of perjury that the foregoing is true and correct.

DATED: San Francisco, California, June 23, 2008.

*[signature]*

_____