3. The United States recently learned that the defendant in this action has raised the argument that spills from defendant's collection system, although they violate defendant's NPDES permit on its face, are not actionable unless they are spills into waters of the United States. This argument implicates the foregoing United States interests. Defendant's brief also raises other issues regarding the interpretation and application of the CWA as to which the United States has a significant interest.

4. The United States has previously addressed similar arguments in another CWA action, *United States, et al. v. City of Los Angeles*, No. 01-191-RSWL (C.D. Cal.). To illustrate the nature of the United States' interest in this matter, the brief submitted by the United States in that previous action is appended as Exhibit A.

5. It is our understanding that there is a hearing scheduled on June 30, 2008, to address defendant's motion to dismiss. The United States is not in a position to submit a brief by that date. Any draft brief must be reviewed and approved within the Department of Justice and by EPA, a process that requires significant internal coordination. The final decision as to whether to submit a brief will be made in the course of this internal coordination process.

6. A United States brief may be of significant assistance to the Court in this matter. The United States is responsible for bringing CWA enforcement actions nationwide, and frequently brings actions relating to violations of permits for municipal collection systems, including its two previous actions against the City and County of Honolulu. The Court may therefore find it beneficial to have the views of the United States available when it decides this matter.

7. By July 14, or earlier if practicable, the United States will either submit a brief as amicus curiae or notify the Court that it does not intend to do so. The United States requests that the Court defer any ruling on defendant's motion to