IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| SIERRA CLUB, HAWAI`I CHAPTER; HAWAI`I'S THOUSAND FRIENDS; AND OUR CHILDREN'S EARTH FOUNDATION,<br><br>        Plaintiffs,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU AND FRANK DOYLE, DIRECTOR OF THE DEPARTMENT OF ENVIRONMENTAL SERVICES, in his official capacity,<br><br>        Defendants.<br>_____ | CV. NO. 04-00463 DAE/BMK |

ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S
MOTION FOR PARTIAL RECONSIDERATION AND/OR
REVISION OF COURT'S NOVEMBER 18, 2008 ORDER
<u>AND REVISING THE NOVEMBER 18, 2008 ORDER ACCORDINGLY</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant City and County of Honolulu's ("CCH") motion and the supporting and opposing memoranda, the Court GRANTS CCH's Motion for Partial Reconsideration and/or Revision of this

Court's November 18, 2008 Order and revises the November 18, 2008 Order accordingly.

## BACKGROUND

The parties are very familiar with the facts of this case and so only those facts relevant to the disposition of the instant motion are recounted here. On September 22, 2008, Plaintiffs filed a motion for permanent injunctive relief essentially requesting this Court force CCH to comply with various environmental reporting laws and requirements. The Court held a hearing on November 17, 2008, in which CCH's discovery and reporting obligations were discussed at length. The next day, this Court issued an order denying Plaintiffs' motion for a permanent injunction (the "November 18, 2008 Order") on the basis that Plaintiffs could not demonstrate irreparable injury.

On December 3, 2008, CCH filed a Motion for Partial Reconsideration and/or Revision of Court's November 18, 2008 Order. (Doc. # 233.) Plaintiffs filed an opposition on December 12, 2008 (Doc. # 237) to which CCH replied on December 23, 2008 (Doc. # 245).

## STANDARD OF REVIEW

CCH moves for reconsideration of the November 18, 2008 Order pursuant to Local Rule 60.1(c) or, in the alternative, for revision of the November

18, 2008 Order pursuant to Federal Rule of Civil Procedure 54(b).  Local Rule 60.1 provides that "[m]otions for reconsideration of interlocutory orders may be brought only upon the following grounds:  (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact."  LR 60.1.

The disposition of a motion for reconsideration is within the discretion of the district court.  Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded.  Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

Federal Rule of Civil Procedure 54(b) provides that an interlocutory order "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

## DISCUSSION

CCH contend that this Court made factual errors and legal misstatements that must be addressed in order to avoid manifest injustice to CCH.  First, CCH seeks revision of the statement in the November 18, 2008 Order in which this Court stated "Plaintiffs have succeeded in demonstrating success on the

merits that CCH violated UIPA."  CCH argues this statement amounts to a ruling on the merits of Plaintiffs' UIPA claim, which was not before the Court and therefore constituted an advisory opinion.[1]

This Court notes that the statement was made within the context of a motion for a permanent injunction in which the Court must weigh "irreparable injury and the inadequacy of legal remedies."  Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982).  In order to assess the irreparable injury, the Court analyzed the viability of Plaintiffs' claims under UIPA as well as other reporting statutes.

It is also important to recognize that this Court denied Plaintiffs' motion for the permanent injunction.  Specifically, the Court found Plaintiffs' allegations of irreparable harm were without merit because Plaintiffs could achieve the same result by filing UIPA complaints rather than seeking a permanent

---

[1] CCH also argues that the statement must be stricken because this Court lacked subject matter jurisdiction.  In the first instance, as discussed more fully below, this Court did not explicitly rule on any UIPA claim, as the Court acknowledges no such direct claim was before the Court.  Moreover, had the Court in fact ruled on the merits of the UIPA claim, the underlying lawsuit and complaint were properly before the Court due to federal question jurisdiction under the Clean Water Act.  See 28 U.S.C. § 1331.  While UIPA does rest jurisdiction in state courts, the jurisdiction is not exclusive.  Haw. Rev. Stat. § 92F-15(e) ("The circuit court in the judicial circuit in which the request for the record is made, where the requested record is maintained, or where the agency's headquarters are located shall have jurisdiction over an action brought under this section.") Therefore, CCH's jurisdictional objection is unfounded.

injunction.  Therefore, any potential harm to CCH by the supposed misstatement is relatively weak.

There is, however, some evidence that Plaintiffs may have used the statement to indicate this Court actually issued a substantive ruling on the merits of a UIPA claim.  (Mot. Ex. B at 2.)  To the extent that either party construed the statement as a ruling on the merits of a UIPA claim, this Court regrets its lack of clarity.  In no way should the November 18, 2008 Order be construed as a ruling on the merits of CCH's UIPA obligations.  Therefore, in an effort to provide clarity to both parties, this Court revises its November 18, 2008 Order to strike the following sentence, found on page 12: "For these reasons, Plaintiffs have succeeded in demonstrating success on the merits that CCH violated UIPA."

That said, this Court emphasizes the admonitions it made at the hearing on the injunction motion, held on November 17, 2008.  (Transcript of hearing, Mot. Ex. A.)  Although the motion was denied, the Court stated there was evidence indicating CCH had failed to create and supply several quarterly reports as required by federal law and it expected CCH to abide by its statutory reporting obligations.  The revision in no way obviates these expectations.

Secondly, in the instant motion, CCH objected to several factual errors made by the Court in the November 18, 2008 Order.  In their Opposition,

Plaintiffs failed to respond to these assertions of factual error.  In fact, Plaintiffs apparently concede several of the errors.  (Opp'n at 3-4.)  Accordingly, this Court revises the November 18, 2008 Order to incorporate the corrections proposed by CCH in the instant motion.  The Court notes, however, that the corrections have no impact on the underlying decision in the November 18, 2008 Order or on the instant order.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion for Partial Reconsideration and/or Revision of this Court's November 18, 2008 Order and revises the November 18, 2008 Order accordingly.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 6, 2009.



_____
David Alan Ezra
United States District Judge

Sierra Club v. City and County of Honolulu, Civil No. 04-00463 DAE/BMK; ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR PARTIAL RECONSIDERATION AND/OR REVISION OF COURT'S NOVEMBER 18, 2008 ORDER AND REVISES THE NOVEMBER 18, 2008 ORDER ACCORDINGLY